EDWARD J. MCINTYRE [SBN 80402]
emcintyre@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Pacific Law Center and Solomon
Ward Seidenwurm & Smith, LLP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PACIFIC LAW CENTER, a Professional Law Corporation; and SOLOMON WARD SEIDENWURM & SMITH, LLP,

    Plaintiffs,

v.

SHAHROKH SAADAT-NEJAD, an individual,

    Defendant.

CASE NO. 07 CV 0460 L POR

COMPLAINT FOR TRADEMARK INFRINGEMENT, CYBERSQUATTING AND UNFAIR COMPETITION AND JURY DEMAND

## PREAMBLE

This case only underscores the maxim that no good deed goes unpunished.

Saadat-Nejad engaged Pacific Law Center to represent him in a criminal matter. He hired the firm at the very last minute. Nonetheless, Pacific Law Center immediately jumped in and represented him in superior court. He then fired Pacific Law Center—as was his right. It refunded to him the **whole** of the funds his family had advanced on his behalf, even though it had obviously earned some, if not all of that, of the retainer.

Saadat-Nejad then engaged in a vicious attack on Pacific Law Center and its lawyers. Pacific Law Center engaged Solomon Ward to represent it in a superior court action against Saadat-Nejad.

Solomon Ward was successful in obtaining a temporary restraining order against Saadat-Nejad. And so, he has launched a vicious attack on Solomon Ward as well.

## PARTIES

**Plaintiffs.**

1. Pacific Law Center is a professional law corporation, duly incorporated and licensed to do business in California. It has its principal place of business in San Diego. Pacific Law Center owns the service mark Pacific Law Center. It also owns the domain names "pacificlawcenter.com," "pacificlawcenter.net," "pacificlawcenter.org" and "pacificlawcenter.ws."

2. Solomon Ward Seidenwurm & Smith, LLP is a professional law corporation, licensed to do business in the State of California. It maintains its principal place of business in San Diego. Solomon Ward owns the service marks Solomon Ward Seidenwurm & Smith and Solomon Ward. Solomon Ward also owns domain names swsslaw.com and solomonward.com.

**Defendant.**

3. Shahrokh Saadat-Nejad is an individual who resides within this district. He has used Pacific Law Center and Solomon Ward's trade names and service marks in interstate commerce in violation of their rights.

4. Saadat-Nejad has also misappropriated the pacificlawcenter.com and the solomonward.com domain names.

## JURISDICTION

5. This is a civil action for, among others, claims arising under the trademark laws of the United States, 15 U.S.C. §1051, et seq. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1331, 28 U.S.C. §1338 and 15 U.S.C. §1121.

6. This Court has subject matter jurisdiction over the unfair competition claims pursuant to 28 U.S.C. §1338(b), in that these claims are joined with a substantial and related claim under the trademark laws of the United States.

7. This Court has supplemental jurisdiction over the state-law claims pursuant to the provisions of 28 U.S.C. §1367(a).

## VENUE

8. Venue in this district is proper pursuant to the provisions of 28 U.S.C. §1391(b).

## MATERIAL ALLEGATIONS

9. Pacific Law Center has been duly incorporated and authorized to do business as a professional law corporation in California under the name "Pacific Law Center."

10. Pacific Law Center registered the internet domain names "pacificlawcenter.com," "pacifidawcenter.net," "pacificlawcenter.org" and "pacificlawcenter.ws" and has at all times since maintained ownership of said domain names.

11. Pacific Law Center has been doing business as a law firm, with a practice emphasizing criminal, bankruptcy and personal injury case, in the San Diego.

12. Pacific Law Center has used the exclusive trademark "Pacific Law Center" in its professional business and in an extensive advertising and marketing campaign, including television, telephone business directories, print and various other media.

13. Pacific Law Center has used and advertised the internet domain names, and operated internet sites at the addresses, "pacificlawcenter.com," "pacificlawcenter.net,"

"pacificlawcenter.org" and "pacificlawcenter.ws" to advertise and promote its business activities as a law firm, with a practice emphasizing criminal, bankruptcy and personal injury cases.

14. Pacific Law Center has built up valuable goodwill in its service mark and trade name, "Pacific Law Center" and the public generally has come to associate its mark exclusively with Pacific Law Center's professional business in California.

