| | |
|---|---|
| 1 | EDWARD J. MCINTYRE [SBN 80402] |
| | emcintyre@swsslaw.com |
| 2 | SOLOMON WARD SEIDENWURM & SMITH, LLP |
| | 401 B Street, Suite 1200 |
| 3 | San Diego, California 92101 |
| | Telephone: (619) 231-0303 |
| 4 | Facsimile: (619) 231-4755 |
| 5 | Attorneys for Pacific Law Center and Solomon Ward Seidenwurm & Smith, LLP |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC LAW CENTER, a Professional Law Corporation; and SOLOMON WARD SEIDENWURM & SMITH, LLP, | CASE NO. 07-CV-00460 LAB (POR) |
| Plaintiffs, | **REPLY IN SUPPORT OF PACIFIC LAW CENTER AND SOLOMON WARD SEIDENWURM & SMITH, LLP'S** *EX PARTE* **APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION** |
| v. | |
| SHAHROKH SAADAT-NEJAD, an individual, | |
| Defendant. | Date:   March 29, 2007<br>Time:   10:00 a.m.<br>Courtroom: 9 |
| | Hon. Larry Alan Burns |

P:303749.1:57122.003                                                                 07-CV-00460 LAB (POR)
REPLY IN SUPPORT OF PACIFIC LAW CENTER AND SOLOMON WARD SEIDENWURM & SMITH, LLP'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION

# I
# INTRODUCTION

Shahrokh Saadat-Nejad is angry. He is angry at the government, state and federal. He is angry at the judiciary, in particular Judge Strauss. He is angry at Mary Prevost and Gregory Harvey. He is angry at Pacific Law Center. He is angry at Solomon Ward.

Anger, however—even justified anger—does not give Saadat-Nejad the right to cybersquat, an activity the United States Congress has specifically outlawed.[1]

Pacific Law Center and Solomon Ward are entitled to the relief they seek.

# II
# MATERIAL FACTS

There are few facts necessary to the narrow issue before this Court. Most of the facts in Saadat-Nejad's omnibus declaration are unnecessary; some are wrong. Pacific Law Center and Solomon Ward, however, will spare the Court a point-by-point rebuttal and focus on the few germane, undisputed facts.

Pacific Law Center has registered four websites and owns them: "pacificlawcenter.com," "pacificlawcenter.net," "pacificlawcenter.org" and "pacificlawcenter.ws."[2]

Solomon Ward has registered at least two websites and owns them: "swsslaw.com" and "solomonward.com."[3]

Pacific Law Center has established a secondary meaning that associates its distinctive and famous common law service mark and trade name—its firm name—with its professional practice.[4] Solomon Ward, for more than 25 years, has established a secondary meaning that associates its famous and distinctive service mark and trade name—its firm name, in its several varieties—with its professional practice.[5]

---

[1] 15 U.S.C. § 1125(d).
[2] Slattery Decl., p. 1, ¶ 6.
[3] McIntyre Decl., pp. 1-2, ¶ 10.
[4] 15 U.S.C. § 1125(c)(1); Slattery Decl. p. 1, ¶ 7.
[5] McIntyre Decl. pp. 1-2, ¶¶ 8-11.

Saadat-Nejad has no legitimate trademark, common law or registered, in any name even remotely similar to Pacific Law Center or Solomon Ward and specifically pacificlawcenters.com or pacific-law-centers.com, solomonwardlawfirm.com or solomonwardsandiego.com.

Distance himself now as he might try, Saadat-Nejad, through his then-attorney, Mary Prevost, made a half million dollar demand on Pacific Law Center to stop using pacificlawcenters.com and related sites.[6] He reiterated that demand to Mr. Slattery.[7]

### III
### SAADAT-NEJAD'S REMEDIES

Saadat-Nejad is not without remedy. If Saadat-Nejad has a claim against the United States government, he has his legal remedy. If he has a claim against Pacific Law Center, he has a legal remedy. If he has a claim against Solomon Ward—although its only involvement is representing its client, Pacific Law Center, and defending it against his conduct—he has a legal remedy.

Cybersquatting and abuse of their domain names and service marks, however, is **not** a **legal** remedy.

### IV
### SAADAT-NEJAD'S FIRST AMENDMENT RIGHTS

Saadat-Nejad has the First Amendment right to express himself. But even the First Amendment has its limitations. One cannot, with impunity, steal the trademark of another, steal copyrighted writings of anther, publish false and misleading statements about securities, misbrand drugs—and on the list goes.

Directly in point, Congress has determined—in order to protect consumers and American business, to promote growth of on-line commerce and to provide clarity for trademark owners—that it would prohibit bad faith abuse of the registration of distinctive

---

[6] Slattery Decl., Exhibit 1.
[7] Slattery Decl., p. 2, ¶ 10.

marks as internet domain names with the intent to profit from them.[8]

Hence, while Saadat-Nejad is free to liable or slander Pacific Law Center or Solomon Ward—albeit he faces the consequences in the state court defamation action—Congress has said that he cannot use their distinctive marks and their registered domain names to do so.

