Pacific Law Center et al v. Saadat-Nejad                    USDC SCAN INDEX SHEET                    Doc. 1

















```
JRL     4/14/99    8:41
3:99-CR-00856   USA V. HERNANDEZ
*12*
*CRMEMSUP.*
```

```
1  GRANT L. EDDY    SBN 40777
   1672 Main St., Ste. E148                99 APR 13 PM 4:41
2  Ramona, CA 92065
   Tel.: 760 789-6680
3  Fax.: 760 789-3366

4  Attorney for
   Marie Hernandez
5
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. 99cr0856JM(POR) |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |
| MARIE HERNANDEZ, | ) | 1) TO DISMISS ON GROUNDS OF ENTRAPMENT; |
| Defendant. | ) | 2) TO SEVER CASE FROM CODEFENDANTS; |
| | ) | 3) TO JOIN IN MOTIONS OF CODEFENDANTS; |
| | | 4) FOR LEAVE TO FILE FURTHER MOTIONS; |
| | | 5) FOR DISCOVERY |

TIME:
Hour:
Place:

Defendant Marie Hernandez submits the following points and authorities in support of her motions herein.

MOTION TO DISMISS -- ENTRAPMENT

A. CONTENTIONS OF FACTS:  Marie Hernandez was approached by the government's confidential informant (CI) and requested to perform unlawful acts including the acts alleged in this case.  He ingratiated himself with her sexually; he kissed her, patted her posterior, and asked her to come away with him to another place from California, and to marry him.  Acting as a CI and de facto agent of the U.S. government, he implanted in her the idea and motivation to commit the acts in question here, which she undertook therefor and committed for this reason.  Audio and video tape recordings chronicle these transactions in the purchase and sale of methamphetamines.

B. ARGUMENT:  The fundamental rationale of the entrapment defense is that a criminal defendant is not guilty if the criminal intent was implanted in her or her by the government. United States v. Stanley, 756 F.2d 1224, 1232 (5th Cir. 1985)

The initial burden of presenting evidence of entrapment rests on the defendant, who must produce evidence of both the government's inducement and his own lack of predisposition.  United States v. Busby, 780 F.2d 804, 806 (9th Cir. 1986).

It is submitted that the burden of defendant is met if the above factual contentions are true, and that upon full hearing, dismissal of all charges is called for.

2.

## MOTION TO SEVER CASE FROM CODEFENDANTS

A. ARGUMENT: The grounds for the severance of defendant's trial from that of the other defendants can be premised on either Federal Rule of Criminal Procedure 8(b) or Rule 14. 8(b) is mandatory, and Rule 14 is discretionary. It is submitted that the discretionary rule applies, and on this basis severance should be ordered.

There is substantial danger the jury may find defendant guilty by association with co-defendants if her trial is not severed.

Defendant would be "severely prejudiced by the evidence relevant only to the codefendants." Therefore it would constitute an abuse of discretion to conduct a joint trial. See United States v. Donaway, 447 F.2d 949 (1974).

## MOTION TO JOIN IN MOTIONS OF CODEFENDANTS

Defendant asks leave to join in all motions filed by codefendants herein.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Defendant requests leave to file further motions which further discovery and investigation reveal as necessary and appropriate.

3.

MOTION FOR DISCOVERY

1. Defendant's own statements and admissions

See Rule 16(a)(1)(A), Federal Rules of Criminal Procedure

A government agent's written summary of statements made to him by the defendant is a discoverable statement under this rule. United States v. Johnson, 525 F.2d 999 (2nd Circuit 1975).

2. Statements of co-defendants

It is submitted that defendant is entitled to this information on the basis of his right of confrontation by witnesses, and that this right is of constitutional dimension. See generally Bruton v. United States, 391 U.S. 123 (1968)

Defendant requests that this information be furnished forthwith in order to allow appropriate investigation of these statements.

3. Statements of witnesses

Similarly defendant should be provided with this information as soon as possible, including all particulars of the statement, verbatim, in all its recorded versions, and original transcription including any rough notes by anyone, and names, addresses, and last known phone numbers of the witness, whether or not the government intends to call them at trial. Information favorable to defendant is required to be disclosed. Brady v. Maryland, 373 U.S. 83 (1966) Material witnesses may not be secreted. United States v. Mendez-Rodriguez,

4.

4. Defendant's record

Rule 16(a)(1)(B) Federal Rules of Criminal Procedure provides that the government shall furnish a defendant a copy of his criminal record, if any.

5. Names, addresses, phone numbers of all witnesses whether or not intended to be called for trial by the government.

It is submitted a defendant's right of confrontation secured by the Sixth Amendment is diminished if his counsel does not have the opportunity to investigate witnesses prior to trial.

Therefore it is requested that this information be ordered disclosed forthwith.

It is submitted that the Jencks Act restricts the disclosure of witness statements, not their identity and present location.

The inherent power to order discovery vests in the District Courts the authority to compel pretrial disclosure of the identity of government witnesses. See, United States v. Richter, 488 F.2d 170 (1973, 9th Circuit).

6. Grand jury transcripts

Defendant requests this information be revealed on a schedule to be set at the hearing of this motion. Favorable statements by non-witnesses or prospective witnesses before the grand jury should be provided in pretrial discovery on showing of particularized need. United States v. Eisenberg, 469 F.2d 156 (1972, 8th Circuit) Dennis v.

5.

United States, 384 U.S. 871 (1966)

7. Information favorable to defendant

See Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963)

This material is requested to be provided by the government as soon as available to them.

8. Prior similar acts

Since defendant must have sufficient time to investigate any alleged prior similar acts, this information should be ordered disclosed forthwith.

9. Physical and documentary evidence

Rule 16(a)(1)(C); Brady v. Maryland, 373 U.S. 83 (1966)

10. Physical/Mental examinations, laboratory and scientific tests and experiments

Rule 16(a)(1)(D); Brady v. Maryland, supra.

This should include all tests done re: weighing of drugs.

The defense should be allowed access to drugs to conduct independent tests to corroborate government findings.

6.

CONCLUSION

Each of defendant's motions should be granted.

DATED: 4-13-99                    Respectfully submitted,

*[signature]*

Grant L. Eddy
Attorney for defendant

7.