USDC SCAN INDEX SHEET










JRL   5/7/99   15:22
3:99-CR-00856   USA V. HERNANDEZ
*19*
*CRRESPM.*

GREGORY A. VEGA
United States Attorney
TIMOTHY D. COUGHLIN
Assistant U.S. Attorney
California State Bar No. 144911
JEFFREY A. TAYLOR
Assistant U.S. Attorney
California State Bar No. 161886
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7044/557-7045

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 99cr0856-JM |
| Plaintiff, | Date: May 7, 1999<br>Time: 2:00 p.m. |
| v. | |
| BARBARA ANN GUTIERREZ, | GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY: |
| Defendant. | |
| | TOGETHER WITH FILES AND RECORDS OF THIS CASE, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Charles G. La Bella, United States Attorney, and Timothy D. Coughlin and Jeffrey A. Taylor, Assistant U.S. Attorneys, and hereby files its response and opposition to defendant' above-referenced motion. Said response is based upon the files and records of this case, together with the attached, memorandum of points and authorities, and Government's motion for reciprocal discovery.

I

STATEMENT OF THE CASE

The defendant is charged in the Indictment with conspiracy to distribute methamphetamine; and distribution of methamphetamine.

II

POINTS AND AUTHORITIES

A. <u>DISCOVERY</u>

1. <u>The Government Already Has Disclosed Information Subject To Disclosure Under Rule 16(a)(1)(A) Of The Federal Rules Of Criminal Procedure</u>

The Government already has disclosed the substance of the oral statements of the defendant made in response to questions by Government agents.

2. <u>The Government Will Comply With Rule 16(a)(1)(B)</u>

The Government has provided the prior record for the defendant. If the Government becomes aware of any additional criminal record, it will be produced. Any subsequent or prior similar acts of the defendants that the Government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided at the time the Government's trial memorandum is filed. All reports which will be the basis for such a motion will be produced two weeks prior to the scheduled trial date.

3. <u>The Government Will Comply With Rule 16(a)(1)(C)</u>

The Government will permit the defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are material to the preparation of the defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to defendant.

4. <u>The Government Will Comply With Rule 16(a)(1)(D)</u>

The Government will permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession of the Government, and by the exercise of due diligence may become known to the attorney for the Government and are material to the preparation of the defense or are intended for use by the Government as evidence-in-chief at the trial.

### 5. The Government Will Comply With Its Obligations Under Brady v. Maryland

The Government is well aware of and will fully perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. The defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the Government's case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government is not required to create exculpatory material that does not exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure).

### 6. Discovery Regarding Government Witnesses

The Ninth Circuit discussed the proper scope of discovery regarding prospective government witnesses in United States v. Jones, 612 F.2d 453 (9th Cir. 1979), cert. denied, 445 U.S. 966 (1980), stating:

> The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. § 3500, or Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Federal Rules of Criminal Procedure 16(a)(2) and (a)(3) exclude both "statements made by government witnesses or prospective government witnesses, except as provided in 18 U.S.C. § 3500 [Jencks Act]" and grand jury transcripts from the category of evidence the defense is entitled to discover before trial. This limitation has also been extended to prohibit the pretrial disclosure of the identity of government witnesses in the absence of a showing of reasonable necessity by the defense.

Id. at 454-455.

The Government therefore is not required to provide the defendant with a list of the names and addresses of the witnesses it expects to call at trial. United States v. Thompson, 493 F.2d 305, 309 (9th Cir.), cert. denied, 419 U.S. 834 (1974); United States v. Glass, 421 F.2d 832, 833 (9th Cir. 1969). In addition, agreements with witnesses need not be turned over prior to the testimony of the witness.

United States v. Rinn, 586 F.2d 113, 119 (9th Cir. 1978), cert. denied, 441 U.S. 931 (1979). Similarly, there is no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977).

The Government voluntarily will provide a tentative witness list along with the record of felony convictions and any criminal convictions that relate to false statements or perjury of prospective government witnesses at the time the Government's trial memorandum is filed. The Government will not provide the addresses of prospective Government witnesses. Evidence of juvenile adjudications generally are not admissible (Federal Rule of Evidence 609(d)) and therefore will not be revealed voluntarily to the defendant. If any such adjudications are found, the Government will reveal such information to the court for an in camera determination of their admissibility.

