# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC LAW CENTER, a Professional Law Corporation; and SOLOMON WARD SEIDENWURM & SMITH, LLP,<br><br>         Plaintiff,<br>vs.<br><br>SHAHROK SAADAT-NEJAD, an individual,<br><br>         Defendant. | CASE NO. 07cv0460-LAB (POR)<br><br>**PRELIMINARY INJUNCTION** |

On April 26, 2007, the court convened the show cause hearing why the Temporary Restraining Order ("TRO") entered March 29, 2007 in this cybersquatting/trademark infringement action should not be converted to a Preliminary Injunction. Edward J. McIntyre, Esq. appeared for the plaintiff law firms. Defendant Shahrok Saadat-Nejad ("Saadat-Nejad") appeared *in propria persona.* In consideration of the supplemental memoranda each side filed, and for the reasons recited on the record at the TRO hearing (incorporated herein by reference) as well as at the Preliminary Injunction hearing, the court **GRANTED** the request to convert the TRO to a Preliminary Injunction.

The standard for issuing TROs and Preliminary Injunctions is the same. *See* Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under FED. RULE CIV. P. 65 must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving

party's favor. Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); *see* Nat'l Center For Immigrants Rights, Inc. v. INS, 743 F.2d 1365, 1369 (9th Cir. 1984) ("The greater the relative hardship to the moving party, the less probability of success on the merits must be shown"). Even if the court is uncertain of the moving party's likelihood of success on the merits, a TRO may still issue if the moving party convinces the court that the balance of hardship tips in its favor. *See* Southwest Voter Registration Educ. Project v. Shelley, 344 F.3d 914, 917 (9th Cir. 2003). Applying those standards, the court found plaintiffs carried their burden to demonstrate probable success on the merits and irreparable harm. The court also found the balance of hardships tips in plaintiffs' favor. The court again spent substantial time discussing with Saadat-Nejad the types of protected speech that fall outside the scope of the injunction, while delineating the prohibited activity enjoined by this Preliminary Injunction. He assured the court he understood.

For all the foregoing reasons, **IT IS HEREBY ORDERED**, until resolution of this action, Saadat-Nejad, and anyone acting in concert with him, is hereby enjoined and restrained from:

1. Registering and trafficking in any internet website or domain name that contains the words Pacific, Law and Center, with or without other words or symbols, in any respect whatsoever;

2. Registering and trafficking in any internet website or domain name that contains the words Solomon and Ward, with our without other words or symbols, in any respect whatsoever;

3. Registering and trafficking in the service mark or trade name Pacific Law Center in any respect whatsoever; and

4. Registering and trafficking in the service mark or trade name Solomon Ward or Solomon Ward Seidenwurm & Smith in any respect whatsoever.

2

07cv0460

Plaintiffs' counsel shall ensure service of this Order on Saadat-Nejad, and all other court documents, in the manner the parties have agreed on the record.

**IT IS SO ORDERED**.

DATED:  April 27, 2007

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
United States District Judge