| | |
|---|---|
| 1 | |
| 2 | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC LAW CENTER, a Professional Law Corporation; and SOLOMON WARD SEIDENWURM & SMITH, LLP,<br><br>Plaintiff,<br><br>vs.<br><br>SHAHROK SAADAT-NEJAD, an individual,<br><br>Defendant. | CASE NO. 07cv0460-LAB (POR)<br><br>**ORDER CONSTRUING FILING AND GRANTING REQUEST FOR RELIEF FROM DEFAULT** |

This matter is before the court on *pro se* defendant Shahrok Saadat-Nejad's ("Saadat-Nejad") second apparent attempt to seek relief from the May 9, 2007 Clerk's Default entered against him in this case. He presented on May 21, 2007 an "Answer" and "Response And Oppose [*sic*] Default And Motion For Case Dismissal And Declaration of Shahrokh Saadat-Nejad." The court rejected via Discrepancy Order on May 15, 2007 similar unfocused and misnomered papers Saadat-Nejad had presented for filing and attempted to explain the reasons for the rejection.

The court elects to construe Saadat-Nejad's latest "Answer" documents as a request for relief from default, and concurrently with this Order authorizes via Discrepancy Order the filing of those documents under the description "Request For Relief From Default." However, the court ignores as irrelevant and unauthorized any purported "Motion" component of those papers, including the extraneous arguments and exhibits addressing

Dockets.Justia.com

the merits of his positions in this and certain state court actions involving these parties as well as his presentation of political opinions irrelevant to the resolution of this dispute. The court also reminds Saadat-Nejad of the discussion on the record at the last hearing in this court regarding the inappropriateness and inadvisability of continuing his undisciplined propensity to include *ad hominem* aspersions on members of the bench and bar in his court papers.

Plaintiffs requested and obtained a Clerk's Entry Of Default on May 9, 2007, as Saadat-Nejad failed to file the required Answer to the Complaint, and the deadline to timely do so has passed. The court **GRANTS** Saadat-Nejad relief from the Default, but only in consideration of the procedural history of this action, in particular the several actual appearances by this *pro se* defendant who clearly has intended to defend the action from its inception. In particular, the docket substantiates TRO and Preliminary injunction hearings have been held since the March 13, 2007 filing of the Complaint. Saadat-Nejad filed responsive papers and personally appeared at those motion hearings. He also participated in a settlement conference with the magistrate judge assigned to this case in the interim between the entry of the TRO and the hearing of the Preliminary Injunction motion. Leave will be given to cure the technical defect of failure to file a mandatory responsive pleading.

For the foregoing reasons, **IT IS HEREBY ORDERED** the Clerk of Court shall set aside the Default. **IT IS FURTHER ORDERED** Saadat-Nejad shall file an Answer to the Complaint in compliance with the Federal Rules of Civil Procedure (in particular, but not limited to, Rule 8) and this court's Local Rules on or before ***June 11, 2007***. Defendant is admonished his Answer must remain narrowly focused on the purposes and restricted scope of such a pleading. Failure to timely file his Answer will result in reinstatement of the Clerk's Entry Of Default, with prejudice.

**IT IS SO ORDERED**.

DATED: May 25, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge