# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC LAW CENTER, a Professional Law Corporation; and SOLOMON WARD SEIDENWURM & SMITH, LLP,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>SHAHROK SAADAT-NEJAD, an individual,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 07cv0460-LAB (POR)<br><br>**ORDER FOLLOWING HEARING ON ORDER TO SHOW CAUSE RE CONTEMPT**<br><br>[Dkt No. 39] |

Pursuant to an Order To Show Cause ("OSC"), on July 12, 2007, the court convened the hearing of plaintiffs' contentions defendant Shahrok Saadat-Nejad ("Saadat-Nejad") has violated the April 26, 2007 Preliminary Injunction entered in this matter, to permit Saadat-Nejad to show cause why he should not be held in civil contempt. Saadat-Nejad filed a written Response, and Plaintiffs filed a brief Reply. Edward J. McIntyre, Esq. and Thomas Slattery, Esq. appeared on behalf of Plaintiffs Pacific Law Center and Solomon Ward Seidenwurm & Smith, LLP. Saadat-Nejad, proceeding *pro se*, appeared on his own behalf.

Plaintiffs are two law firms whose domain names or websites Saadat-Nejad appears to be infringing in order to divert consumers searching for Plaintiffs to his own websites critical of Plaintiffs. Plaintiffs filed Points and Authorities and an extensive evidentiary record in support of their request Saadat-Nejad be held in contempt for his continued conduct associated with registrations or trafficking in certain internet terms prohibited by the injunction Order. Saadat-Nejad insists he cannot be prohibited from trafficking in certain

Dockets.Justia.com

names or words. After hearing from the parties, and in consideration of the procedural history, prior Orders, and evidence before the court. the court made a number of findings on the record, including but not limited to:

1. Extensive colloquy occurred on the record between the court and Saadat-Nejad, both at the March 29, 2007 hearing resulting in the issuance of the Temporary Restraining Order and at the April 27, 2007 hearing resulting in the issuance of the Preliminary Injunction, to ensure he understood the kind of conduct permitted under the First Amendment and the kind of conduct the injunctions aimed to prohibit.

2. Saadat-Nejad acknowledged on the record at those prior hearings he understood what he had to stop doing in order to comply with the injunctions. The court quoted from transcripts of those proceedings at the OSC hearing. The court is certain Saadat-Nejad understood at those times what was prohibited.

3. The court also relied on the transcripts of those prior hearings to demonstrate Saadat-Nejad manifested a likelihood that he would "push the envelope" up to and including stepping on or over the line into prohibited activity, and the court expressly cautioned him at those prior hearings to avoid such conduct because of the consequences of violating court Orders, up to and including potential exposure to incarceration for civil contempt.

4. The Preliminary Injunction is clear on its face. *See* Dkt No. 26.

5. Plaintiffs have produced clear and convincing evidence that Saadat-Nejad has persisted in registering/trafficking in internet/website names and terms since the entry of the Preliminary Injunction which violate the Preliminary Injunction.

6. Saadat-Nejad has expressly revealed his conscious and belligerent intention to defy the court's Order in the future by such representations as: "I *inten[d] to register* 'Pacific Lawyers Center' as my trademark service name...." Dkt No. 41, ¶ 5, Reply To OSC.

7. As is more fully recited on the record, based on Saadat-Nejad's conduct in the presence of this court, his defiance of the prohibitions in the Preliminary Injunction, the content of his filings, and the totality of the circumstances, the court finds him to be in civil contempt of court.

1    8.  No lesser alternative than jail has had the needed effect to curb Saadat-Nejad's intentional misconduct, such as the extensive explanation, the verbal warnings, and an explanation of the serious consequences attendant on failure to respect court Orders he previously received.

9.  An Order that Saadat-Nejad be jailed for civil contempt is warranted as a coercive measure to encourage him to abandon his continuing and future planned violations of the Preliminary Injunction.

The court ordered Saadat-Nejad taken into custody from the courtroom at the conclusion of the July 12, 2007 OSC hearing. **IT IS HEREBY ORDERED** Saadat-Nejad shall remain in custody until the next scheduled hearing in this matter, set for ***Wednesday, July 25, 2007 at 12:15 p.m.*** before the undersigned District Judge in Courtroom 9 of the U.S. District Court for the Southern District of California, at which time and place the marshals shall produce him to attend and to inform the court whether he intends to continue violating the Preliminary Injunction.

**IT IS SO ORDERED**.

DATED: July 13, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge