UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC LAW CENTER, a Professional Law Corporation; SOLOMON WARD SEIDENWURM AND SMITH LLP, <br><br> Plaintiff, <br><br> v. <br><br> SHAHROKH SAADAT-NEJAD, an individual, <br><br> Defendant. | Civil No.    07-cv-0460-LAB (POR) <br><br> **CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** <br> **(Fed. R. Civ. P. 16)** <br> **(Local Rule 16.1)** <br> **(Fed. R. Civ. P. 26)** |

On August 29, 2007, the Court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Appearing before the Court were Ed McIntyre, on behalf of Plaintiff - represented at the conference by Thomas Slattery - and Defendant Shahrokh Saadat-Nejad, appearing *in pro per*.  After consulting with the attorney and *pro se* party and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1.      On or before **October 1, 2007**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **October 15, 2007**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

- 1 -                                           07cv460

2.     Each expert witness designated by a party shall prepare a written report to be provided to all other parties <u>no later than</u> **November 16, 2007**, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B).

*Except as specifically provided below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).*

3.     Any party, through any expert designated, shall in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **December 7, 2007.  Please be advised that failure to comply with expert discovery or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. Rule 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

4.     <u>All</u> discovery, including expert discovery, shall be completed on or before **January 4, 2008**.  *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of this Court no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

5.     All motions, other than motions to amend or join parties or motions in limine, shall be **<u>FILED</u>** on or before **February 4, 2008**

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **<u>Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing</u>**

**date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be up to 3 or more months. Please plan accordingly.**

6.      Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

7.      Despite the requirements of Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1(f)(6)(b) and the Standing Order in Civil Cases issued by Hon. Larry Alan Burns.

8.      All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **May 19, 2008**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.**

9.      Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **May 26, 2008.** At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

10.      The proposed final pretrial conference order, including objections any party has to any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **June 2, 2008**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a copy of the pretrial order to the pretrial conference for the Court.

11.      The final pretrial conference shall be held before the **Honorable Larry A. Burns**, United States District Court Judge, on **June 9, 2008** at **10:45 a.m**.

1    12.    If the parties wish to engage in settlement discussions at any time during the

2    pendency of this matter, they shall contact the Honorable Louisa S. Porter to schedule a Settlement

3    Conference.

4    13.    The dates and times set forth herein will not be further modified except for good

5    cause shown.

6    14.    Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case

7    hereafter.

8

9    DATED:  September 4, 2007

10

11   LOUISA S PORTER
     United States Magistrate Judge

12

13   cc:        The Honorable Larry A. Burns

14             All parties

15

16

17

18

19

20

21

22

23

24

25

26

27

28