# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC LAW CENTER, a Professional Law Corporation; and SOLOMON WARD SEIDENWURM & SMITH, LLP,<br><br>                     Plaintiffs,<br><br>    vs.<br><br><br><br>SHAHROKH SAADAT-NEJAD, an individual,<br><br>                  Defendant. | CASE NO. 07cv460<br><br>**ORDER: (1) DENYING PLAINTIFFS' MOTION FOR A PERMANENT INJUNCTION WITHOUT PREJUDICE; (2) REQUESTING PLAINTIFFS TO SHOW CAUSE AS TO WHY THIS COURT SHOULD NOT ABSTAIN AND STAY THESE PROCEEDINGS DUE TO PARALLEL STATE COURT PROCEEDINGS; AND (3) GRANTING PLAINTIFFS' MOTION FOR A SUBSTITUTION OF ATTORNEY** |

Presently before the Court are Plaintiffs' motion for a permanent injunction [Doc. No. 55], Defendant's Opposition [Doc. No. 58], and Plaintiffs' reply [Doc. No. 60.] In addition, Plaintiffs' motion for a substitution of attorney is before the Court. [Doc. No. 59.] The Court finds these matters suitable for submission on the papers and **without oral argument** pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court: (1) **DENIES** Plaintiffs' motion for a permanent injunction without prejudice; (2) **ORDERS** Plaintiffs to show cause as to why the Court should not abstain and stay these proceedings; and (3) **GRANTS** Plaintiffs' motion for a substitution of attorney.

- 1 -

Dockets.Justia.com

# BACKGROUND

On August 31, 2006, Defendant Shahrokh Saadat-Nejad retained Plaintiff Pacific Law Center to defend him against criminal charges pending in San Diego. [Pls.' Motion at 5.] Shortly thereafter, Defendant became dissatisfied with Pacific Law Center's representation, terminated its representation, and allegedly began a course of conduct that included posting disparaging comments about Pacific Law Center on the internet. [Id. at 5-6.]

On September 20, 2006, Defendant registered and obtained ownership of the internet domain name "pacificlawcenters.com." Plaintiffs argue that this domain name is confusingly similar to the internet domain name registered to Pacific Law Center, "pacificlawcenter.com." [Id. at 6.] Plaintiffs state that Defendant used this domain name to: (1) intercept actual and potential Pacific Law Center clients that conducted "key word" searches for "Pacific Law Center" on internet search engines; (2) intercept such clients that added the letter "s" to Pacific Law Center's true internet site name; and (3) to attempt to dissuade such clients from doing business with Pacific Law Center by enticing them to communicate with him and to visit another website owned by Defendant, "ushostage.com." [Id. at 6.][1] Plaintiffs state that it lost clients as a result of Defendant's misappropriation. On January 12, 2007, Pacific Law Center filed an action in San Diego Superior Court against Defendant. On February 23, 2007, Pacific Law Center retained Solomon Ward to represent it in that lawsuit. On February 27, 2007, Solomon Ward successfully obtained a restraining order against Defendant. [Id. at 6-7.]

On or about March 10, 2007, Defendant obtained a domain name titled "solomonwardlawfirm.com." Plaintiffs allege that Defendant used this domain name to disparage Solomon Ward in the same way he had disparaged Pacific Law Center. [Id. at 7-8.]

On March 13, 2007, Pacific Law Center and Solomon Ward filed a complaint in federal court against Defendant alleging, in part, trademark infringement, cybersquatting, and unfair competition. [Doc. No. 1.] On March 29, 2007, Judge Burns granted Plaintiffs' request for a temporary restraining order ("TRO"). [Doc. No. 14.] The order enjoined Defendant from:

---

[1] Plaintiffs also mention that Defendant told Pacific Law Center that if it did not pay him $500,000 he would continue to use its domain name. [Id.]

