| | |
|---|---|
| 1 | EDWARD J. MCINTYRE [SBN 80402] |
| | emcintyre@swsslaw.com |
| 2 | SOLOMON WARD SEIDENWURM & SMITH, LLP |
| | 401 B Street, Suite 1200 |
| 3 | San Diego, California 92101 |
| | Telephone: (619) 231-0303 |
| 4 | Facsimile: (619) 231-4755 |
| 5 | Attorneys for Solomon Ward Seidenwurm & Smith, LLP |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC LAW CENTER, a Professional Law Corporation; and SOLOMON WARD SEIDENWURM & SMITH, LLP, | CASE NO. 07-CV-00460 JLS (POR) |
| Plaintiffs, | **SOLOMON WARD'S RESPONSE TO THIS COURT'S MARCH 24, 2008 ORDER WHY THIS COURT SHOULD NOT ABSTAIN AND STAY THESE PROCEEDINGS** |
| v. | |
| SHAHROKH SAADAT-NEJAD, an individual, | Hon. Janis L. Sammartino |
| Defendant. | |

P:00422560:57122.003             07-CV-00460 JLS (POR)
SOLOMON WARD'S RESPONSE TO THIS COURT'S MARCH 24, 2008 ORDER WHY THIS COURT
SHOULD NOT ABSTAIN AND STAY THESE PROCEEDINGS

# I
# INTRODUCTION

Solomon Ward respectfully answers the question the Court raised. The Supreme Court has addressed the abstention question as follows:

> Abstention from the exercise of federal jurisdiction is the **exception**, not the rule. "The doctrine of abstention, under which an District Court may decline to exercise or postpone the exercise of its jurisdiction, is an **extraordinary and narrow exception** to the duty of District Court to adjudicate a controversy properly before it. **Abdication of the obligation to decide cases** can be justified under this doctrine **only in the exceptional circumstances** where the order to the parties to repair to the State court would clearly serve an important countervailing interest."[1]

The Ninth Circuit, eight months ago, reiterated this established principle:

> As virtually all cases discussing these [abstention] doctrines emphasized, the "limited circumstances in which ... abstention by federal courts is appropriate ... 'remain the exception rather than the rule.'" [Citations omitted.] And, thus, when **each** of the abstention doctrine's requirements are not **strictly met**, the doctrine should not be applied.[2]

Solomon Ward respectfully submits that we have no such exceptional and extraordinary circumstances here and that this case does not meet the "doctrine's requirements." Accordingly, the Court should not abstain and stay this action.

# II
# MATERIAL FACTS

**The State Court Case.**

On January 12, 2007, Pacific Law Center, represented by its own attorneys, filed a superior court action against Shahrokh Saadat-Nejad.[3] Solomon Ward is not, and never was, a party to that action.

---

[1] *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14 (1983), quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976), quoting *County of Allegheny v. Frank Mashuda Co.*, 260 U.S. 185, 188-189 (1959). [Emphasis added.]
[2] *Amerisourcebergen Corporation v. Roden,* 495 F.3d 1143, 1148 (9th Cir. 2007).
[3] Pacific Law Center's complaint, Notice of Lodgment, Exhibit 1. The Court's March 24th order directed plaintiffs to provide the Court with a copy of the state court pleadings. When Solomon Ward substituted out of the superior court action in favor of Pacific Law Center's own attorneys, it delivered its pleadings to Pacific Law Center's counsel. Hence, Solomon Ward will lodge superior court pleadings as best it can.

| | |
|---|---|
| 1 | On February 5, 2007, Pacific Law Center amended its complaint.[4] |
| 2 | On February 15, 2007, Solomon Ward substituted as **counsel** for Pacific Law Center |
| 3 | in the superior court action. |
| 4 | On February 27, 2008, the superior court issued an injunction.[5] |
| 5 | More recently, Solomon Ward substituted out as counsel for Pacific Law Center in |
| 6 | favor of one of Pacific Law Center's own attorneys. |
| 7 | **Federal Action.** |
| 8 | On March 13, 2007, Solomon Ward commenced this action on its own behalf |
| 9 | because of Saadat-Nejad's abuse of Solomon Ward's domain name and service mark; Pacific |
| 10 | Law Center joined as a plaintiff.[6] |
| 11 | On March 29, this Court exercised its jurisdiction and issued a temporary restraining |
| 12 | order.[7] |
| 13 | On April 27, this Court further exercised its jurisdiction and issued a preliminary |
| 14 | injunction.[8] |
| 15 | On July 16, in the further exercise of this Court's jurisdiction, it adjudicated Saadat- |
| 16 | Nejad in contempt and directed that he be incarcerated.[9] |
| 17 | On March 24, 2008, Solomon Ward substituted out as counsel for Pacific Law Center |
| 18 | in favor of one of Pacific Law Center's own attorneys. Solomon Ward's general counsel |
| 19 | continues to represent the firm in this action. |

