Shahrokh Saadat-Nejad
Mail: 3713 Mount Ashmun Place
San Diego, California 92111
Email: c9729972@yahoo.com
Telephone: (646)225-8213



FILED

MAY – 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _mem_ DEPUTY

NUNC PRO TUNC
4/30/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pacific Law Center, and Solomon Ward Seidenwurm & Smith<br><br>Plaintiffs,<br><br>vs.<br><br>Shahrokh Saadat-Nejad,<br><br>Defendant. | Case No. 3:07-CV-00460-JLS-POR<br><br>**DEFENDANT SHAHROKH SAADAT-NEJAD REPLY TO PLAINTIFFS FILINGS OF DOCKET NUMBERS 66, 67, 68, 69**<br><br>Department: 6<br>Judge Janis L. Sammartino |

**1.** Defendant Shahrokh Saadat-Nejad respectfully submits this DEFENDANT SHAHROKH

SAADAT- NEJAD REPLY TO PLAINTIFFS FILINGS OF DOCKET NUMBERS 66, 67, 68, 69.

**2.** On Friday April 25, 2008, I was in the clerks' office of the US District Court, Southern District

of California (San Diego) during normal business hours which is from 8:30am to 4:30pm, and

there was no filing of anything from the plaintiffs (Pacific Law Center), and I had stayed there

on the computer until the office closed. On Monday April 28, 2008 I went back to the clerks'

office and discovered that docket numbers 67, 68, and 69 were entered on April 25, 2008. The

plaintiffs (Pacific Law Center) have not sent me a copy of their filings of docket numbers 67, 68, and 69. The plaintiffs counsel did not obey the Superior Courts order of October 5, 2007 which they (Edward J Mcintyre from Solomon Ward Seidenwurm & Smith Law Firm) were orderd by Judge Richard E. L. Strauss to provide the court and I proof (Fed-Ex Tracking Numbers) that I was being notified of filings, and hearing dates. This is one of the main reasons the plaintiffs dropped their Superior Court case, amongst other violations and criminal acts.

**3.** Docket numbers 66, 67, 68, and 69 combined are a total of 516 pages which includes exhibits. I am ordered by this court not to exceed more than 10 pages as a response to these filings of 516 pages.

**4.** Docket number 68-53, pages 1, 2, and 3 the plaintiffs allege that they were not aware that I had filed a declaration in support of the April 25, 2008 Motion to dismiss hearing. Attached to this document is a copy of an email I had sent to Robert F. Clarke (clarkelawoffices@cox.net), Edward J Mcintyre (emcintyre@swsslaw.com), and Mary Frances Prevost (mfprevost@aol.com) – labeled as **EXHIBIT 1**, which is 5 pages. Deputy Superior Court Clerk Melissa Wong-Jimeniez made sure that Judge Richard E. L. Strauss will never see my declaration. The plaintiffs also give the impression on their papers that they were not aware that April 25, 2008 motion for dismissal was on Superior Court calendar. Attached to this document is a copy of Superior Court MINUTE ORDER of February 29, 2008 which states on there that April 25, 2008 1:30pm in department 75 is reserved for the motion for dismissal – labeled as **EXHIBIT 2**, which is 2 pages.

**5.** Docket number 66-2, pages 23 and 24, is the first time I have seen the alleged Superior Court order with a line stamp of Judge Richard E. L. Strauss.

**6.** Docket number 66-2, pages 25, 26, and 27 is the first time that I have seen a copy of a declaration of service from Deborah V.T. Pierson allegedly signed on March 8, 2007 which is not filed in the Superior Court. Ms. Deborah V.T. Pierson declares that she had personally handed me documents which included the February 27, 2007 Superior Court order, on March 8, 2007 at the office of the plaintiffs, Solomon Ward Seidenwurm & Smith. In docket number 68-22, pages 1 and 2, is a copy of a declaration by Edward J Mcintyre from Solomon Ward Seidenwurm & Smith Law Firm, signed and filed on March 9, 2007 in the Superior Court. On page 2, Mr. Edward J Mcintyre declares that I had called him yesterday (March 8, 2007) and arranged to have a meeting in his office for March 9, 2007. I did not go to the plaintiffs (Solomon Ward) office on March 8, 2007, as Ms. Deborah V.T. Pierson declares.

**7.** Docket number 66-2, page 28 is the first time that I have seen a copy of proof of service from James Arnn from Knox Attorney Service, Inc., allegedly signed on March 5, 2007 which is not filed in the Superior Court. Mr. James Arnn declares that he had served me the February 27, 2007 Superior Court order at my fathers home on February 27, 2007 at 9:15pm, and Mr. James Arnn describes my father at 80 years of age. Docket number 68-16, page 4 is another copy of proof of service signed by Mr. James Arnn from Knox Attorney Service Inc. on February 23, 2007, and he describes my father at 60 years of age. My father video taped the the February 22, 2007 visit from Mr. James Arnn, but my father did not video tape the alleged February 27, 2007 visit from Mr. James Arnn, because it is fabricated by Mr. James Arnn from Knox Attorney Service, Inc. and the plaintiffs. Docket number 10-2, which is a copy of my declaration, on page 71 of 140, I declared that March 5, 2007 was the first time that I had gone to the Superior Court to

look at the file, and I had also declared in the US District Court recently that on March 5, 2007 I had blacked out pacificlawcenters.com website. March 5, 2007 is symbolic for the plaintiffs.

**8.** Docket number 68-43, page 1 of 1 is a copy of a Superior Court REQUEST FOR DISMISAL of DOES 1 through 50, filed June 28, 2007 by the plaintiffs counsel Mr. Edward J. Mcintyre from Solomon Ward Seidenwurm & Smith Law Firm. On the bottom of the document it states that I the defendant was notified by the court of this on July 26, 2007 which is 29 after Mr. Edward J. Mcintyre filed it. I was not notified by the court or Mr. Edward J. Mcintyre. July 26, 2007 is a day after I was released from custody (hostage) from the Federal Jail/Prison related to this case. July 26, 2007 date was no coincidence.