15. Solomon Ward is, and has been for more than 25 years, a law firm in San Diego known and practicing throughout California and across the country.

16. Solomon Ward has used the exclusive trademarks "Solomon Ward Seidenwurm & Smith" and "Solomon Ward" in the operation of its professional business. Solomon Ward has used the internet domain names, and operated internet sites at the address, "swsslaw.com" and "solomonward.com" to make the public aware of its professional business.

17. Solomon Ward has built up valuable goodwill in its service marks and trade names "Solomon Ward Seidenwurm & Smith" and "Solomon Ward" and the general public has come to associate those names exclusively with Solomon Ward's professional business in San Diego, throughout California and across the nation.

18. On August 31, 2006, Saadat-Nejad retained Pacific Law Center to defend him against criminal charges, including, alleged violations of Vehicle Code §123152, subsections (a) and (b) and Penal Code §§415(1) and 594A(B)(2), then pending against him in San Diego and for which he was then incarcerated in the San Diego county jail.

19. Shortly thereafter, Saadat-Nejad became dissatisfied with Pacific Law Center's representation, terminated its representation of him and began a course of iconduct, including posting disparaging comments about Pacific Law Center on the internet calculated to interfere with and damage it and its business operations.

20. On September 20, 2006, Saadat-Nejad registered and obtained ownership of the internet domain name "pacificlawcenters.com," which is confusingly similar to the internet domain names registered to Pacific Law Center and sites used by it.

21. Since September 20, 2006 Saadat-Nejad has maintained registration of the internet domain name of, and operated the internet site at, "pacificlawcenters.com" with the intent of (1) intercepting actual and potential clients of Pacific Law Center and the general public who use internet search engines "key word" search features which would otherwise lead them to Pacific Law Center's internet site(s), (2) intercepting consumers who have added the letter "s" to Pacific Law Center's true internet site name(s) in attempting to find plaintiffs internet site; and (3) once consumers enter Saadat-Nejad's internet site, exposing them to its content, which is intended and designed to disparage and harm the goodwill of Pacific Law Center, attempt to dissuade actual and potential clients from doing business with Pacific Law Center and to entice them to communicate by email with Saadat-Nejad and to visit another internet site which is owned and operated by Saadat-Nejad under the internet domain name "ushostage.com."

22. On January 12, 2007, Pacific Law Center filed an action in superior court against Saadat-Nejad, case no. GIC 878352.

23. On February 23, 2007, Pacific Law Center retained Solomon Ward to represent it in that lawsuit.

24. On February 27, 2007, Solomon Ward successfully obtained a temporary restraining order against Saadat-Nejad that restrains him from:

> "Until further order of this Court Shahrokh Saadatnejad shall immediately cease using the website pacificlawcenters.com or any similar website.
>
> Until further order of this Court, Shahrokh Saadatnejad shall not use the trade name Pacific Law Center in any published communication...."

25. On March 9, 2007, the superior court extended that temporary restraining order until an April 20, 2007.

26. On March 10 or 11, 2007, Saadat-Nejad obtained a confusingly similar domain name "solomonwardlawfirm.com." Saadat-Nejad has maintained registration of that internet domain name of, and operated the internet site at solomonwardlawfirm.com with the intent of (1) intercepting actual and potential clients of Solomon Ward and the general public who use internet search engines' "keyword" search features which would otherwise

lead them to Solomon Ward's internet sites; (2) intercepting clients who have added "lawfirm" to Solomon Ward's true internet site name in an attempt to find Solomon Ward; and (3) once clients enter Saadat-Nejad internet site, exposing them to its conduct which is intended and designed to disparage and harm the goodwill of Solomon Ward, attempting to dissuade actual and potential clients from doing business with Solomon Ward and to entice them to communicate by email with Saadat-Nejad and to visit another internet site which is owned and operated by Saadat-Nejad under the internet domain name "ushostage.com."