Time, place and matter restrictions on speech are constitutional, provided that they are "content-neutral," are "narrowly tailored to serve a substantial government interest" and allow "for reasonable alternative avenues of communication."[9]

By the Cybersquatting Act, Congress is not telling Saadat-Nejad **what** he can say about anything; it is simply telling him that he may not do so by misappropriating the service mark or trade name of another and using it as a pseudo-domain name. The legislation is "content-neutral," it "is narrowly tailored to serve a substantial governmental interest" and obviously Saadat-Nejad has all manner of "alternative avenues of communication." In short, we have a constitutionally permissible "manner" restriction.

## V
## REGISTRATION WITH THE USPTO IS IRRELEVANT

Saadat-Nejad appears to confuse registration of domain names—which both Pacific Law Center and Solomon Ward have done—and common law trademark—which both Pacific Law Center and Solomon Ward have—with filing a patent application, obtaining a federal copyright or obtaining a federal trademark registration.

Nothing in the 1999 Cybersquatting and Consumer Protection Act requires that the marks in question be federally registered; rather, they simply must be distinctive. Both Pacific Law Center and Solomon Ward meet the criteria of the Act.

## VI
## PACIFIC LAW CENTER AND SOLOMON WARD HAVE MET THE CRITERIA FOR INJUNCTIVE RELIEF UNDER THE ACT

Pacific Law Center and Solomon Ward have met the criteria that the Ninth Circuit has

---

[8] 15 U.S.C. § 1125(d); *Mattel, Inc. v. Internet Dimensions, Inc.*, 55 USPQ 2d 1620 (S.D. N.Y. 2000).
[9] *City of Renton v. Playtime Theaters, Inc.*, 475 U.S. 41, 46-49 (1986); *Fantasyland Video, Inc. v. County of San Diego*, 373 F.Supp.2d 1094, 1103-1104 (S.D. Cal. 2005).

established for injunctive relief: a strong likelihood of success on the merits, the possibility of irreparable injury, a balance of hardships in their favor; alternatively they have demonstrated a combination of probable success on the merits and the possibility of irreparable harm and certainly that serious questions are raised and the balance of hardships tips sharply in their favor.[10]

Pacific Law Center and Solomon Ward have also met the criteria that the Act itself establishes.[11]

## VII
## THIS COURT'S CODE OF CONDUCT ALSO SUPPORTS THE RELIEF THAT PACIFIC LAW CENTER AND SOLOMON WARD SEEKS

This Court has adopted a Code of Conduct.[12] Saadat-Nejad seeks to represent himself.[13] Pacific Law Center and Solomon Ward respectfully submit that he is bound by that same Code of Conduct.

Among other things, the Code of Conduct prohibits:

a. Disparag[ing] the intelligence, ethics, morals, integrity or behavior of opposing parties or counsel unless such characteristics are at issue.

b. Disparag[ing] any person's gender, race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status or sexual orientation.

Pacific Law Center and Solomon Ward respectfully submit that neither of them could say about either an opponent or a law firm representing an opponent the things that Saadat-Nejad has said about Pacific Law Center and Solomon Ward. This Court would stop it in a heartbeat—and probably impose severe sanctions as well. Saadat-Nejad, albeit a layman, should not be allowed to get away with such conduct and, under the Court's inherent power to control proceedings before it, it has the power to stop him by court order.

---

[10] See discussion in application for temporary restraining order, pp. 5 and 6.
[11] 15 U.S.C. § 1125(d)1(B); see discussion in application for temporary restraining order, pp. 5-7.
[12] Local Civil Rule 83-4.
[13] While he has no constitutional right to represent himself, (*O'Riley v. New York Times*, 692 F.2d 863 (2d Cir. 1982)) he has a statutory right to do so, 28 U.S.C. § 1654.

# VIII
# CONCLUSION

Pacific Law Center and Solomon Ward have met the criteria that the Ninth Circuit and the Act have established for injunctive relief. They respectfully request that this Court issue a temporary restraining order and set a hearing for a preliminary injunction.

DATED: March 27, 2007

Respectfully submitted,

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: /s/ Edward J. McIntyre
EDWARD J. MCINTYRE
Attorneys for Pacific Law Center and Solomon Ward Seidenwurm & Smith, LLP

**CERTIFICATE OF SERVICE**

I caused the **REPLY IN SUPPORT OF PACIFIC LAW CENTER AND SOLOMON WARD SEIDENWURM & SMITH, LLP'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION** to be served in the following manner:

<u>Electronic Mail Notice List</u>

The following are those who are currently on the list to receive e-mail notices for this case.

**Electronic Mail Notice List**
**NONE.**

I manually served the following:

Shahrokh Saadat-Nejad
3713 Mt. Ashmun Place
San Diego, CA 92111
**VIA FEDERAL EXPRESS**

/s/ Edward J. McIntyre
EDWARD J. MCINTYRE