Production of witness statements is governed by the Jencks Act (Title 18, United States Code, Section 3500) and need occur only after the witness testifies on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986), cert. denied, 479 U.S. 1094 (1987); United States v. Mills, 641 F.2d 785, 790 (9th Cir.), cert. denied, 454 U.S. 902 (1981). Indeed, even material believed to be exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

The Government reserves the right to withhold the statements of any particular witnesses it deems necessary until after they testify. Otherwise, the Government will disclose the statements of witnesses no later than five days prior to trial, provided that defense counsel has complied with his obligations under Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel will turn over all "reverse Jencks" statements at that time. Additionally, the Government will disclose the terms of any agreements by Government agents, employees or attorneys with witnesses that testify at trial. Such information will be provided five days prior to trial.

Defendant also asks the Government for any and all records and information revealing prior "bad acts" attributable to the witnesses. The Government asks that this request be denied. First, Rule 608(b) permits use of prior acts of misconduct only when they relate to untruthfulness. Second, this request is

so overbroad, vague and general that it appears to cover everything from mass murder to parking tickets. The Government will disclose such evidence only if it reasonably relates to truthfulness.

The Government presently is not aware of any evidence that any prospective Government witness is biased against the defendant or has a motive to falsify or distort his or her testimony. The Government also is not aware of any evidence tending to show that any prospective witness' ability to perceive, remember, communicate or tell the truth is impaired. In addition, the Government will make known information that it possesses that any prospective witness ever has used a narcotic or other controlled substance, or has ever been an alcoholic.

The Government is not required to disclose all evidence it has or to make an accounting to the defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980). Accordingly, the Government objects to defendant's request for discovery concerning any individuals whom the Government does not intend to call as witnesses.

7. The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the Government has no objection to the preservation of agents' handwritten notes, it objects to defendant's requests for full production for immediate examination and inspection. If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981), cert. denied, 456 U.S. 949 (1982).

8. Defendant Is Not Entitled To Pretrial Discovery Of Grand Jury Information

To the extent the grand jury transcripts sought by defendants consist of statements of Government witnesses, otherwise subject to the Jencks Act (18 U.S.C. § 3500), disclosure may not be required except under the terms of that Act. Thus, pretrial discovery of such transcripts must be denied, and the only

*access available to the defendants are after the witness has been called by the United States and has testified on direct examination.*

In United States v. Daras, 462 F.2d 1361 (9th Cir.), cert. denied, 409 U.S. 1046 (1972), defendants were convicted of possession of cocaine with intent to distribute. On appeal, they assailed the failure of the district court to allow them access to the grand jury testimony. In a per curiam opinion, the Ninth Circuit summarily disposed of that contention, stating:

> It was not error to refuse the appellants access to the grand jury transcript. . . . *The transcript, as to witnesses other than the defendants, is covered by the Jencks Act, 18 U.S.C. § 3500, and is not available until the grand jury witness has completed his trial testimony. Here, the grand jury witness was not one called or to be called at trial.*

462 F.2d at 1362. The same view was expressed in United States v. Hearst, 412 F. Supp. 863, 869 (N.D. Cal. 1975), as well as in a number of other decisions at the appellate level. See, e.g., United States v. Campagnuolo, 592 F.2d 852, 858-61 (5th Cir. 1979); United States v. Tager, 481 F.2d 97, 100 (10th Cir. 1973), cert. denied, 415 U.S. 914 (1974); United States v. Quintana, 457 F.2d 874, 878 (10th Cir.), cert. denied, 409 U.S. 877 (1972).