1. Registering, and trafficking in, any internet website or domain name that contains the words Pacific, Law and Center, with or without other words or symbols, in any respect whatsoever;

2. Registering, and trafficking in, any internet website or domain name that contains the words Solomon and Ward, with or without other words or symbols, in any respect whatsoever;

3. Registering and trafficking in the service mark or trade name Pacific Law Center in any respect whatsoever; and

4. Registering and trafficking in the service mark or trade name Solomon Ward or Solomon Ward Seidenwurm & Smith in any respect whatsoever.

[Id.; Pls.' Motion at 2-3.]  In granting the TRO, Judge Burns found that Plaintiffs' declarations "substantiate that Mr. Saadat-Nejad intentionally obtained and used confusing websites to discredit and disparage the two law firms."  [Id.]

On April 26, 2007, Judge Burns issued a preliminary injunction that repeated the restrictions set forth in the TRO.  [Doc. No. 26.]  On July 14, 2006, Judge Burns found Defendant in contempt of the preliminary injunction order and jailed Defendant for nearly two weeks.  [Docs. Nos. 43, 44.]  On October 2, 2007, this case was reassigned to this Court.  [Doc. No. 54.]  On November 15, 2007, Plaintiffs moved this Court to turn Judge Burns' preliminary injunction into a permanent injunction. [Doc. No. 55.]

**LEGAL STANDARD**

The Supreme Court has identified the requirements for granting permanent injunctive relief:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  See also American-Arab Anti-Discrimination Committee v. Reno, 70 F.3d 1045, 1066-67 (9th Cir. 1995) ("The requirements for the issuance of a permanent injunction are the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law.")  In addition, in seeking

[07cv460]

prospective injunctive relief, a plaintiff must allege facts that if proven would establish that he is

likely to suffer future injury if defendant is not so enjoined.  See Hodgers-Durgin v. De La Vina,

199 F.3d 1037, 1042 (9th Cir. 1999).  Thus, as the Ninth Circuit has observed:

> In a suit for prospective injunctive relief, a plaintiff is required to demonstrate a
> real and immediate threat of future injury.  City of Los Angeles v. Lyons, 461
> U.S. 95, 101-02, 103 S. Ct. 1660, 75 L. Ed.2d 675 (1983) (holding that the threat
> must be "real and immediate" as opposed to "conjectural" or "hypothetical").
> The key issue is whether the plaintiff is "likely to suffer future injury." Id. at 105,
> 103 S. Ct. 1660; see also O'Shea v. Littleton, 414 U.S. 488, 496, 498, 94 S. Ct.
> 669, 38 L. Ed.2d 674 (1974).

Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

In this regard "the court is not obliged to accept allegations of future injury which are

overly generalized, conclusory, or speculative."  Stevens v. Harper, 213 F.R.D. 358, 370 (E.D.

Cal. 2002).  See also City of Los Angeles v. Lyons, 461 U.S. 95, 105-08 (1983) (plaintiff required

to credibly allege that he faces a realistic threat of future harm from the practice he seeks to

enjoin).

Finally, the standards for permanent injunction and preliminary injunction are essentially

the same with the exception that in order for a permanent injunction to issue, plaintiff must

ultimately show actual success on the merits, instead of probable success on the merits.  Amoco

Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987) (emphasis added); see also Walsh

v. City and County of Honolulu, 460 F. Supp. 2d 1207, 1211 (D. Hawaii 2006).

**ANALYSIS**

**I.     Plaintiffs' Motion for a Permanent Injunction Is Premature**

Various courts have awarded permanent injunctive relief under similar circumstances.

However, in the majority of those cases, the plaintiffs had moved for summary judgment and had

prevailed on the merits.  E. & J. Gallo Winery v. Spider Webs, Ltd., 286 F.3d 270 (5th Cir. 2002);

Flow Control Indus. v. AMHI, Inc., 278 F. Supp. 2d 1193 (D. Wash. 2003); see also Marriott v.