### III
### FEDERAL LAW ALLOWS ABSTENTION ONLY IN
### EXTRAORDINARY CIRCUMSTANCES

The Supreme Court has established that:

Abstention from the exercise of federal jurisdiction is the exception, not the

---

[4] Notice of Lodgment, Exhibit 2.
[5] Notice of Lodgment, Exhibits 3, 4 and 5. The superior court later clarified or amended that injunction. Solomon Ward does not have any written order of clarification nor does it have the transcript of that hearing.
[6] Complaint, Docket No. 1.
[7] Docket No. 13.
[8] Docket No. 26.
[9] Docket No. 43.

rule. 'The doctrine of extension, under which a District Court may decline or exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." [Citations omitted.] It was **never** a doctrine of equity that a federal court should exercise its judicial discretion to dismiss [or abstain from] a suit merely because a State Court could entertain it.[10]

**The Narrow Grounds That Justify Abstention.**

Accordingly, the Court has held that abstention is appropriate **only** where (1) a state court determination of pertinent state law is at issue; or (2) difficult questions of state law bearing on substantial public policy questions transcend the federal case; or (3) the federal action would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern; or (4) a party has invoked federal jurisdiction to restrain state criminal proceedings, or state nuisance proceedings related to obscenity or the collection of state taxes.[11] Other factors include which court first assumed jurisdiction over a *res* or physical property, or inconvenience of the federal forum.[12]

Certainly, none of those narrow exceptions apply here. Federal law—the Lanham Act's anti-cybersquatting provisions—not state law, is the keystone of Solomon Ward's claims for relief in this Court. Neither state law nor state public policy is at issue; indeed, the superior court, where Pacific Law Center is the **only** plaintiff, is obligated to follow federal law with respect to any Lanham Act claims. In addition, there is no *res* or physical property over which any court has assumed jurisdiction—indeed, the intellectual property rights at issue are intangible; likewise, this Court is equally convenient as the superior court across the street.

**Pendency of a Parallel State Case.**

The pendency of an action in state court is not bar to proceeding with the same

---

[10] *Colorado River, supra,* 424 U.S. at 813. [Emphasis added.] See also *Moses H. Cone Memorial Hospital, supra*, 460 U.S. 14. *Colorado River* dealt with abstention and dismissal; in *Moses H. Cone Memorial*, the court applied the same principles to abstention and stay. Subsequent decision apply the doctrine to both.
[11] *Colorado River, supra*, at 813-14. See also *Younger v. Harris*, 401 U.S. 37 (1971), *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) and *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943).
P:00422560:57122.003   3   07-CV-00460 JLS (POR)
SOLOMON WARD'S RESPONSE TO THIS COURT'S MARCH 24, 2008 ORDER WHY THIS COURT SHOULD NOT ABSTAIN AND STAY THESE PROCEEDINGS

matter in a federal court having jurisdiction.[13]  Accordingly, the fact that Pacific Law Center filed an action in superior court concerning its domain name and the fact that it is also a plaintiff in this action is—as the Supreme Court has said—no bar to proceeding in both *fora*.

The fact that a potential conflict might exist with on-going state court proceedings is not a ground to abstain:

> Indeed, the Supreme Court has rejected the notion that federal courts should abstain whenever a suit involves claims or issues simultaneously being litigated in state court merely because whichever court rules first will, via the doctrines of *res judicata* and collateral estoppel, preclude the other from deciding that claim or issue.[14]

**Ninth Circuit Law.**

The Ninth Circuit has held the same.  In a case in which a party filed a federal action when it could have easily filed the same claim in the superior court that had been competently handling the issues for more than six years, the Court of Appeal reversed the trial court and held that abstention was not appropriate:  "Nonetheless, we are aware of the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'"[15]

The Ninth Circuit has emphasized that federal courts may abstain only in those cases falling within the "carefully defined" boundaries of federal abstention jurisdiction. Analyzing abstention, the factors that a district court **must** apply are: (1) on-going state judicial proceedings; and (2) where proceedings implicate important state interests; and (3)