**9.** I was ordered by the Superior Court (Judge Richard E. L. Strauss) on March 14, 2007 to file a response by March 26, 2007 by 12:00pm for a preliminary injunction hearing for Solomon Ward Seidenwurm & Smith Law Firm, which was set for March 27, 2007 – On March 28, 2007 I was on court calendar for 2 trials in 2 criminal cases – On March 29, 2007 I was on court calendar for the US District court case. March 26, 27, 28, and 29 all in 2007 were no coincidence, these dates were intentionally set back to back to further abuse me.

**10.** June 9, 2008 is/was set by Judge Porter on the US District Court calendar for a trial, and June 13, 2008 was set by Deputy Superior Court Clerk Melissa Wong-Jimeniez for a trial. I was not asked by either court if I agree to these dates. June 9, and 13, both in 2008 were no coincidence, these trial dates were intentionally set for the same week to further abuse me.

**11. Exhibit 3**, attached to this document is a copy of the plaintiffs first Superior Court

4

SUBSTITUTION OF ATTORNEY filed by Mr. Edward J. Mcintyre, and Christina M. Milligan both from Solomon Ward Seidenwurm & Smith Law Firm, signed and filed on February 15, 2007.

**Exhibit 4**, attached to this document is a copy of a RESPONSE TO DEFENDANT'S MOTION FOR PRE-TRIAL DISCOVERY, filed by Deputy District Attorney Alex Valenzuela on February 15, 2007 for the criminal case that was filed against me. The next day on February 16, 2007 my criminal defense attorney Gary Clinton Harvey filed papers to quit representing me, this was after I had paid him in full with cash ($4300). February 15, 2007 filing by Mr. Edward J. Mcintyre, and Christina M. Milligan from Solomon Ward Seidenwurm & Smith Law Firm, and the February 15, 2007 filing by Deputy District Attorney Alex Valenzuela, and the February 16, 2007 Mr. Gary Clinton Harvey quit representing me was no coincidence, they collaborated with each other, and they still are. On March 28, 2007 I was railroaded to a guilty plea so I do not miss the US District Court case.

**12. EXHIBIT 5** attached to this document is 8 pages of interest to know.

**13.** Defendant respectfully asks this court to order the DOJ and the FBI to fully investigate corruption, bribes, fake attorneys (Pacific Law Center – Phillips and Associates Law Firm), attempts to create terrorism on US soil, violations of my civil rights, forgery, theft of my passport and cash by the San Diego Police Department, Rico, February 27, 2007 alleged hearing at the Superior Court, AIPAC, Etc...

**14.** Defendant respectfully asks this court to order godaddy.com Inc. to return to me all 8 domain names and service, and contents that they have taken away from me, and to provide

this court and I copies of everything that they have received from the plaintiffs and third parties regarding any of my websites and domain names. I believe the plaintiffs have forged a Judges signature on a fake court order, because there never was a court order for these domain names to be taken away from me, along with the contents. The 8 domain names are USHOSTAGE.COM, SOCOMMIL.COM, USGOVERNMENTCOURT.COM, CIVILCASENUMBERS.COM, USGOVERNMENTCOURTS.COM, DUISANDIEGODUI.COM, USGOVERNMENTJUDGES.COM, 100FREELAWYERS.COM.

**15.** Defendant respectfully asks this court to grant a CONTEMPT OF COURT hearing against the plaintiffs.

**16.** Defendant respectfully asks this court to grant a MOTION FOR DISMISSAL hearing for the defendant.

**17.** Defendant respectfully asks this court to grant the defendant of filing more than 10 pages of this response and any future responses.


_APRIL 30, 2008_
Date

_Shahrokh Saadat-Nejad_
Defendant

6

**Date:**    Tue, 22 Apr 2008 15:05:04 -0700 (PDT)

**From:**    ☺ "Shahrokh Saadat-Nejad" <c9729972@yahoo.com>    ✉ Add Mobile Alert
Yahoo! DomainKeys has confirmed that this message was sent by yahoo.com. Learn more

**Subject:** Civil Case No.GIC878352

**To:**    clarkelawoffices@cox.net, emcintyre@swsslaw.com, mfprevost@aol.com, ☺ c9729972@yahoo.com,
saadatnejad@yahoo.com

To: Thomas William Slattery, Kerry Steigerwalt, Robert F. Clarke, Jeffrey L. Phillips, Mary
Frances Prevost, Edward J Mcintyre, and Robert Frederick Arentz;

**Please be advised that on April 21, 2008 a seven page document
(MOTION OF CASE DISMISAL AND DECLARATION OF DEFENDANT SHAHROKH
SAADAT-NEJAD) was filed in the Superior Court of California, Civil Case
No.GIC878352 - Pacific Law Center vs. Shahrokh Saadat-Nejad.**

**Below is a copy of the seven pages filed. There is also three exhibits attached to
the document.**

**All three exhibits are from the US District Court Case (Docket #'s 58, 60, and 64)
as EXHIBITS 01, 02, and 03 in order.**

---

   COMES NOW DEFENDANT SHAHROKH SAADAT-NEJAD and respectfully submits
this MOTION OF CASE DISMISAL AND DECLARATION OF DEFENDANT
SHAHROKH SAADAT-NEJAD.

   Attached to this document are three exhibits which all three exhibits are from the United
States District Court, Southern District of California in San Diego - Civil Case No. 3:07-cv-
00460-

JLS-POR, Pacific Law Center PLC, and Solomon Ward Seidenwurm & Smith LLP vs. Shahrokh
Saadat-Nejad.