## FIRST CLAIM FOR RELIEF

### [Trade Name Infringement & Unfair Competition - Common Law]

27. Pacific Law Center and Solomon Ward hereby incorporate by reference paragraphs 1 through 26, above.

28. Saadat-Nejad's use of the internet domain names and sites "pacificlawcenters.com" and "solomonwardlawfirm.com" constitutes an unlawful, wrongful, willful, intentional, fraudulent and malicious interference with the trademarks, service marks and trade names of Pacific Law Center and Solomon Ward and unfair competition with their business.

29. Saadat-Nejad's wrongful use of the confusingly similar internet domain name and internet sites "pacificlawcenters.com" and "solomonwardlawfirm.com" has caused, and unless enjoined by this Court will continue to cause, irreparable injury to Pacific Law Center and Solomon Ward by misleading, confusing and misdirecting its clients, potential clients and the general public, intercepting potential "hits" on Pacific Law Center and Solomon Ward's internet sites and luring them to Saadat-Nejad's internet sites at "pacificlawcenters.com," "solomonwardlawfirm.com" and "us hostage.com."

30. Pacific Law Center and Solomon Ward have no adequate remedy at law for the injuries and damages they currently suffer, since money damages will be inadequate to compensate Pacific Law Center and Solomon Ward for their loss of reputation, business, income and goodwill, and the impossibility of Pacific Law Center and Solomon Ward determining the amount of damage that they will suffer if Saadat-Nejad's conduct is not

restrained.

31. As a proximate result of Saadat-Nejad's wrongful conduct, Pacific Law Center and Solomon Ward's reputation, business, goodwill and income have all been damaged in an amount not yet fully known to Pacific Law Center and Solomon Ward and to be proven at trial.

32. The actions of Saadat-Nejad's constitute fraud, oppression and/or malice, entitling Pacific Law Center and Solomon Ward to an award of punitive and exemplary damages.

## SECOND CLAIM FOR RELIEF

### [Trade Name Infringement/Dilution and Unfair Competition]

33. Pacific Law Center and Solomon Ward hereby incorporate by reference paragraphs 1 through 32, above.

34. Saadat-Nejad's registration of the internet domain name and operation of the internet site "pacificlawcenters.com" and "solomonwardlawfirm.com" for his own purposes constitutes a statutory infringement and dilution of Pacific Law Center and Solomon Ward's service marks and trade names and acts of unfair competition, entitling them to statutory relief and remedies under the provisions of the Lanham Act governing trademark infringement and dilution and unfair competition protection injunctive relief and money damages; in an amount in excess of $75,000 exclusive of interest and costs.

## THIRD CLAIM FOR RELIEF

### [Anti-Cybersquatting Consumer Protection Act]

35. Pacific Law Center and Solomon Ward hereby incorporate paragraphs 1 through 34, above.

36. Saadat-Nejad's use of the internet domain names and sites "pacificlawcenters.com" and "solomonwardlawfirm.com" was done with a bad faith intent to benefit and profit from Pacific Law Center and Solomon Ward's, service marks and trade names, entitling Pacific Law Center and Solomon Ward to relief under the provisions of the 1999 Anti Cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d), including

injunctive relief and money damages; in an amount in excess of $75,000 exclusive of interest and costs.

### FOURTH CLAIM FOR RELIEF

### [California Unfair Trade Practices Act]

37. Pacific Law Center and Solomon Ward hereby incorporate paragraphs 1 through 36, above.

38. Saadat-Nejad's use of the internet domain names and sites "pacificlawcenters.com" and "solomonwardlawfirm.com" constitutes an unfair trade practice, entitling Pacific Law Center and Solomon Ward to relief under the provisions of California Business & Professions Code §§17200, *et seq.*, including, injunctive relief and money damages; in an amount in excess of $75,000 exclusive of interest and costs.

### FIFTH CLAIM FOR RELIEF

### [Trademark Infringement]

39. Pacific Law Center and Solomon Ward hereby incorporate paragraphs 1 through 38, above.

40. By engaging in the conduct set forth above, Saadat-Nejad has infringed Pacific Law Center and Solomon Ward's service marks and trade names in interstate commerce.

41. Saadat-Nejad's use of Pacific Law Center and Solomon Ward's names and marks is without their permission or authority and is likely to cause confusion and/or mistake and to deceive.