The conclusion that the Jencks Act is controlling with respect to disclosure of Government witnesses' testimony before the grand jury is consistent with the purposes and scope of Rule 6(e) of the Federal Rules of Criminal Procedure. In Fund for Constitutional Government v. National Archives & Records Service, 656 F.2d 856, 868 (D.C. Cir. 1981), the court stated that the "legislative history and cases construing [Rule 6(e)] indicate that it was intended to preserve the traditional rule of grand jury secrecy with certain limited exceptions." Further, the court in United States v. Weinstein, 511 F.2d 622, 627 (2d Cir.), cert. denied, 422 U.S. 1042 (1975), stated that the Rule "was not designed as an authorization for pretrial discovery." Accordingly, the exception in Rule 6(e)(3)(C) allowing disclosure of grand jury matters on court order "in connection with a judicial proceeding" must give way to the Jencks Act unless the defendant can show "a particularized need" that outweighs the policy of grand jury secrecy. United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 979 (1985). The Government need not make a showing of a possible threat to the lives of the grand jury witnesses in order to maintain the need for secrecy. United States v. Wellington, 754 F.2d 1457, 1469 (9th Cir.), cert. denied, 474 U.S. 1032 (1985).

1  Furthermore, even if the examination of the transcript reveals <u>Brady</u> material, the transcript is still not discoverable prior to trial. When the defense seeks material that is both Jencks Act and <u>Brady</u> material, the Jencks Act controls. <u>United States v. Jones</u>, 612 F.2d 453, 455 (9th Cir. 1979), <u>cert. denied</u>, 445 U.S. 966 (1980).

Here, the defendant has offered no "particularized need" to justify disclosure of the grand jury transcript before the testimony of a grand jury witness at trial. Defendant's motion should be denied.

9. <u>Agent Personnel Files</u>

The Government will review the personnel files for government witnesses under the theory that they may contain <u>Brady</u> material. The <u>Brady</u> rule does not require the prosecutor to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deny him a fair trial. <u>United States v. Bagley</u>, 473 U.S. 667, 675 (1985).

While the prosecution must disclose any information within the possession or control of law enforcement personnel, it has no duty to volunteer information that it does not possess or of which it is unaware. <u>United States v. Hsieh Hui Mei Chen</u>, 754 F.2d 817, 824 (9th Cir. 1985), <u>cert. denied</u>, 471 U.S. 1139 (1985); <u>see also</u> <u>United States v. Gatto</u>, 763 F.2d 1040, 1048-49 (9th Cir. 1985). Furthermore, in those instances in which the requested personnel files are in the possession or control of the prosecution, the prosecutor only has a duty to disclose exculpatory information. <u>United States v. Cadet</u>, 727 F.2d 1453, 1467 (9th Cir. 1984).

The Government will conduct a review of all personnel files of prospective Government witnesses, who are employees of the United States. Further, pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>Cadet</u>, the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality." <u>Cadet</u>, 727 F.2d at 1467-68 (quoting <u>United States v. Gardner</u>, 611 F.2d 770, 774-75 (9th Cir. 1980)). If counsel for the United States is uncertain about the materiality of the information within it's possession, the material will be submitted to the Court for <u>in camera</u> inspection and review.

10. Notice of Intent to Use Evidence

The Government hereby gives notice of its intent to use all evidence produced including any and all cassette and video tapes depicting the defendant engaged in the distribution of methamphetamine as charged in the indictment. This all pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure.

11. Informant Information

The Government will produce information concerning the informant ten days before the scheduled trial date, and will produce the informant in the U.S. Attorney's Office five days before the trial.

B. GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

The Government hereby requests reciprocal discovery from the defendant pursuant to Federal Rules of Criminal Procedure 16(b) and 26.

III

CONCLUSION

For the foregoing reasons, the Government requests that defendant's motion be denied where indicated and the Government's request for reciprocal discovery be granted.

DATED: May 5, 1999.

Respectfully submitted,

GREGORY A. VEGA
United States Attorney

TIMOTHY D. COUGHLIN
Assistant U.S. Attorney

JEFFREY A. TAYLOR
Assistant U.S. Attorney

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case Nos. 99-0856-JM |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE BY MAIL |
| BARBARA ANN GUTIERREZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Deborah A. Martin, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, San Diego, California 92101-8893; I am not a party to the above-entitled action; and

On May 5, 1999, I will deposit in the United States mail at San Diego, California, in the above-entitled action, in an envelope bearing the requisite postage, a copy of Government's Response and Opposition to Defendant's Motions, for the above-mentioned defendant, addressed to Elizabeth A. Barranco, Esq., 9624 Chocolate Summit Drive, El Cajon, CA 92021, the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of May, 1999.

DEBORAH A. MARTIN