County of Montgomery, 426 F. Supp. 2d 1, 11 (S.D.N.Y. 2006) ("By succeeding on their motion

for partial summary judgment, plaintiffs have also demonstrated actual success on the merits of

their claim[.] . . . Thus, plaintiffs have demonstrated that a permanent injunction is warranted.").

[07cv460]

In contrast, here, Plaintiffs have not moved for summary judgment, but have concluded that they have "demonstrated success on the merits." [Id. at 10.] The Court agrees with Judge Burns' prior order that Plaintiffs have shown a probability of success on the merits; however, this finding does not equate to "actual success" on the merits. See ACLU v. Black Horse Pike Regional Bd. of Educ., 84 F.3d 1471, 1476 (3d Cir. 1996) ("[The district court's] decision to grant a preliminary injunction was based on an assessment of the likelihood that plaintiffs would succeed on the merits, and neither constitutes nor substitutes for an actual finding that plaintiffs have succeeded on the merits and are entitled to permanent relief.") (citing Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc., 747 F.2d 844, 850 (3d Cir. 1984) ("In deciding whether a permanent injunction should be issued, the court must determine if the plaintiff has actually succeeded on the merits (i.e. met its burden of proof). If so, the court must then consider the appropriate remedy."). Therefore, the Court finds that Plaintiffs' motion for a permanent injunction is premature.

The Court recognizes that it has the power to grant summary judgment sua sponte in favor of Plaintiffs and then award permanent injunctive relief. However, "[s]ua sponte summary judgment is only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue." Oluwa v. Gomez, 133 F.3d 1237, 1239 (9th Cir. 1998) (internal citation and quotation omitted). See also Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."). Plaintiffs have not shown that Defendant, appearing pro se, has received such reasonable notice and the Court is not convinced that he has. Therefore, the Court finds it inappropriate to grant summary judgment sua sponte in favor of Plaintiffs.

## II.     Order to Show Cause Why the Court Should Not Abstain and Stay The Federal Proceedings

The Court is aware that Pacific Law Center brought an action against Defendant in San Diego Superior Court before filing its lawsuit in federal court. The state lawsuit apparently involves similar allegations and Plaintiffs note that they have already "successfully obtained a

restraining order against [Defendant]."  The Court is also aware that a trial is set in June of 2008 for that state case.  [Pls.' Motion at 7; Def.'s Opp. at 1.]  Accordingly, Plaintiffs are ordered to show cause as to why this Court should not abstain and stay these proceedings until the state case is resolved.  Plaintiffs shall file a response to this order by April 25, 2008.  The response shall not exceed 10 pages and Plaintiffs shall provide the Court a copy of the state court pleadings.

### III.    Plaintiffs' Motion for Substitution of Attorney is Granted

On March 17, 2008, Plaintiff Pacific Law Center moved to substitute Robert F. Clarke of Pacific Law Center in the place and stead of Edward J. McIntyre.  [Doc. No. 59.]  Plaintiff noted that Mr. Clarke will represent Pacific Law Center and that Mr. McIntyre will continue to represent Solomon Ward.  Good cause appearing, Plaintiffs' motion for substitution of attorney is **GRANTED**.

**CONCLUSION**

For the foregoing reasons, the Court: (1) **DENIES** Plaintiffs' motion for a permanent injunction without prejudice; (2) **ORDERS** Plaintiffs to show cause as to why the Court should not abstain and stay these proceedings; and (3) **GRANTS** Plaintiffs' motion for a substitution of attorney. The Court **VACATES** the hearing on Plaintiffs' motion for a permanent injunction that was originally set for March 28, 2008.[2]

IT IS SO ORDERED.

DATED: March 24, 2008

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

---

[2] Judge Burns stated that the preliminary injunction order remains in effect "until resolution of this action." [Doc. No. 26.] This action has not been resolved. Therefore, Defendant is reminded that he could still be found in contempt if he chooses to violate that order again.