---

[12] *Colorado River, supra*, at 818.
[13] *Colorado River, supra*, at 813.
[14] *Amerisourcebergen Corporation v. Roden*, 495 F.3d 1143, 1151 (9th Cir. 2007), citing *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977).  See also *Williams v. Costco Wholesale Corporation*, 471 F.3d 975, 977 (9th Cir. 2006) (Finding abstention appropriate only in rare cases, the court said:  "with rare exceptions not applicable here, where the district court is presented with a case within its original jurisdiction, it has a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by litigants.'" See also *Lucent Technologies, Inc. v. Gateway, Inc., et al.*, 2007 U.S. Dist. LEXIS 89897 * 15 (S.D. Cal. December 6, 2007) (Huff J.) ("[A] federal court should normally continue to exercise its jurisdiction and only grant a stay based on pending state court litigation in exceptional circumstances." citing *Moses H. Cone* and *Fraker v. KFC Corporation, et al.*, 2007 U.S. Dist. LEXIS 32041 (S.D. Cal. April 27, 2007) (Miller, J.) (federal preemption question pending before the California Supreme Court was not a reason to abstain, since a federal court is not bound by a state court's interpretation of federal law.)  So also here," this Court must apply the Lanham Act independently of the superior court's interpretation or application.

the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims; and (4) where the district court's action would **enjoin** the on-going state court proceedings. Abstention is appropriate "*only* if all four *Younger* requirements were strictly satisfied.[16] As the court made clear: "the goal of *Younger* abstention is to avoid federal court interference with *uniquely* state interests such as preservation of these states' peculiar statutes, schemes and procedures.[17]

It is clear that three of the four elements the Ninth Circuit mandates are missing here. This case does **not** implicate important state interests; indeed, the anti-cybersquatting provisions of the Lanham Act are uniquely **federal**; Solomon Ward is **not** a party to the superior court action such that proceedings there do not provide it with any opportunity— and certainly not with an adequate opportunity—to raise its federal, Lanham Act anti-cybersquatting claims; and, finally, this Court's decision will not enjoin the state court proceeding. Indeed, both cases proceed in parallel precisely, as the Supreme Court said, they must.[18]

## IV
## THE ISSUES AND PARTIES IN THIS ACTION ARE DIFFERENT FROM THOSE IN THE SUPERIOR COURT CASE

First, and foremost, Solomon Ward is not a party to the state court action and any relief the superior court might grant will not, and cannot, determine Solomon Ward's rights. Accordingly, any state court injunction that bars Shahrokh Saadat-Nejad from violating Pacific Law Center's rights—for example infringement of its domain name—will not protect Solomon Ward's rights under the Lanham Act to protect its own domain name or its service mark. Second, Solomon Ward has the right the Lanham Act conferred to seek the relief it seeks from this Court. Third, the issue before this Court is a matter of **federal** not California law. Fourth, this Court has exercised jurisdiction and taken action in this case—after Pacific Law Center filed its superior court lawsuit and aware of that pending action—by entering a

---

[15] *Amerisourcebergen, supra*, 495 F.3d at 1147, quoting *Colorado River, supra*, 424 U.S. 800.
[16] *Amerisourcebergen, supra*, at 1149 (italics in original).
[17] *Amerisourcebergen, supra*, at 1150 (italics in original).

temporary restraining order and preliminary injunction and conducting contempt proceedings. Fifth, the issues before the superior court differ from the issues before this Court and the relief sought in both cases differs. In this Court, Solomon Ward has eleven claims of which seven are based on the Lanham Act, including its second (trade name infringement dilution), third (anti-cybersquatting protection act), fifth (trademark infringement), sixth (false designation of origin), seventh (false description of fact), ninth (Lanham Act § 43), tenth (dilution). In addition, Solomon Ward raises a claim for the unauthorized use of a name—three of Solomon Ward's partners—under Civil Code § 3344—that only it can raise.

Pacific Law Center's superior court action, on the other hand, alleges common law trade name infringement and unfair competition, California unfair trade practices and defamation, as well as two Lanham Act claims.