   The first exhibit is labeled as **EXHIBIT 01** and it is a copy of the US District Court document
number 58, with numbered pages on the top right hand of the pages. **EXHIBIT 01** has 68 pages.

In **EXHIBIT 01, Page 2 of 68**, it refers to a March 26, 2007 filing by the defendant in the US

*EXHIBIT 1 - PAGE 1*

District Court - DECLARATION OF SHAHROKH SAADAT-NEJAD AND RESPONSE TO ALL EX PARTE

IN ALL COURT CASES LISTED ON THIS DOCUMENT, which an exact same copy of that was filed by the defendant as an attached exhibit 4, SHAHROKH SAADAT-NEJAD RESPONSE EX PARTE ATTEMPTS AND OF ONGOING VIOLATIONS OF MY CIVIL RIGHTS, in the Superior Court of California, County of San Diego, date filed April 13, 2007. There are pages missing from my April 13, 2007 filing in the Superior Court file, which were exhibits. There are no pages missing from my March 26, 2007 filing in the US District Court.

In **EXHIBIT 01, page 41 of 68**, is a copy of the eleventh page of the court transcript hearing date of October 5, 2007 in the Superior Court of California case in front of Judge Richard E.L. Strauss. Judge Richard E.L. Strauss ordered Mr. Edward J Mcintyre to provide the court with all Federal Express Tracking Numbers related to the case, because I had told the court that the plaintiffs are not notifying me of their filings, and that I am not being notified of hearings as of late April of 2007. On February 29, 2008 I had tried to address this court of this courts order being violated by the plaintiffs counsel Mr. Edward J Mcintyre, but anytime I bring up allegations of any sort about this courts behavior, or the plaintiffs and their counsel which includes the alleged court hearing of February 27, 2006, Judge Richard E.L. Strauss rushes the hearing to be finished, which includes putting his arm in motion on his desk as if he is finished and ready to get up and leave, and this is not fair. The plaintiffs and Mr. Edward J Mcintyre are in contempt of court, which there needs to be a hearing on.

The second exhibit attached to this document is labeled as **EXHIBIT 02**, which is a copy of the US District Court document number 60, with numbered pages on the top right hand of the pages. **EXHIBIT 02** has 8 pages, and it is SOLOMON WARD'S REPLY IN SUPPORT OF ITS MOTION FOR PERMANENT INJUNCTION, filed on Friday, March 21, 2008 by Mr. Edward J Mcintyre, Attorney for Pacific Law Center , and Solomon Ward Seidenwurm & Smith.

On February 6, 2008 I the defendant filed my CASE MANAGEMENT STATEMENT in the Superior Court of California with an attachment very similar to **EXHIBIT 01** attached to this document. I had put a date and time stamp on it, and put it in Department 75 Box just as I was told to do, and the court refuses to put it in the court file and enter it on the computer. See **EXHIBIT 03, volume 2, page 2 to 17 of 70**.

On February 7, 2008 the very next day after I filed my CASE MANAGEMENT STATEMENT in the Superior Court of California with an attachment very similar to **EXHIBIT 01** attached to this document, Mr. Edward J Mcintyre from Solomon Ward Seidenwurm & Smith, filed a

SUBSTITUTION OF ATTORNEY in the Superior Court of California case, which was allegedly signed by Mr. Edward J Mcintyre on NFL Super Bowl Sunday, February 3, 2008. In **Exhibit 02** attached to this document, page 4 of 8, Mr. Edward J Mcintyre states that "Solomon Ward is not even a party in the Superior Court action. Nothing before this Court at this time involves the Superior Court action." There was a preliminary injunction hearing set for March 27, 2007 in the Superior Court of California action, for Solomon Ward Seidenwurm & Smith even

EXHIBIT 1 - PAGE 2

though Solomon Ward Seidenwurm & Smith was not a plaintiff in the action. See **EXHIBIT 01, page 50 of 68** attached to this document.

In **Exhibit 02 attached to this document, page 4 of 8, line 16**, Mr. Edward J Mcintyre states "Saadat-Nejad has no right to misappropriate domain names already registered to Solomon Ward or to misappropriate domain names so confusingly similar to the names it uses", with a footnote number 8 next to it. Footnote 8 on the bottom of the page, Mr. Edward J Mcintyre states "He is attempting to hold the other plaintiff, Pacific Law Center , hostage for at least a half a million dollars." The reason Mr. Edward J Mcintyre felt comfortable to tell the US District Court that I am holding Pacific Law Center hostage for a half a million dollars for domain names is because:

(A)This was their plan before the Superior Court action was filed on January 12, 2007. In **EXHIBIT 01, page 20 of 68** attached to this document is a copy of an email from attorney Mary Frances Prevost to my then email pacificlawcenters@yahoo.com and the date she contacted me with her address is Fri, 12 Jan 2007 19:57:33 EST (January 12, 2007 4:57pm PST) which is the same date the plaintiffs filed their civil action. Attorney Mary Frances Prevost is full of it.

(B) The alleged demand letter that was sent to Pacific Law Center by Mary Frances Prevost on February 1, 2007 was written and signed by Mary Frances Prevost. See **EXHIBIT 01, page 28 and 29 of 68** attached to this document is a copy of the alleged demand letter from Mary Frances Prevost. On February 6, 2007, which was 5 days after Mary Frances Prevost allegedly mailed a demand letter to Pacific Law Center, the plaintiffs filed their only amended complaint in the Superior Court action, and the plaintiffs did not write about the alleged demand letter sent to them by Mary Frances Prevost, because there was not any attempt by me the defendant to sell any domain name to the plaintiffs.