42. Saadat-Nejad's acts of service mark infringement were committed with full knowledge and disregard for Pacific Law Center and Solomon Ward's rights and with the intent to cause confusion and mistake and to deceive.

43. As a result of Saadat-Nejad's conduct, Pacific Law Center and Solomon Ward have suffered and will continue to suffer damage to their business, reputation and goodwill and the loss of clients they would have but for Saadat-Nejad's acts.

44. Saadat-Nejad threatens to continue to do the acts complained of and, unless and until restrained and enjoined, will continue to do so to Pacific Law Center and Solomon

P:302902.1:57122.002 -7-
COMPLAINT FOR TRADEMARK INFRINGEMENT, CYBERSQUATTING AND UNFAIR COMPETITION AND JURY DEMAND

Ward's irreparable damage.

45. Pacific Law Center and Solomon Ward's remedy is inadequate to compensate them for the injuries threatened by Saadat-Nejad's conduct, and they are, therefore, entitled to injunctive relief.

## SIXTH CLAIM FOR RELIEF

### [False Designation of Origin]

46. Pacific Law Center and Solomon Ward hereby incorporate paragraphs 1 through 45, above.

47. Saadat-Nejad's acts are in violation of 15 U.S.C. §1125(a) in that Saadat-Nejad has used a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive with respect to the affiliation, connection or association of Saadat-Nejad with Pacific Law Center and Solomon Ward and with respect to the origin, sponsorship, association, and approval of Saadat-Nejad's conduct by Pacific Law Center and Solomon Ward.

48. As a result of Saadat-Nejad's conduct, Pacific Law Center and Solomon Ward have suffered and will suffer damage to their business, reputation and goodwill and the loss of clients but for Saadat-Nejad's acts.

49. Saadat-Nejad threatens to continue to do the acts complained of, and unless restrained and enjoined, will continue to do so to Pacific Law Center and Solomon Ward's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Pacific Law Center and Solomon Ward adequate relief for such continuing acts, and to do so a multiplicity of judicial proceedings would be required. Pacific Law Center and Solomon Ward's remedy at law is inadequate to compensate them for the injuries Saadat-Nejad's conduct threatens, and Pacific Law Center and Solomon Ward are, therefore, entitled to injunctive relief.

## SEVENTH CLAIM FOR RELIEF

### [False or Misleading Description or Representation of Fact]

50. Pacific Law Center and Solomon Ward hereby incorporate paragraphs 1

through 49, above.

51. Saadat-Nejad's acts are violate of 15 U.S.C. §1125(a) in that Saadat-Nejad has used a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, mistake, and to deceive with respect to the affiliation, connection or association of Saadat-Nejad with Pacific Law Center and Solomon Ward with respect to the origin, sponsorship, association, and approval of Saadat-Nejad's conduct by Pacific Law Center and Solomon Ward.

52. As a result of Saadat-Nejad's conduct, Pacific Law Center and Solomon Ward have suffered and will suffer damage to their business, reputation and goodwill and the loss of clients and Pacific Law Center and Solomon Ward would have enjoyed but for Saadat-Nejad's acts.

53. Saadat-Nejad threatens to continue to do the acts complained of, and unless restrained and enjoined, will continue to do so to Pacific Law Center and Solomon Ward's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Pacific Law Center and Solomon Ward adequate relief for such continuing acts, and to do so a multiplicity of judicial proceedings would be required. Pacific Law Center and Solomon Ward's remedy at law is inadequate to compensate them for the injuries Saadat-Nejad's conduct threatens, and Pacific Law Center and Solomon Ward's is, therefore, entitled to injunctive relief.

### EIGHTH CLAIM FOR RELIEF

#### [Infringement of Common Law Rights]

54. Pacific Law Center and Solomon Ward hereby incorporate paragraphs 1 through 53, above.

55. These acts of Saadat-Nejad constitute unfair competition and an infringement of Pacific Law Center and Solomon Ward's common-law rights in their marks.

56. As a result of Saadat-Nejad's acts as alleged, Pacific Law Center and Solomon Ward's have suffered and will suffer damage to their business, reputation and goodwill and with the loss of clients Pacific Law Center and Solomon Ward would have made but for

Saadat-Nejad's acts.