Finally, the injunctive relief that this Court, in the proper exercise of its jurisdiction, issued differs from the injunction that the superior court entered in favor of Pacific Law Center—but **only** Pacific Law Center. This Court enjoined and restrained Saadat-Nejad:

> 1. from registering and trafficking in any internet website or domain name that contains the words Pacific, Law and Center, with or without other words or symbols, in any respect whatsoever;
>
> 2. from registering and trafficking in any internet website or domain name that contains the words Solomon, Ward, Seidenwurm, or Smith with or without other words or symbols, in any respect whatsoever;
>
> 3. from registering and trafficking in the service mark or trade name Pacific Law Center in any respect whatsoever; and
>
> 4. from registering and trafficking in the service mark or trade name Solomon Ward or Solomon Ward Seidenwurm & Smith in any respect whatsoever.

By contrast, the superior court's February 27, 2007 temporary restraining order said:

> Plaintiff, Pacific Law Center's *ex parte* application for a temporary restraining order is GRANTED; until further order of this Court Shahrokh Saadat-Nejad shall immediately cease using the website pacificlawcenters.com or any similar website; until further order of this Court, Shahrokh Saadat-Nejad shall

---

[18] *Colorado River, supra*, 424 U.S. at 813.

SOLOMON WARD'S RESPONSE TO THIS COURT'S MARCH 24, 2008 ORDER WHY THIS COURT SHOULD NOT ABSTAIN AND STAY THESE PROCEEDINGS

not use the trade name Pacific Law Center in any published communication.

In short, none of the grounds that either the Supreme Court or the Ninth Circuit have recognized to justify abstention exist in this case.

## V
## THE FACTS DO NOT JUSTIFY ABSTENTION

Solomon Ward has no adequate remedy in the state court proceedings. Thus, for this reason alone, abstention is inappropriate.[19] More importantly, the rare circumstances in which federal abstention is justified do not exist here. Neither this Court nor the superior court is being asked to determine an issue of state law or state public policy nor will this action disrupt California's efforts to establish a coherent policy with respect to a matter of substantial public concern.

Similarly, here there is no *res* or property over which either court has assumed jurisdiction nor is there any contention that the federal forum is any less convenient than the state forum. There is no risk of piecemeal litigation—with respect to Solomon Ward—since it is not a party in the superior court proceedings, since its service mark and domain name are not at issue in that case, and since the state-based claims asserted in the superior court case—e.g., defamation—are not before this Court. Nor has Solomon Ward invoked federal jurisdiction in order to restrain state criminal proceedings.[20]

## VI
## CONCLUSION

Because of the long-standing federal policy that abstention from exercising federal jurisdiction is an extraordinary and narrow exception to a district court's duty to decide cases properly before it, and because critical factors that would support abstention in this case do not exist, Solomon Ward respectfully submits that this Court should not abstain and stay this action; rather the Court should move forward and decide issues before the Court

---

[19] *Younger v. Harris*, 401 U.S. 37, 43 (1971); *Brumbaugh v. Superior Court*, 207 U.S. App. LEXIS 29061 (9th Cir. 2007); *Dibel v. Jenny Craig, Inc.*, 2007 U.S. Dist. LEXIS 58573, *5-*6 (S.D. Cal. August 10, 2007).
[20] *Younger, supra.*

until the action is concluded.

DATED: April 24, 2008  Respectfully submitted,

SOLOMON WARD SEIDENWURM & SMITH, LLP

By:   */s/ Edward J. McIntyre*
     EDWARD J. MCINTYRE
     Attorneys for Solomon Ward

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I caused the **SOLOMON WARD'S RESPONSE TO THIS COURT'S MARCH 24, 2008** |
| 3 | **ORDER WHY THIS COURT SHOULD NOT ABSTAIN AND STAY THESE PROCEEDINGS** |
| 4 | to be served in the following manner: |
| 5 | **Electronic Mail Notice List** |
| 6 | The following are those who are currently on the list to receive e-mail notices for this |
| 7 | case. |
| 8 | **Electronic Mail Notice List** |
| 9 | Robert F. Clarke, Esq. (SBN 79881) |
|   | Pacific Law Center |
| 10 | 4225 Executive Square, Suite 1550 |
|   | La Jolla, CA 92037 |
| 11 | Telephone: (888) 789-0123 |
|   | Facsimile: (800) 718-1825 |
| 12 | Attorneys for Pacific Law Center |
| 13 | The following party who is not on the list to receive e-mail notices for this case. He |
| 14 | therefore requires manual noticing, via Federal Express: |
| 15 | Shahrokh Saadat-Nejad |
|   | 3713 Mt. Ashmun Place |
| 16 | San Diego, CA 92111 |
|   | **VIA FEDERAL EXPRESS** |
| 17 | |
| 18 | /s/ Edward J. McIntyre |
|   | EDWARD J. MCINTYRE |