(C)The plaintiffs in the US District Court and the California Superior Court have not told the courts that they the plaintiffs own the domain names pacificlawcenters.com, pacific-law-center.com, solomonwardlawfirm.com, and solomonwardsandiego.com which are the domain names that they the plaintiffs have been allegedly complaining about. Mr. Edward J Mcintyre has given the impression on March 21, 2008 **(EXHIBIT 02)** to the US District Court that I the defendant am holding Pacific Law Center hostage with these domain names for money. I have not had access to these domain names since March 27, 2007 which includes the domain name pacificlawcenters.com which the plaintiffs have been arguing about in their Superior Court action. All four domain names were transferred over to the plaintiffs almost 10 months ago which is further proof that the domain names was and is not the plaintiffs argument, but rather that they seek continue to violate my civil rights.

(D) In **EXHIBIT 02, page 7 of 8**, Mr. Edward J Mcintyre states "Upon the entry of a judgment of permanent injunction, Solomon Ward will walk away from any claim of damages or for its attorneys fees and costs and, as far as Solomon Ward is concerned,

EXHIBIT 1 - PAGE 3

this case is at an end." There are several alleged attorneys fees the plaintiffs have been seeking in the Superior Court action hearings that I was not notified of and on their papers there are several fees that are directly related to the US District Court action. The US District Court denied the plaintiffs motion on Monday, March 24, 2008 which was allegedly set for March 28, 2008. On February 29, 2008 the plaintiffs Pacific Law Center told Judge Richard E. L. Strauss that they will more than likely dismiss the Superior Court of California action because of the alleged March 28, 2008 hearing coming up at the US District Court. It is stated on the Superior Court of California February 29, 2008 court minutes sheet.

The THIRD exhibit attached to this document is labeled as **EXHIBIT 03**, which is a copy of the US District Court document number 64, WRIT OF MANDAMUS OF DEFENDANT SHAHROKH SAADAT-NEJAD, with numbered pages on the top right hand of the pages.

**EXHIBIT 03** was broken down to 2 volumes in the US District Court due to its size, volume 1 is 67 pages, and volume 2 is 70 pages, so there are **137 pages attached to EXHIBIT 03**.

In **EXHIBIT 03, volume 1, page 47 of 67** is the sixth page of the Superior Court transcript of a hearing held on April 20, 2007, and on line number 13 the court (Judge Richard E. L. Strauss) tells me "THIS IS THE FINAL ORDER", and the order was that I can not own or use the domain name pacificlawcenters.com, but that order has been thrown away by a court staff culprit for the plaintiffs, and it has been replace with a MINUTE ORDER, designed to make the defendant look as if he was found guilty of a federal crime of cybersquatting.

**Exhibit 03, volume 1, pages 41 to 49 of 67**, the word cybersquatting in not nentioned one time in court, but on the MINUTE ORDER **(EXHIBIT 03, volume 1, page 50 of 67)**, the word cybersquatting is all over it. Court Staff Culprit(s) for the plaintiffs have refused to file the court order and to enter it on the court computer. See **EXHIBIT 3, volume 2, page 2 to 17 of 70**.

There are substantial evidences attached to this document to highly suggest that the owner of Pacific Law Center , and client of Solomon Ward Seidenwurm & Smith Law Firm, Mr. Jeffrey L. Phillips is and never was a licensed California attorney, which he and some of his associates have been not only been advertising themselves as licensed California attorneys for several years in San Diego , California , but also claimed to be licensed California attorneys on their application filed with the California Secretary of State Debra Bowen. On July 23, 2007 while I was being held hostage in federal custody, the ACLU filed papers in the US district court action, which followed by the owner of Pacific Law Center , Mr. Jeffrey L. Phillips to amend his application with the California Secretary of State Debra Bowen on the exact same day July 23, 2007. Pacific Law Center has been a fraud ever since they opened up in San Diego , California , that's why Solomon Ward Seidenwurm & Smith Law Firm have dragged the Superior Court of California action, and the US District Court action so long for, so their client Pacific Law Center (Mr. Jeffrey L. Phillips) can cover-up their tracks of fraud by an illegal act of selling the law firm ( Pacific Law Center ) to a Mr.

*EXHIBIT 1 - PAGE 4*

Kerry Steigerwalt, which any San Diego resident can see on their cheesy midnight commercials. The plaintiffs including the Superior Court case are a fraud.

**There are substantial evidences attached to EXHIBIT 01 and EXHIBIT 02, that I the defendant for the Superior Court case was not present in court on February 27, 2007, the plaintiffs have managed to manipulate this court because of their association with a terrorist organization known as the American Israel Public Affairs Committee (AIPAC), they do not even fear the court (Judge Richard E. L. Strauss) of finding fraud because they have at minimum this court in their back pocket. At minimum, all past, current, and future clients of Pacific Law Center should be entitled to a full refund and plaintiffs clients have the right for their criminal cases to be looked at again, let alone all of their civil cases that they have been involved in. I estimate that Pacific Law Center has been involved with well over 100,000 criminal cases in San Diego County since they opened in 2003 with fake attorneys. The people demand an investigation to be ordered by Judge Richard E. L. Strauss of these ongoing crimes.**

It is very important for Judge Richard E. L. Strauss to read this document MOTION OF CASE DISMISAL AND DECLARATION OF DEFENDANT SHAHROKH SAADAT-NEJAD, along with all three exhibits attached to it, because there is substantial evidences and reason of why this Superior Court Case must be **DISMISSED WITH PREJUDICE**.

If I turn up missing, hurt, or dead for any reason it is because of the United States Government and its terrorists AIPAC Zionist terrorist attorneys.

I declare under the laws of the State of California that the contents of this MOTION OF CASE DISMISAL AND DECLARATION OF DEFENDANT SHAHROKH SAADAT-NEJAD, document is true and correct except for attached to this document **EXHIBIT 03, volume 1, page 27 of 67, lines 21 and 22** it states the date of February 5, 2007, but rather it should state the date of March 5, 2007.