57. Saadat-Nejad threatens to continue to do the acts complained of, and unless enjoined, will continue to do so to Pacific Law Center and Solomon Ward's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Pacific Law Center and Solomon Ward adequate relief for such continuing acts, and to do so a multiplicity of judicial proceedings would be required. Pacific Law Center and Solomon Ward's remedy at law is inadequate to compensate them for the injuries Saadat-Nejad's conduct threatens, and Pacific Law Center and Solomon Ward are, therefore, entitled to injunctive relief.

## NINTH CLAIM FOR RELIEF

### [False Designation of Origin]

58. Pacific Law Center and Solomon Ward hereby incorporate paragraphs 1 through 57, above.

59. Saadat-Nejad has made use of marks that Pacific Law Center and Solomon Ward own in connection with services in interstate commerce. Saadat-Nejad's conduct violates the Lanham Act §43(c) in that he has caused dilution of quality of Pacific Law Center and Solomon Ward's service marks, all to Pacific Law Center and Solomon Ward's irreparable injury and damage.

60. Saadat-Nejad's acts have lessened the capacity of Pacific Law Center and Solomon Ward's famous marks to identify and distinguish Pacific Law Center and Solomon Ward's services. Saadat-Nejad's acts have blurred the unique association which had existed between Pacific Law Center and Solomon Ward's service marks and the services they offer, market and distribute under those service marks.

61. Pacific Law Center and Solomon Ward's service marks are distinct and famous marks. The Pacific Law Center and Solomon Ward's marks are inherently strong and distinctive, have long been used in connection with services with which they appears, have long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in

the trade, are in substantially exclusive use—all as alleged above. Saadat-Nejad's acts were commenced and committed beginning at a time **after** Pacific Law Center and Solomon Ward's service marks have become famous.

62. Pacific Law Center and Solomon Ward are informed and believe that Saadat-Nejad committed these acts willfully and with the intent to trade on Pacific Law Center and Solomon Ward's reputation and to cause dilution of Pacific Law Center and Solomon Ward's famous marks.

63. As a result of Saadat-Nejad's acts, Pacific Law Center and Solomon Ward have suffered and will continue to suffer damage to their business, reputation and goodwill and the loss of clients that Pacific Law Center and Solomon Ward would have enjoyed but for Saadat-Nejad's acts. Saadat-Nejad threatens to continue to do the acts complained of, and unless enjoined, will continue to do so to Pacific Law Center and Solomon Ward's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Pacific Law Center and Solomon Ward adequate relief for such continuing acts, and to do so a multiplicity of judicial proceedings would be required. Pacific Law Center and Solomon Ward's remedy at law is inadequate to compensate them for the injuries Saadat-Nejad's conduct threatens, and Pacific Law Center and Solomon Ward are, therefore, entitled to injunctive relief.

## TENTH CLAIM FOR RELIEF

### [Dilution of Mark]

64. Pacific Law Center and Solomon Ward hereby incorporates paragraphs 1 through 63, above.

65. Saadat-Nejad's acts have lessened the capacity of Pacific Law Center and Solomon Ward's famous marks to identify and distinguish Pacific Law Center and Solomon Ward's services. Saadat-Nejad's acts have blurred the unique association which had existed between Pacific Law Center and Solomon Ward's service marks and the services they offer, under those service marks.

66. Pacific Law Center and Solomon Ward's service marks are distinct and famous

marks. The Pacific Law Center and Solomon Ward marks are inherently strong and distinctive, have long been used in connection with services with which they appear, have long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use—all as alleged above. Saadat-Nejad's acts were commenced and committed beginning at a time **after** Pacific Law Center and Solomon Ward's service marks have become famous.

67. Pacific Law Center and Solomon Ward are informed and believe that Saadat-Nejad committed these acts willfully and with the intent to trade on Pacific Law Center and Solomon Ward's reputation and to cause dilution of Pacific Law Center and Solomon Ward's famous marks.