EXHIBIT 1 - PAGE 5

Date: 02/29/2008      Time: 10:30:00 AM     Dept: C-75

Judicial Officer Presiding: Judge Richard E. L. Strauss

Clerk: Melisa Wong-Jimenez

Bailiff/Court Attendant:

ERM:

Reporter: , James Partridge

Case Init. Date: 01/12/2007

Case No: GIC878352        Case Title: PACIFIC LAW CENTER vs SAADATNEJAD

Case Category: Civil - Unlimited     Case Type: Business Tort

---

Event Type: Civil Case Management Conference

---

**Appearances:**

---

**Mr. Shahrokh Saadatnejad appearing as defendant in pro per**
**Atty Thomas Slattery appearing for Robert F Clarke for Pacific Law Center**

Atty Thomas Slattery apologizes to the Court for his tardiness at today's hearing..The Court does not impose sanctions

Mr. Slattery informs the Court of a federal hearing to take place on March 28, 2008 that may resolve all of the issues in this case.

Mr.Saadatnejad makes a brief request to push the dates back a bit and the request is denied. A motion for dismissal date is scheduled for defendant for Friday April 25, 2008 at 1:30pm in D-75.

At the request of both Mr. Slattery and Mr.Saadatnejad the 2nd expert change date is rescheduled from March 28, 2008 to April 4, 2008.

Pursuant to the Stipulation of parties, no procedure or deadline set forth herein may be modified, extended or avoided by stipulation or agreement of the parties unless approved by the court in advance of the date sought to be altered.

Case deemed at issue. Pursuant to stipulation of the parties, no new parties may be added without leave of court and all unserved non-appearing and fictitiously named parties are dismissed 02/29/2008.

The Civil Jury Trial is scheduled for 06/13/2008 at 09:00 AM before Richard E. L. Strauss.

The Trial Readiness Conference (Civil) is scheduled for 05/30/2008 at 09:00 AM before Richard E. L. Strauss.

All Motions and Discovery are to be completed 05/09/2008. Motion for Summary Judgment / Summary

---

*EXHIBIT 2 - PAGE 1*

Adjudication will be heard pursuant to code.  First expert exchange to be completed by 03/14/2008. Second expert exchange to be completed by 04/04/2008.  Posting of jury fees is pursuant to code.

Estimated length of trial: 2 days

Jury demanded by plaintiff and defendant.

EXHIBIT 2 - PAGE 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Edward J. McIntyre [SBN 80402]<br>Christina M. Milligan [SBN 231655]<br>Solomon Ward Seidenwurm & Smith, LLP<br>401 B Street, Suite 1200<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 231-0303   FAX NO. *(Optional):* (619) 231-4755<br>E-MAIL ADDRESS *(Optional):* emcintyre@swsslaw.com<br>ATTORNEY FOR *(Name):* Pacific Law Center | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
    STREET ADDRESS: 330 West Broadway
    MAILING ADDRESS:
    CITY AND ZIP CODE: San Diego, CA 92101
    BRANCH NAME: Central Branch

CASE NAME: PACIFIC LAW CENTER v. SHAHROKH SAADATNEJAD, et al.

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>GIC 878352 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Pacific Law Center    makes the following substitution:

1. Former legal representative ☐ Party represented self ☒ Attorney *(name):* Matthew Spiegel, Esq.
2. New legal representative ☐ Party is representing self ☒ Attorney Solomon Ward Seidenwurm & Smith, LLP
   a. Name: Edward J. McIntyre      b. State Bar No. *(if applicable):* 80402
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):* 401 B Street, Suite 1200, San Diego, CA 92101

   d. Telephone No. *(Include area code):* (619) 231-0303
3. The party making this substitution is a ☒ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: February 15, 2007

PACIFIC LAW CENTER
    (TYPE OR PRINT NAME)        for PACIFIC LAW CENTER P.C. (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date: February 15, 2007

MATTHEW SPIEGEL
    (TYPE OR PRINT NAME)        PACIFIC LAW CENTER (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: February 15, 2007
EDWARD J. MCINTYRE
    (TYPE OR PRINT NAME)        SOLOMON WARD SEIDENWURM & SMITH, LLP (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)        Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2007] | SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | Legal Solutions Plus | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362 |

*EXHIBIT 3 - PAGE 2*

1  BONNIE DUMANIS
2  District Attorney
   ALEX VALENZUELA
3  Deputy District Attorney
4  State Bar Number 233783
   330 W. Broadway
5  San Diego, CA 92126
   Tel:   (619) 531-3797
6  Fax:   (619) 515-8125
7
   Attorneys for Plaintiff
8

F I L E D
Clerk of the Superior Court

FEB 1 5 2007

By: K. ATHANS, Deputy

9  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10  **FOR THE COUNTY OF SAN DIEGO**

11  **CENTRAL DIVISIOIN**

12

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | Court No.   CD200499 |
| Plaintiff, | DA. No.   ABV226 |
| | **RESPONSE TO DEFENDANT'S MOTION FOR PRE-TRIAL DISCOVERY** |
| v. | |
| | Date:  February 15, 2007 |
| SHAHROKH SAADATNEJAD, | Time:  8:15 A.M. |
| Defendant . | Dept:  2 |

20

21      Comes now the plaintiff, the People of the State of California, by and through their

22  attorneys, BONNIE DUMANIS, District Attorney, ALEX VALENZUELA, Deputy District

23  Attorney, and respectfully submits the following PEOPLE'S RESPONSE TO

24  DEFENDANT'S MOTION FOR PRE-TRIAL DISCOVERY.

25                                      **I.**

26                          **STATEMENT OF CASE**

27      On July 28, 2006, a felony complaint was filed against SHAHROKH

28  SAADATNEJAD, (hereinafter, "Defendant") charging him with Count One, a violation of

EXHIBIT 4 - PAG 1

1

1  Health and Safety Code section 11357(a), a felony; Count Two, a violation of Health and
2  Safety Code section 11357(c), a misdemeanor; Count Three, a violation of Penal Code
3  section 594(a)(b)(2)(A); Count Four, a violation of Vehicle Code section 23152(a); Count
4  Five, a violation of Vehicle Code section 23152(b).