68. As a result of Saadat-Nejad's acts, Pacific Law Center and Solomon Ward have suffered and will continue to suffer damage to their business, reputation and goodwill and the loss of clients and profits that Pacific Law Center and Solomon Ward would have enjoyed but for Saadat-Nejad's acts. Saadat-Nejad threatens to continue to do the acts complained of, and unless enjoined, will continue to do so to Pacific Law Center and Solomon Ward's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Pacific Law Center and Solomon Ward adequate relief for such continuing acts, and to do so a multiplicity of judicial proceedings would be required. Pacific Law Center and Solomon Ward's remedy at law is inadequate to compensate them for the injuries Saadat-Nejad's conduct threatens, and Pacific Law Center and Solomon Ward are, therefore, entitled to injunctive relief.

### ELEVENTH CLAIM FOR RELIEF

### [Unauthorized Use of Name]

69. Pacific Law Center and Solomon Ward hereby incorporate paragraphs 1 through 68, above.

70. Saadat-Nejad's conduct as alleged constitutes the unauthorized use of the Solomon Ward name under the laws of the State of California, Civil Code §3344.

71. As a result of Saadat-Nejad's conduct, Solomon Ward has suffered and will continue to suffer damage to their reputation and goodwill and harm to their names which are famous within their profession.

72. In addition, Saadat-Nejad threatens to continue to do the acts complained of, and unless restrained and enjoined, will continue to do so to Solomon Ward's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Solomon Ward adequate relief for such continuing acts, and to do so a multiplicity of judicial proceedings would be required. Solomon Ward's remedy at law is inadequate to compensate it for the injuries Saadat-Nejad's conduct threatens, and Solomon Ward is, therefore, entitled to injunctive relief.

**PRAYER**

Wherefore, Pacific Law Center and Solomon Ward pray for relief against Shahrokh. Saadat-Nejad, as follows:

1. For preliminary and permanent injunctive relief pursuant to the provisions of 15 U.S.C. §§1116 and 1125 and state law.

2. For actual money damages according to proof; but in an amount in excess of $75,000 exclusive of interest and costs.

3. For an award of treble the amount of Pacific Law Center and Solomon Ward's actual damages.

4. For an award of punitive and exemplary damages.

5. For a finding that this case is "exceptional" and that Pacific Law Center and Solomon Ward shall be awarded their reasonable attorneys' fees.

6. For prejudgment interest.

7. For restitution.

///

///

///

///

1     8.      For attorneys fees, costs and expenses.

2     9.      And for such other and further relief as this Court deems just and proper.

DATED: March 13, 2007          SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *[signature]*
EDWARD J. MCINTYRE
Attorneys for Pacific Law Center and Solomon
Ward Seidenwurm & Smith, LLP

Pacific Law Center and Solomon Ward hereby demand a jury trial of all claims triable by a jury.

DATED: March 13, 2007          SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *[signature]*
EDWARD J. MCINTYRE
Attorneys for Pacific Law Center and Solomon
Ward Seidenwurm & Smith, LLP

| JS 44 | | CIVIL COVER SHEET | |
|---|---|---|---|
| (Rev. 07/89) | | | |

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
PACIFIC LAW CENTER, a Professional Law Corporation; and SOLOMON WARD SEIDENWURM & SMITH, LLP

**DEFENDANTS**
SHAHROKH SAADAT-NEJAD, an individual,

FILED
07 MAR 13 PM 12:14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
(619) 238-4823

**ATTORNEYS (IF KNOWN)**
'07 CV 0460 L POR

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
15 USC 1051; 28 USC 1331, 28 USC 1338 and 15 USC 1121.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [X] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (13958) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | LABOR | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000+int/costs
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ Docket Number _____

DATE: March 13, 2007
SIGNATURE OF ATTORNEY OF RECORD: /s/ Edward J. McIntyre
Edward J. McIntyre

::ODMA\PCDOCS\WORDPERFECT\228161\1 January 24, 2000 (3:10pm)

135996 $350 sdc 3/13/07

```
UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 135996 - A
March 13, 2007

Code       Case #        Qty      Amount

CV006900  3-07-CV-0460            60.00 CH
  Judge  - LORENZ
CV006400                         100.00 CH
CV510000                         190.00 CH


Total->                          350.00


FROM: CIVIL FILING
      PACIFIC LAW CENTER ET AL V.
      SHAHROKH SAADAT-NEJAD
      BC# 0403 SH
```