5       On August 8, 2006, Count One and Two were dismissed at the Preliminary Exam
6  Readiness. The first Misdemeanor readiness hearing was heard on August 11, 2006. The
7  readiness hearing was continued twice and trial was confirmed for August 31, 2006. The trial
8  was continued and a further readiness was set and heard on September 18, 2006. A motion to
9  allow Defendant to represent himself was set and granted on November 9, 2006.

10      A readiness was set for November 20, 2006. The readiness was continued three times.
11  On January 18, 2007, trial was confirmed for February 22, 2007. An intervening motion
12  hearing was set for February 15, 2007. Defendant filed this motion for January 26, 2007.

13                                    **II**
14                         **STATEMENT OF FACTS**

15      On July 25, 2006, at approximately 7:00 p.m., Angie Slay reported that she saw
16  defendant, an acquaintance of hers, hit her vehicle with a baseball bat and then try to hit her
17  vehicle with his vehicle. She described defendant as an Iranian man named Shahrokh and
18  stated that he fled the scene in a white Toyota Rav4 with California license plate number
19  4DNZ550.

20      San Diego Police Officer Sean Bannan responded to the call. As he was driving south
21  on Morena Boulevard in a marked patrol car, he noticed a white Toyota Rav4 traveling south
22  on Morena Boulevard. He made eye contact with the driver, later identified as defendant,
23  and then quickly made a u-turn. As he did so, the Rav4 turned right on Milton Street.
24  Officer Bannan also turned onto Milton Street and saw that the Rav4 had pulled to the south
25  curb of the street. He verified that the license plate of the vehicle was 4DNZ550.

26      As Officer Bannan pulled up behind the car, defendant got out of his car and started
27  walking away. Officer Bannan exited his car and ordered him to stop. Defendant turned
28  around and yelled, "I don't have to." The officer responded that, "Unless you want me to

EXHIBIT 4 - PAGE 2

chase you down, you better stop." Defendant then stopped and said, "I did nothing, why did you stop my car?" Officer Bannan told him to walk to the rear of his vehicle and sit down on the curb.

As defendant walked beside his vehicle, Officer Bannan noticed that he balanced himself several times by putting his right hand on his vehicle. When he reached the rear of his car, he threw his car keys and wallet on the ground and sat down on the curb. Officer Bannan picked up the keys and wallet and put them on the hood of his patrol car.

Officer Bannan called for back-up. While he was waiting for other officers to respond, he asked defendant what had happened with Angie Slay. Defendant replied, "I don't know, why don't you tell me." As defendant spoke, Officer Bannan detected a strong odor of alcohol coming from him. He also observed that defendant's eyes were bloodshot red and his speech was slurred. The officer asked defendant if he had been drinking. Defendant stated, "I'm not going to lie to you, I've had several beers today."

After other officers had arrived, Officer Bannan asked defendant to perform some field sobriety tests. Defendant said, "I'm not doing anything without a lawyer." Officer Bannan confirmed that Defendant was refusing to take the tests. Defendant replied, "Yes."

Based on the totality of the circumstances, Defendant was arrested for Driving Under the Influence of Alcohol and Driving with a Blood Alcohol Level of 0.08% or Greater. Even after being advised of the implied consent law, Defendant refused to submit to a blood test. Officer Bannan went through the Chemical Test Refusal form with defendant, who again refused to submit to the test. A phlebotomist then performed a forced blood draw. The result of the blood draw, which was taken at 8:08 p.m., indicated that defendant's blood alcohol content was 0.17%.

### III

### DEFENSE POSITION

Defense has alleged that on the night of July 25, 2006, when he was arrested for the instant case, an unknown Sheriff's Sergeant at the Central Jail in Downtown interrogated Defendant at length. Defense has not provided any further information. Defendant has

EXHIBIT 4 - PAGE 3

1   declared that he believes that some of his own statements he gave to the unknown Sergeant is

2   exculpatory and did not elaborate on how his own statements to this unknown Sergeant

3   helped his case.

**IV**

**PROSECUTION POSITION**

6      Upon this request for discovery the District Attorney's Office with the help of

7   Detective Brandt Pile of the San Diego County Sheriff's Department have investigated and

8   have concluded that there is no record or evidence of any interrogation or interview of the

9   defendant at the County Central Jail in Downtown by a San Diego Sheriff's Seargent.

10   Currently, the underwritten is attempting to get a hold of a Seargent Ayala regarding an

11   unrelated incident that occurred on September 16, 2006, nearly two months after the arrest,

12   at George Bailey County Jail. It seems that the Defendant had received suspicious mail that

13   contained terrorist subject matter. The mail was confiscated.

**V**

**THE COURT SHOULD DENY DEFENDANT'S MOTION FOR DISCOVERY**

**BECAUSE THE REQUESTED DISCOVERY DOES NOT EXIST AND BARES NO**

**RELEVANCE TO THE CHARGES THE DEFENDANT IS ACCUSED OF**

18      Defendant is charged with driving under the influence and vandalism. The incidents

19   all occurred on or about July 25, 2006. Defendant claims that he was interrogated by an

20   unknown Sheriff's Sergeant the day he was arrested. There is no record of any interrogation.

21   Furthermore, the Defendant has not established how his own statements are exculpatory or

22   will help him in his defense. Without further information to guide the court and the District

23   Attorney's office, we ask the court to deny Defendant's motion for discovery.

24   //

25   //

26   //

27   //

28   //

*EXHIBIT 4 - PAGE 4*

4

| | |
|---|---|
| 1 | Dated: February 13, 2006 |

Respectfully submitted,

BONNIE DUMANIS
District Attorney

By: _____
ALEX VALENZUELA
Deputy District Attorney

Attorneys for Plaintiff

EXHIBIT 4 - PAGE 5

**Superior Court of California**
**County of San Diego**
220 WEST BROADWAY
PO BOX 122724
SAN DIEGO CA 92112-2724

PRESORTED
FIRST CLASS

$ 00.34
US POSTAGE

Hasler

SHAHROKH SAADAT-NEJAD
3713 Mt. Ashmun Place
SAN DIEGO, CA 92111

Clerk of the Court, by: _M. Wong_
M. Wong-Jn

EDWARD J.
401 B STRE
SAN DIEG

JBADPAi S2iii  ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖



Jur
Redee
Recei
for jur
allowa
check

**SUPERIOR COURT OF CALIFORNIA**
**OFFICE OF THE JURY COMMISSIONER**
P.O. Box 121531, San Diego, CA 92112-1531

BADGE#: 009238940  GRP: 0921
RPT: Oct 26, 2007

# OFFICIAL JURY SUMMONS ENCLOSED

SHAHROKH  SAADATNEJAD
3713 MOUNT ASHMUN PL
SAN DIEGO, CA 92111-3932          10439

_EXHIBIT 5 - PAGE 1_

1   EDWARD J. MCINTYRE [SBN 80402]
    emcintyre@swsslaw.com
2   SOLOMON WARD SEIDENWURM & SMITH, LLP
    401 B Street, Suite 1200
3   San Diego, California 92101
    Telephone: (619) 231-0303
4   Facsimile: (619) 231-4755

5   Attorneys for Plaintiff PACIFIC LAW CENTER

F I L E D
Clerk of the Superior Court

MAY 3 1 2007

By: L. McAllister, Deputy

6

7

8                   **SUPERIOR COURT OF CALIFORNIA**

9                     **COUNTY OF SAN DIEGO**

10

11  PACIFIC LAW CENTER, a Professional Law        CASE NO. GIC 878352
    Corporation,
12                                                **REQUEST FOR ENTRY OF DEFAULT**
                    Plaintiff,                     **JUDGMENT BY COURT**
13                                                Complaint Filed: January 12, 2007
    v.
14                                                I/C Judge: Hon. Richard E.L. Strauss
    SHAHROKH SAADAT-NEJAD, individually          Dept.     75
15  and doing business as
    PACIFICLAWCENTERS.COM DOES 1
16  through 50, inclusive,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28                         EXHIBIT 5 - PAGE 2

P:307771.1:57122.002                                              GIC 878352
NOTICE OF MOTION AND REQUEST FOR ENTRY OF DEFAULT JUDGMENT BY COURT

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLAINTIFF Pacific Law Center hereby requests that this Court enter default judgment in its favor and against Shahrokh Saadat-Nejad.

Pacific Law Center's request is based on this notice of motion, the accompanying memorandum of points and authorities, the declaration of Edward J. McIntyre, the notice of lodgment, and on such other and further evidence as may be presented to the Court.

DATED: May 30, 2007                    SOLOMON WARD SEIDENWURM & SMITH, LLP

By: _____
    EDWARD J. MCINTYRE
    Attorneys for Pacific Law Center

*EXHIBIT 5 - PAGE 3*

## NOTICE TO FILING PARTY

PACIFIC LAW CENTER vs SAADATNEJAD

**Case Number:GIC878352**

## We are unable to process the attached papers for the reasons indicated below:

Other:   SEE ATTACHED SHEET FOR DETAILS.

**Please return this form if papers are resubmitted.**

Please enclose a self-addressed stamped envelope to expedite receipt of returned papers.

Papers returned to:  PACIFIC LAW CENTER

Date: 06/22/2007

Clerk of the Court,

*Lee Ryan*
_____
                                                    Deputy

Returned via: *Knoy*
_____

*EXHIBIT 5 - PAGE 4*

Gic878352
Pacific Law Center
Vs
Shahrokh Saadat-Nejad, individually and dba
Pacificlawcenters.com


No Request for Dismissal of DOES 1050, as required.

The required form "Request for Entry of Default" (CIV-100)
was not submitted.   Completion of both sides is mandatory,
Especially important is #8 (Declaration of Nonmilitary
Status); and #7 (Memorandum of Costs).

The required form "Judgment" (JUD-100) was not submitted.

The amount of Attorney Fees on default judgments are
allowed only pursuant to pursuant to San Diego Superior
Court local rule 2.53.  Submit a revised declaration.

EXHIBIT 5 - PAGE 5

EDWARD MCINTYRE, (SBN 80402)
SOLOMON, WARD, SEIDENWURM & SMITH
401 "B" STREET, SUITE 1200
SAN DIEGO  CA  92101
619-231-0303
Attorney for :  PLAINTIFF

Ref. No.        : 0257533-01
Atty. File No.  : 57122.002

SUPERIOR COURT OF CA. COUNTY OF SAN DIEGO
SAN DIEGO  JUDICIAL DISTRICT

PLAINTIFF      : PACIFIC LAW CENTER
DEFENDANT   : SHAHROKH SAADATNEJAD

Case No.: GIC878352
**DECLARATION REGARDING DILIGENCE**

I received the within process on 02/16/07.  After due and diligent effort I have been unable to effect personal service on the within named party at the following address(es):

Party served        SHAHROKH SAADATNEJAD, individually and doing business as
                    PACIFICLAWCENTERS.COM and USHOSTAGE.COM

Residence  :       3713 MT. ASHMUN PLACE, SAN DIEGO  CA  92111

Attempts to effect service are as follows:

02/17/07 02:00P  Attempted service, subject not home
02/18/07 09:30A  Attempted service, subject not home
02/20/07 08:00P  Attempted service, no answer
02/22/07 08:25P  Attempted service-effected substitute service

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  February 23, 2007

Signature: _James Arnn_
                    JAMES ARNN

**DECLARATION RE DILIGENCE**

EXHIBIT 5 – PAGE 6

**Attorney Calls Pacific Law Center A Front
For Unauthorized Practice Of Law**
courthousenews.com

SAN DIEGO (CN) - A former attorney for the **Pacific Law Center**, a champion for conservative issues, says the center "routinely commits malpractice," charges unearned fees and "takes legal action detrimental to clients."

The center "is an unlawful 'front' organization created by defendants Larry Majors, Austin Majors, and Jeffrey Phillips to permit them to engage in and profit from the unauthorized practice of law," one of their former attorneys says in Superior Court.

Carl Hancock says the La Jolla-based defendants "routinely commit malpractice in the handling of legal matters," churn legal fees, "take legal actions which are detrimental to the clients," charge excessive and unearned fees, and that Larry Majors is a felon whose conviction bars him from practicing law in California, and who fled from Texas "when faced with prosecution for the unauthorized practice of law."     Hancock says he worked for the defendants from March 11, 2007 until Jan. 19, 2008, and that he was fired for repeatedly protesting their unethical and illegal behavior.

He describes the PLC as a fraudulent conspiracy that defrauds clients to unjustly enrich themselves, that the Majorses and Phillips, oversee the work of defendant "front" attorneys **Alan E. Spears, Thomas Slattery** and **Kerry Steigerwalt**, and that they fraudulently conveyed assets of the PLC to Steigerwalt, to duck liability.

Neither Larry Majors, Austin Majors or Jeffrey Phillips is an attorney, Hancock says. Austin Majors is Larry Majors' son, and Phillips is Larry Majors' son in law, he says.

The complaint continues: "Larry Majors suffered a felony conviction in the State of Arizona and which precludes him from becoming eligible to practice law in the State of California. Plaintiff is informed and believes that Larry Majors, while residing in the State of Texas, engaged in schemes similar to those described herein and fled the jurisdiction when faced with prosecution for the unlawful practice of law."

Hancock describes Spears as "one of the 'front' attorneys who permit the other non-attorney Defendants to control the firm. Spears has actual knowledge of the firm's true ownership and control yet, in violation of the legal and ethical duties imposed on him by his membership in the Bar, continues to permit the non-attorney to make client decisions and profit from the unauthorized practice of law."

Hancock describes Slattery in similar or identical terms, and adds, "Defendant Slattery boasts privately of having 18 State Bar complaints filed against him, however, the firm has never disciplined Slattery for any complaint."

He claims defendant **Christopher Castle** is not an attorney authorized to practice in    . California, and that "Castle's role in the conspiracy is to manage and supervise the 'Intake

*EXHIBIT 5 - PAGE 7*

Coordinators,' the firm's legal salesmen, who are instructed to extract as high an amount of attorney fees as the client will agree to bear. Castle's actions are controlled, directly and indirectly, by Defendants Larry Majors, Austin Majors, and Jeffery Phillips. The attorney 'front-men,' Spears and Slattery, operate under specific instruction from Defendant Phillips to exert no control or authority over Castle or the salesmen."

Hancock says defendant **Michael Wilkes** is not an attorney authorized to practice in California, and that "Wilkes' role in the conspiracy is to act as one of the firm's salesmen. Clients have repeatedly complained that Wilkes holds himself out to be an attorney and gives legal advice, yet the firm has never disciplined him for such activities."

And he says Stiegerwalt is an attorney who "knew or reasonably should have known of the unlawful and ethical activities undertaken by each of Defendant (sic). Steigerwalt's role in the conspiracy consisted of entering into a sham sales transaction for the purpose of protecting the assets of each other Defendant in the event of liability under this complaint."

He claims that the Pacific Law Center "is controlled by Defendants, and each of them, for the purpose of avoiding California state laws prohibiting fraud, theft, and the unauthorized practice of law." He claims they "routinely engages in fraud in the solicitation and retention of prospective clients." He claims the "non-attorney 'Intake Coordinators' ... routinely provide unauthorized legal advice and use 'high-pressure' and 'scare' tactics to induce clients to retain the firm."

He claims, "The actions and tactics of the non-attorney 'Intake Coordinators' are controlled, directly and indirectly, by Defendants Larry Majors, Austin Majors, and Jeffrey Phillips, who employ unskilled attorneys to act as 'front-men' for the firm. These 'front' attorney have no authority to act on their own." He claims they "extract excessive and unconscionable fees and that clients are not informed about the work to be undertaken until after their retention." He claims that "Although the firm publishes an in-house 'fee schedule' for the benefit of State Bar investigators, the firms' salesmen quote excessively inflates fees dictated only by the client's assent. ... In many case, the salesmen obtain and hold the prospective client's driver's license or identification card to prevent the client from leaving the premises."

He claims "that Defendants and their agents routinely make misrepresentations to the State bar and other public and non-public entities for the purpose of hiding or 'covering-up' Defendants' illegal activities."

He claims that he witnessed this while he worked for the Pacific Law Center, and that his bosses there "directed Plaintiff to perform frivolous and unnecessary legal work for the purpose of obtaining unearned legal fees in violation of the public policies prohibiting fraud and theft," and that "as a result of Defendants' repeated demands to engage in activities in violation of public policy, Plaintiff was constructively terminated from his employment."

Hancock, who filed the complaint pro se, demands an injunction and punitive damages for conspiracy to engage in unauthorized practice of law, constructive discharge, fraud in the inducement, unjust enrichment, and asks the court to set aside fraudulent conveyance.

*EXHIBIT 5 - PAGE 8*