Shahrokh Saadat-Nejad
Mail: 3713 Mount Ashmun Place
San Diego, California 92111
Telephone: (646)225-8213
Email: C9729972@yahoo.com

Defendant



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pacific Law Center, and Solomon Ward Seidenwurm & Smith | CASE No.07-CV-0460 JLS (POR) |
| Plaintiffs, | RESPONSE TO SOLOMON WARD SEIDENWURM & SMITH'S BRIEF - DOCKET No. 80, 80-2, 80-3, 80-4 |
| vs. | |
| Shahrokh Saadat-Nejad | Hon. Janis L. Sammartino |
| Defendant. | Courtroom: 6 |

_____

   The domain names usgovernment.com, intelligence.com, courts.com was used as evidences to place defendant in US Federal jail/prison on July 12, 2007. The Court (Judge Larry Alan Burns) amongst other things refused to authenticate and or to verify the evidences filed by the plaintiffs. The plaintiffs again have filed these domain names as evidences against the defendant. Defendant has told this Court at minimum on July 12, 2007 and July 14, 2008 that the domain names do not belong to the defendant, and that they the plaintiffs have manufactured the evidences filed by the plaintiffs. To this day, this Court refuses to authenticate and or to verify the evidences filed by the plaintiffs. To this day this Court refuses to bring in the Court a computer with internet access as if today is 1967.

Docket numbers 80, 80-2, 80-3, and 80-4 are misleading the Court again just as past docket numbers filed by the plaintiffs. Mr. Michael M. Vasseghi has twisted the truth to benefit Solomon Ward Seidenwurm & Smith Law Firm. I told Mr. Michael M. Vasseghi that Mr. Edward J. Mcintyre must confess to his ongoing lies and manufacturing false evidences to the Court, and manufacturing Court orders. Magistrate Judge Louisa S. Porter should file a declaration regarding all meetings with her with the plaintiffs, and defendant.

Docket number 82 filed in this Court by the defendant proves that the plaintiffs Pacific Law Center, and Solomon Ward Seidenwurm & Smith have had the goal of shutting down websites owned by the defendant and postings posted by the defendant on craigslist.com which the defendant does not own. It States: **Docket No. 82, Page 85 of 106 it states from Solomon Ward Seidenwurm & Smith (DECLARATION OF EDWARD J. MCINTYRE IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES) 3/13/07 Legal research re removing offending materials from craigslist.com, prepare demand letters to craigslist.com, prepare demand letters to godaddy.com**

Docket number 82 filed in this Court by the defendant proves that the plaintiffs Pacific Law Center, and Solomon Ward Seidenwurm & Smith have manufactured a Federal Court Order to shut down eight websites and blogs owned by the defendant. It States: **Docket No. 82, Page 96 of ~~1006~~ 106 (SUPPLEMENTAL DECLARATION OF EDWARD J. MCINTYRE IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES) Date 8/08/07 Review emails from Go Daddy re take-down orders; review sites owned by Saadat to verify effect of orders; review additional results – 8/10/07 Review emails from Saadat to Go Daddy**

Docket number 10-2, Page 83 of 140 filed in this Court by the defendant is a letter addressed

to the defendant from Solomon Ward Seidenwurm & Smith (Mr. Edwaed J. Mcintyre) dated

March 12, 2007. The letter is designmed to distract defendant from fraud being commited and

planed by the plaintiffs.

The plaintiffs Pacific Law Center, and Solomon Ward Seidenwurm & Smith have bad faith

and they still do.

Docket number 10-2, Page 61 of 140 plaintiffs Pacific Law Center state that they the

plaintiff's defend child abuse and related sex-offender matters. Solomon Ward Seidenwurm &

Smith Law Firm was representing Pacific Law Center when that statement was filed in the

California State Court. Defendant is posting that information on the internet based on that it is

a fact. Solomon Ward Seidenwurm & Smith Law Firm profit from representing attorneys and or

law firms that defend repeat child molesters. I view this fact that Solomon Ward Seidenwurm &

Smith profit from child molestations, child pornography, and child sex slave masters (Pimps).

Pacific Law Center, Phillips & Associates Law Firm, DLA Piper Law Firm, and Solomon Ward

Seidenwurm & Smith Law Firm put food on their table, buy clothing for their family, buy homes,

buy cars, take vacations, Etc.... with money that they (Pacific Law Center, Phillips & Associates

Law Firm, DLA Piper Law Firm, and Solomon Ward Seidenwurm & Smith Law Firm) get from

repeat child molesters, child pornogrophy sellers, child sex slave masters (Pimps).

On July 28, 2008 a man attempting to convince me that he was sent from the Federal Court

has a Court order for me to review and sign. This was at 220 West Broadway in San Diego,

California. He left after I refused to give him back the document. I told a Sheriff officer about it,

but the officer did nothing. That exact document is attached to this document labeled as

EXHIBIT 1. It is 35 Pages.

Attached to this document labeled as EXHIBIT 2 is copies from California Secretary of State Debra Bowen which proves that Mr. Jeffrey L. Phillips is a Fraud. It is two Pages. Mr. Jeffrey L. Phillps removed his name as the Agent for Pacific Law Center on 7/23/07 right after ACLU file their papers in this Court on 7/23/07 (Docket number 46). Mr. Jeffrey L. Phillps is not a Licensed California Attorney, and he never has been. The People deserve a full refund, and their cases reviewed if they wish. Over 100,000 cases were handled by Pacific Law Center while being a fraud. I will continue to seek that justice for the People, and expose the ongoing coverup by the San Diego County District Attorney's Office.

The plaintiffs Pacific Law Center, and Solomon Ward Seidenwurm & Smith are asking and demanding that this court to be corrupt and ignore the facts amongst other things that they the plaintiff's forge Judges signatures to manufacture Court Orders to their desire.

DATE: _AUGUST 15, 2008_

_Shahrokh S.N._

Shahrokh Saadat-Nejad
Defendant

4

8               **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

11    PACIFIC LAW CENTER, a Professional Law     CASE NO. 07-CV-0460 JLS (POR)

       Corporation; and SOLOMON WARD

12    SEIDENWURM & SMITH, LLP,                   **PRETRIAL ORDER**

13             Plaintiff,

14    v.                                    Hon. Janice L. Sammartino

15    SHAHROKH SAADAT-NEJAD,

16             Defendant.

*EXHIBIT 1*
*35 PAGES*

1    Following pretrial proceedings pursuant to Fed. R. Civ. P. 16 and Civil Local Rule

2    16.1.f.6

3        IT IS ORDERED.

4                                        I

5        This is an action for violation of the Lanham Act and California law for trademark,

6    service mark and trade name infringement, trademark, service mark and trade name dilution,

7    cybersquatting, unfair competition, false designation of origin, false or misleading

8    description of fact, and unauthorized use of name.

9                                        II

10       Federal jurisdiction and venue are invoked on the ground that this is a civil action for,

11   among others, claims arising under the trademark laws of the United States, 15 U.S.C.

12   §1051, *et seq.*, and this Court has jurisdiction pursuant to the provisions of 28 U.S.C.

13   §1331, 28 U.S.C. §1338 and 15 U.S.C. §1121.  This Court has subject matter jurisdiction

14   over the unfair competition claims pursuant to 28 U.S.C. §1338(b), in that these claims are

15   joined with a substantial and related claim under the trademark laws of the United States.

16   This Court has supplemental jurisdiction over the state-law claims pursuant to the provisions

17   of 28 U.S.C. §1367(a).  Venue in this district is proper pursuant to the provisions of 28

18   U.S.C. §1391(b).

19                                       III

20       The following facts are admitted and require no proof:

21   **Jurisdiction and Venue.**

22       This Court has jurisdiction because this is a civil action for, among others, claims

23   arising under the trademark laws of the United States, 15 U.S.C. §1051, et seq., and this

24   Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1331, 28 U.S.C. §1338 and

25   15 U.S.C. §1121.  This Court has subject matter jurisdiction over the unfair competition

26   claims pursuant to 28 U.S.C. §1338(b), in that these claims are joined with a substantial and

27   related claim under the trademark laws of the United States.  This Court has supplemental

28   jurisdiction over the state-law claims pursuant to the provisions of 28 U.S.C. §1367(a).

1   Venue in this district is proper pursuant to the provisions of 28 U.S.C. §1391(b).

2   **Solomon Ward.**

3         Solomon Ward Seidenwurm & Smith, LLP is a professional law corporation in San

4   Diego, that is, and has been for more than 30 years, known and practicing law throughout

5   California and across the country.

6         Solomon Ward uses and has used the exclusive service marks and trade names

7   "Solomon Ward Seidenwurm & Smith" and "Solomon Ward" in its professional business.

8         Solomon Ward has registered the internet domain names "swsslaw.com" and

9   "solomonward.com" and has operated internet sites at swsslaw.com to make the public

10   aware of its professional practice.

11         Solomon Ward has over many years built up valuable goodwill in its service marks

12   and trade names and both the profession and the general public has come to associate those

13   names exclusively with Solomon Ward's professional practice in San Diego, throughout

14   California and across the nation.

15   **Pacific Law Center.**

16         Pacific law Center is registered with the. state bar of California. Pacific Law Center

17   has more than 20 licensed attorneys at its three San Diego offices—La Jolla, Escondido and

18   Chula Vista. Overall, Pacific Law Center has more than 100 employees.

19         During the last four years in San Diego, Pacific Law Center has spent millions of

20   dollars in print and other media advertising.

21         The sole purpose of that advertising is to associate Pacific Law Center with high

22   quality legal services for our clients in the three areas in which Pacific Law Center attorneys

23   primarily practice: personal injury, criminal law and consumer bankruptcy representation.

24         Over the course of time, and because of that advertising, consumers of legal services

25   identify Pacific law Center with the professional corporation that is registered with the state

26   Bar and that provides high quality legal services for clients throughout San Diego County.

27         Pacific Law Center has registered and owns the websites pacificlawcenter.com,

28   pacificlawcenter.net, pacificlawcenter.org and pacificlawcenter.ws. Those websites are a

1 major avenue for clients to learn about Pacific Law Center, its attorneys and the services it

2 provides. They also provide a way for clients to reach Pacific Law Center.

3 As a result, the trade name and service mark, "Pacific Law Center" has achieved a

4 secondary meaning in the minds of the consuming public as a specific source of high quality

5 legal services for clients in San Diego County.

6 **Saadat-Nejad Retained and Then Fired Pacific Law Center.**

7 On August 31, 2006, Saadat-Nejad retained Pacific Law Center to defend him against

8 criminal charges pending in San Diego and for which he was then incarcerated.

9 Shortly thereafter, Saadat-Nejad became dissatisfied with Pacific Law Center's

10 representation and terminated its representation of him.

11 **Saadat-Nejad Misappropriates Pacific Law Center's Domain Name.**

12 On September 20, 2006, Saadat-Nejad registered and obtained ownership of the

13 internet domain name "pacificlawcenters.com," which is confusingly similar to the internet

14 domain names registered to Pacific Law Center and sites it uses.

15 He maintained registration of the internet domain name of, and operated the internet

16 site at, "pacificlawcenters.com."

17 Saadat-Nejad, through a lawyer purporting to represent him, told Pacific Law Center

18 that unless it pays him $500,000 he will continue to use its domain name. Saadat-Nejad

19 reiterated that threat at a meeting at Solomon Ward's office.

20 **Superior Court Action.**

21 On January 12, 2007, Pacific Law Center filed an action in superior court against

22 Saadat-Nejad, Case No. GIC 878352.

23 On February 23, 2007, Pacific Law Center retained Solomon Ward to represent it in

24 that lawsuit.

25 On February 27, 2007, Solomon Ward successfully obtained a restraining order

26 against Saadat-Nejad.

27 **Saadat-Nejad Misappropriates Solomon Ward's Domain Names.**

28 On March 10 or 11, 2007, Saadat-Nejad obtained the domain name

1  "solomonwardlawfirm.com."

2       Saadat-Nejad maintained registration of that internet domain name and operated the

3  internet site at solomonwardlawfirm.com.

4       His intent was (1) to intercept Solomon Ward' s actual and potential clients and the

5  general public who use internet search engines' "keyword" search features that would

6  otherwise lead them to Solomon Ward's internet sites; (2) to intercept clients who have

7  added "law firm" to Solomon Ward's true internet site name in an attempt to find Solomon

8  Ward; and (3) once clients enter Saadat-Nejad internet site, to expose them to its content,

9  which he designed to disparage and harm the goodwill of Solomon Ward, attempting to

10  dissuade actual and potential clients from doing business with Solomon Ward and to entice

11  them to communicate by email with Saadat-Nejad and to visit another internet site that

12  Saadat-Nejad owns and operates under the internet domain name "ushostage.com."

13       Saadat-Nejad also registered and used solomonwardsandiego.com.

14       Saadat-Nejad has made clear that he intended to continue his vendetta against

15  Solomon Ward because it represented Pacific Law Center initially in the state action and

16  later in this action.

17       Solomon Ward has had inquiries about the pirate site that Saadat-Nejad has used.

18       Solomon Ward has already suffered irreparable harm as a result of Saadat-Nejad's

19  conduct and it will continue to suffer irreparable harm unless this Court stops him.

20       There is no way accurately to determine the whole of the harm that Saadat-Nejad has

21  done to Solomon Ward and its reputation and the reputation of its attorneys.

22       Money damages are inadequate to repair that harm and, in that respect, Solomon

23  Ward has already suffered and continues to suffer irreparable harm and will do so until this

24  Court stops Saadat-Nejad.

25       This Court's record is already filled with evidence of Saadat-Nejad's misappropriation

26  of Solomon Ward's service marks, trade names and domain names. Accordingly, Solomon

27  Ward respectfully request this Court to take judicial notice of its own files and direct the

28

1     Court specifically to the exhibits already in the record.[1]

2     **This Action.**

3            Solomon Ward sued Saadat-Nejad based on, *inter alia*, the Anti-Cybersquatting

4     provisions of the Lanham Act.[2]

5            This Court granted Solomon Ward's motion for a temporary restraining order and,

6     thereafter, issued a preliminary injunction.

7            At each hearing, the Court conducted a patient and extended colloquy with Saadat-

8     Nejad informing him what he could and could not do.

9            As a result, Saadat-Nejad attacked Judge Burns personally, accusing him, among

10     other lies, of being in Solomon Ward's pocket.[3]

11            The temporary restraining order, however, did not stop Saadat-Nejad; neither did the

12     preliminary injunction.

13            Nor did this Court's colloquies that warned Saadat-Nejad not to "get chalk on his

14     shoes," or he would go to jail.[4] Accordingly, the Court found Saadat-Nejad in contempt and

15     incarcerated him for almost two weeks.[5]

16            Solomon Ward now seeks to have the Court's preliminary injunction made

17     permanent.

18

19

20

---

[1]   Those Exhibits and authenticating declarations are at McIntyre Declaration, with Exhibits (Docket No. 3); Slattery Declaration, with Exhibits (Docket No. 3); Phillips Declaration, with Exhibits (Docket No. 18); Supplemental Memorandum, with Exhibits (Docket No. 18); McIntyre Declaration (Docket No. 36); McIntyre Declaration (Docket No. 39); Exhibits in Notice of Lodgment, and specifically Exhibits 5 through 11 (Docket No. 39); McIntyre Declaration (Docket No. 48).

[2]   Before imposing on this Court, however, Pacific Law Center and Solomon Ward attempted to see if resolution was possible. They met with Saadat-Nejad for four hours on Friday, March 15; he showed up at Solomon Ward's offices with a baseball bat and tape recorder.

[3]   See, for example, Transcript of April 26, 2007 hearing, Exhibit 4, and specifically p. 4:35 (Docket No. 39); see also Exhibits 5.2 and 9.6 (Docket No. 39). By way of further example, he claimed in his response to the preliminary injunction motion (Docket No. 24) that Solomon Ward has "judges in their back pockets," the same accusation that he leveled against Judge Burns.

[4]   Transcript of April 26 hearing, 4:22-23 (Docket No. 39).

[5]   Contempt order, entered July 14, 2006 (Docket No. 43); July 12, 2007 minute order (Docket No. 12).

# The Temporary Restraining Order.

## The Order.

On March 29, 2007, this Court entered a temporary restraining order that states:

Shahrokh Saadat-Nejad, and anyone acting in concert with him, is hereby enjoined and restrained from:

1.     Registering, and trafficking in, any internet website or domain name that contains the words Pacific, Law and Center, with or without other words or symbols, in any respect whatsoever;

2.     Registering, and trafficking in, any internet website or domain name that contains the words Solomon and Ward, with or without other words or symbols, in any respect whatsoever;

3.     Registering and trafficking in, the service mark or trade name Pacific Law Center in any respect whatsoever.

4.     Registering and trafficking in the service mark or trade name Solomon Ward or Solomon Ward Seidenwurm & Smith in any respect whatsoever.

## The Findings.

In entering that order, the Court made the following findings of fact and law:

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  A party seeking injunctive relief under Rule 55 must show ... [a strong likelihood] of probable success on the merits and the possibility of irreparable harm or alternatively if serious questions are raised and the balance of hardships tips sharply in the moving party's favor.  These formulations represent two points on a sliding scale, which the required degree of irreparable harm increases as the probability of success decreases.  Even if the court is uncertain of the moving party's likelihood of success on the merits, a TRO may still issue if the moving party convinces the court that the balance of hardships tips in its favor.

Here I find that the plaintiffs have shown **both** a combination of probable success on the merits and the possibility of irreparable harm and that serious questions are raised and the balance of hardships tips sharply in the moving party's favor.  The TRO in this case is supported by declarations of Mr. McIntyre and Thomas Slate (phonetic), a supervising lawyer at pacific law center.  Their declarations substantiate that Mr. **Saadat-Nejad intentionally obtained and used confusing websites to discredit and disparage the two law firms** and to make what they allege are false and inflammatory accusations about the law firms and their lawyers.  As a result, there has been harm to their reputation and businesses.

The declarations also substantiate that each law firm has established a secondary meaning to their service marks and trademark names associated with their professional practices. Mr. Saadat-Nejad, in the court's opinion, having viewed both his evidence and that submitted by the plaintiffs, does not appear to have any legitimate trademark or common law or registered right to use any name even remotely similar to Pacific Law Center or Solomon Ward

and specifically no right to use pacificlawcenters.com and pacific/law/centers.com or solomonwardlawfirm.com or solomonwardsandiego.com.

I find in agreement with the plaintiffs that there's a great likelihood of harm if this conduct persists to their reputation. As I said, I've found that they've established, both law firms, a secondary meaning to these marks and the names associated with their professional practices.

The court has examined the underlying law in this case, the 1999 Anti-Cybersquatting and Consumer Protection Act, codified at Title 15 of the United States Code, Section 1125(d). The purpose of that section is to protect consumers and American businesses and to promote growth of online commerce, provide clarity for trademark owners by prohibiting bad faith and abusive registration of distinctive marks as internet domain names with the intent to profit from the goodwill associated with those marks.

In addition, the 9th Circuit has held that the not [Anti-Cybersquatting Act] contain a commercial use [requirement] they probably can in this case.

Show actual commercial interference with their law practices from Mr. Saadat-Nejad's Anti-Cybersquatting Act does not contain a commercial use requirement so that although they probably can in this case, the plaintiffs don't need to show actual commercial interference with their law practices from Mr. Saadat-Nejad's domain name misappropriation in order to prevail.[6]

## The Preliminary Injunction.

On April 26, 2007, this Court entered a preliminary injunction that repeated verbatim the Court's prior temporary restraining order.

In entering that preliminary injunction, the Court found:

The Court incorporates the transcript of proceedings at the temporary restraining order. I understand that it has not yet been prepared, but I incorporate that into my finding and analysis today. The legal standards discussed at that hearing and in the order that followed it apply here as well.

The Court confirms its findings from the earlier hearing. I find that a preliminary injunction should issue. I find both a combination of probable success on the merits on the part of the plaintiffs and the possibility of irreparable harm of the kind that would issue has not ceased subject to a court order. The balance of hardships tips sharply in favor of the moving party.[7]

## The Contempt Finding.

On July 12, 2007, the Court found:

After hearing from the parties, and in consideration of the procedural history,

---

[6]   Transcript of March 29, 2007 hearing, pp. 2:15-2:18 (Docket No. 39). [Emphasis added.]
[7]   Transcript of April 26, 2007 hearing, 4:12-13 (Docket No. 39).

prior Orders, and evidence before the court. the court made a number of findings on the record, including but not limited to:

1.     Extensive colloquy occurred on the record between the court and SaadatNejad, both at the March 29, 2007 hearing resulting in the issuance of the Temporary Restraining Order and at the April 27, 2007 hearing resulting in the issuance of the Preliminary Injunction, to ensure he understood the kind of conduct permitted under the First Amendment and the kind of conduct the injunctions aimed to prohibit.

2.     Saadat-Nejad acknowledged on the record at those prior hearings he understood what he had to stop doing in order to comply with the injunctions. The court quoted from transcripts of those proceedings at the OSC hearing.  The court is certain Saadat-Nejad understood at those times what was prohibited.

3.     The court also relied on the transcripts of those prior hearings to demonstrate Saadat-Nejad manifested a likelihood that he would "push the envelope" up to and including stepping on or over the line into prohibited activity, and the court expressly cautioned him at those prior hearings to avoid such conduct because of the consequences of violating court Orders, up to and including potential exposure to incarceration for civil contempt.

4.     The Preliminary Injunction is clear on its face. *See* Dkt No. 26.

5.     Plaintiffs have produced clear and convincing evidence that Saadat-Nejad has persisted in registering/trafficking in internet/website names and terms since the entry of the Preliminary Injunction which violate the Preliminary Injunction.

6.     Saadat-Nejad has expressly revealed his conscious and belligerent intention to defy the court's Order in the future by such representations as:  "I **inten[d] to register** 'Pacific Lawyers Center' as my trademark service name...." Dkt No. 41, ¶5, Reply To OSC.

7.     As is more fully recited on the record, based on Saadat-Nejad's conduct in the presence of this court, his defiance of the prohibitions in the Preliminary Injunction, the content of his filings, and the totality of the circumstances, the court finds him to be in civil contempt of court.

8.     No lesser alternative than jail has had the needed effect to curb Saadat-Nejad's intentional misconduct, such as the extensive explanation, the verbal warnings, and an explanation of the serious consequences attendant on failure to respect court Orders he previously received.

9.     An Order that Saadat-Nejad be jailed for civil contempt is warranted as a coercive measure to encourage him to abandon his continuing and future planned violations of the Preliminary

1         Injunction.

2 **Irreparable Harm.**

3        Solomon Ward has, over many years, built up valuable good will on its service marks

4 and trade names and, more recently, its domain names, Solomon Ward will suffer

5 irreparable harm if Saadat-Nejad is allowed, with impunity, to infringe Solomon Ward's

6 service marks and trade names and to register or traffic in any internet website or domain

7 name that contains the words Solomon and Ward or if he is allowed to register and traffic in

8 the Solomon Ward service mark or trade name.

9                       **IV**

10        The reservations as to the facts recited in paragraph III above are as follows: None.

11                       **V**

12        The following facts, though not admitted, are not to be contested at the trial by

13 evidence to the contrary: None.

14                       **VI**

15        The following issues of fact, and no others, remain to be litigated upon the trial:

16 None.

17                      **VII**

18        The exhibits to be offered at the trial, together with a statement of all admissions by

19 and all issues between the parties with respect thereto, are as follows:

20 **Solomon Ward.**

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|
| 1. | | | Service mark and trade name "Solomon Ward Seidenwurm & Smith" |
| 2. | | | Service mark and trade name "Solomon Ward" |
| 3. | | | Registration for "swsslaw.com" |
| 4. | | | Registration for "SolomonWard.com" |
| 5. | | | Evidence of internet site "swsslaw.com" |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
| 6. | | | Evidence of website "solomonwardsandiego.com" |
| 7. | | | Registration for "Solomonwardlawfirm.com" |
| 8. | | | Registration for "USHostage.com" |
| 9. | | | Website: "Welcome to SolomonWardSanDiego.com" |
| 10. | | | Internet website: "pacificlawcenters.com" |
| 11. | | | Declaration of Shahrokh Saadat-Nejad, dated March 26, 2007 (without exhibits) |
| 12. | | | Saadat-Nejad's fee agreement with Mary Frances Prevost, dated January 15, 2007 |
| 13. | | | Letter dated February 1, 2007 from Mary Frances Prevost to Thomas Slattery and Robert Arentz |
| 14. | | | Solomon Ward's complaint: National Arbitration Forum, dated March 21, 2007 |
| 15. | | | Internet website: "Free San Diego 100% Free, Warning, DUI Attorney..." |
| 16. | | | Temporary Restraining Order and Order to Show Cause, filed March 29, 2007 |
| 17. | | | [Proposed] Temporary Restraining Order and Order to Show Cause, filed March 29, 2007, with Court's handwritten annotations. |
| 18. | | | Evidence of website: "civilcasenumbers.com/2007/05/10/solomonwardswsslawcom.aspx." |
| 19. | | | Evidence of website: "pacificlawyerscenter.com." |
| 20. | | | Evidence of website: "usgovernment courts.com." |
| 21. | | | Evidence of website "sandiegocriminalattorneys.usgovernment.com/2007/05/10/solomonwardpacificlawcenter.aspx." |
| 22. | | | Evidence of website "losangelescountylaws.com/2007/05/11/solomonward pacificlawcentersandduilawyers.com." |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
| 23. | | | Evidence of website "duisandiegodui.com." |
| 24. | | | Evidence of website "intellegence.com/2007/05/26/solomonwardseidenwurm andsmithsandiegorealestateconstructionlitigationat torneyslawyers.aspx." |
| 25. | | | Evidence of website: "socommil.com." |
| 26. | | | Preliminary Injunction filed April 27, 2007 |
| 27. | | | Shahrokh Saadat-Nejad's Response to Alleged Contempt, filed July 6, 2007 |
| 28. | | | Order Following Hearing on Order to Show Cause re Contempt, filed July 16, 2007 |
| 29. | | | Reporter's Transcript of Ex Parte Motion for Temporary Restraining Order, dated March 29, 2007 |
| 30. | | | Reporter's Transcript of Motion/Miscellaneous Hearing Before the Honorable Larry Alan Burns, dated April 26, 2007 |
| 31. | | | Reporter's Transcript of Order to Show Cause Hearing, dated July 12, 2007. |

**Pacific Law Center.**

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
| 32. | | | Registration with the State Bar of California for Pacific Law Center |
| 33. | | | Evidence of website pacificlawcenter.com |
| 34. | | | Evidence of website of pacificlawcenter.net |
| 35. | | | Evidence of website pacificlawcenter.org |
| 36. | | | Evidence of website pacificlawcenter.ws |
| 37. | | | Registration for pacificlawcenter.com |
| 38. | | | Registration for pacificlawcenter.net |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
| 39. | | | Registration for pacificlawcenter.org |
| 40. | | | Registration for pacificlawcenter.ws |
| 41. | | | Evidence of trade name and service mark "Pacific Law Center" |
| 42. | | | Evidence of trade name and service mark "pacificlawcenters.com" |
| 43. | | | Evidence of trade name and service mark "pacificlawcenter.com" |
| 44. | | | Registration for "USHOSTAGE.com" |
| 45. | | | Letter dated February 1, 2007 from Mary Frances Prevost to Thomas Slattery and Robert Arentz |
| 46. | | | (Proposed) Temporary Restraining Order and Order to show Cause, filed March 29, 2007, with Court's handwritten annotations |
| 47. | | | Evidence of website: "civilcasenumbers.com/2007/05/10/solomonwardswsslawcom.aps" |
| 48. | | | Evidence of Web-site: "pacificlawyerscenter.com" |
| 49. | | | Evidence of website: "usgovermnent.courts.com." |
| 50. | | | Evidence of website "duisandiegodui.com" |
| 51. | | | Evidence of website "sandiegocriminalattorneys.usgovernment.com/2007/05/10/Solomonwardpacificlawcenter.asps" |
| 52. | | | Evidence of website "losangelescountylaw.com/2007/05/11/solomonwardpacificLawcenterssandiegoduilawyers.com" |
| 53. | | | Evidence of website "intelligence.com/2007/05/26/SolomonwardseidenwurmandsmithsandiegorealestateconstructionlitigationAttorneyslawyers.aspx" |
| 54. | | | Evidence of website: "socommil.com." |
| 55. | | | Preliminary Injunction filed April 27, 2007 |
| 56. | | | Shahrokh Saadat-Nejad's Response to Alleged |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
|        |             |               | Contempt, filed July 6, 2007 |
| 57.    |             |               | Order Following Hearing on Order to Show Cause re Contempt, filed July 16, 2007 |
| 58.    |             |               | Any other exhibit listed by any other party |

**Shahrokh Saadat-Nejad.**

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
| 59.    |             |               | 3/13/07 COMPLAINT against Shahrokh Saadat-Nejad (Filing fee $ 350./#135996), filed by Pacific Law Center, Solomon Ward Seidenwurm and Smith LLP. (Attachments: # 1 Patent Letter) (Letter and copy of complaint mailed)(rxm) (Entered: 03/14/2007) |
| 60.    |             |               | 3/13/07 Summons Issued as to Shahrokh Saadat-Nejad. (rxm) (Entered: 03/14/2007) |
| 61.    |             |               | 3/21/07 Ex Parte MOTION for Temporary Restraining Order by Solomon Ward and by Pacific Law Center. (Attachments: # 1 Memo of Points and Authorities in Support of Motion # 2 Declaration of Thomas Slattery # 3 Declaration of Edward J. McIntyre) (McIntyre, Edward) (Entered: 03/21/2007) |
| 62.    |             |               | 3/22/07 AFFIDAVIT of Service for Notice of Ex Parte Application, et al. Edward J. McIntyre personally served on Shahrokh Saadat-Nejad on March 22, 2007, filed by Pacific Law Center. (McIntyre, Edward) (Entered: 03/22/2007) |
| 63.    |             |               | 3/22/07 Minute Entry: Judge M. James Lorenz recuses from this case and orders another judge assigned. Judge Larry Alan Burns randomly assigned. New case number 07cv0460-LAB(POR). asp) (Entered: 03/22/2007) |
| 64.    |             |               | 3/23/07 ORDER Setting Briefing and Hearing on Plaintiffs' Application for Temporary Restraining Order 3; dft shall serve and file a memorandum responsive to plas' application no later than Monday, March 26, 2007 at 4:00pm; plas shall serve and file a reply memorandum no later than Wednesday, March 28, 2007 at noon; TRO |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
| | | | Hearing set for 3/29/2007 10:00 AM in Courtroom 9 before Judge Larry Alan Burns; counsel for plas shall forthwith give dft telephonic notice of the contents of this Order and shall expeditiously effectuate service of same; Signed by Judge Larry Alan Burns on 3/23/07. (kaj) (Entered: 03/23/2007) |
| 65. | | | 3/23/07  CERTIFICATE of Counsel re 6 Order Setting Hearing on Motion, Declaration of Notice by Edward J McIntyre on behalf of all plaintiffs (McIntyre, Edward) (Entered: 03/23/2007) |
| 66. | | | 3/27/07  RESPONSE in Support re 3 Ex Parte MOTION for Temporary Restraining Order by Solomon Ward and Pacific Law Center filed by Pacific Law Center. (McIntyre, Edward) (Entered: 03/27/2007) |
| 67. | | | 3/28/07  Discrepancy Order by Judge Larry Alan Burns accepting document: Declaration of Shahrokh Saadat-Nejad and response to all ex parte in all court cases listed from Defendant Shahrokh Saadat-Nejad, non-compliance with local rule. No proof of service. Dft to file Proof of Service forthwith. Signed by Judge Larry Alan Burns on 3/27/2007. (jah) (Entered: 03/28/2007) |
| 68. | | | 3/28/07  DECLARATION of Shahrokh Saadat-Nejad and Response to All Ex Parte in All Court Cases Listed by Defendant Shahrokh Saadat-Nejad. NUNC PRO TUNC 3/26/2007 (Attachments: # 1 Declaration Part 2)(jah) (Entered: 03/28/2007) |
| 69. | | | 3/29/07  AFFIDAVIT of Service for Summons and Complaint Pacific Law Center and Solomon Ward Seidenwurm & Smith served on Shahrokh Saadat-Nejad on March 14, 2007, filed by Pacific Law Center. (McIntyre, Edward) (Entered: 03/29/2007) |
| 70. | | | 3/29/07  Minute Entry for proceedings held before Judge Larry Alan Burns : Motion Hearing held on 3/29/2007. Plaintiff's Ex Parte MOTION for Temporary Restraining Order 3 is granted in part and denied in part.  Court to issue written order. Matter is referred to Magistrate Judge Porter for a settlement conference. Motion hearing on preliminary injunction, if applicable, shall be set for **4/26/07 at 12:00 pm**; plaintiff's motion to be efiled by 4/16/07 before 5:00 pm; defendant's written opposition to be filed with the Clerk's |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
|        |             |               | Office by 4/23/07 before 5:00 pin (Court Reporter Eva Oemick / CRD: A. Ramos / Plaintiff Attorneys: Edward McIntyre & Christina Milligan / Pro Se Defendant: Shahrokh Saadat-Nejad) (acr) (Entered: 03/29/2007) |
| 71.    |             |               | 3/29/07 ORDER, granting 3 Ex Parte MOTION for Temporary Restraining Order by Solomon Ward and filed by Pacific Law Center. Settlement Conference set for 4/11/2007 10:00 AM in Courtroom H before Magistrate Judge Louisa S Porter. Preliminary Injunction Hearing set for 4/26/2007 12:00 PM in Courtroom 9 before Judge Larry Alan Burns. Signed by Judge Larry Alan Burns on 03/29/07. (joeh, ) (Entered: 03/29/2007) |
| 72.    |             |               | 3/29/07 TEMPORARY RESTRAINING ORDER. Signed by Judge Larry Alan Burns on 03/29/07. (joeh, ) (Entered: 03/29/2007) |
| 73.    |             |               | 3/29/07 ORDER; the court granted the application for temporary restraining order and separately enters the TRO; Magistrate Judge Porter set a settlement conference for Wednesday, April 11, 2007 at 10:00am in Courtroom H; no later than noon on April 9, 2007, the parties shall lodge in Magistrate Judge Porter's chambers their Confidential Settlement Briefs; Preliminary Injunction Hearing set for Thursday, April 26, 2007 at noon before Judge Larry A. Burns; plas supporting brief due on or before April 16, 2007; dft's reply/opposition due no later than April 23, 2007 at 5:00pm. Signed by Judge Larry Alan Burns on 3/29/07. (kaj) (Entered: 04/03/2007) |
| 74.    |             |               | 4/03/07 AFFIDAVIT of Service for Order Following Hearing on Plaintiffs' Application for a TRO Pacific Law Center and Solomon Ward served on Shahrokh Saadat-Nejad on April 3, 2007, filed by Pacific Law Center. (McIntyre, Edward) (Entered: 04/03/2007) |
| 75.    |             |               | 4/11/07 ORDER; settlement conf held on 4/11/07; Settlement Conference set for 4/16/2007 01:30 PM in Courtroom H before Magistrate Judge Louisa S Porter. Signed by Magistrate Judge Louisa S Porter on 4/11/07. (kaj) (Entered: 04/12/2007) |
| 76.    |             |               | 4/11/07 Minute Entry for proceedings held before Judge Louisa S Porter: Settlement Conference held on 4/11/2007. Order to follow. (Plaintiff Attorney Edward McIntyre).(Defendant Attorney Shahrokh |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
|        |             |               | Saadat-Nejad). (rfm, ) (Entered: 04/17/2007) |
| 77.    |             |               | 4/16/07  Supplemental MOTION for Preliminary Injunction by Pacific Law Center. (McIntyre, Edward) (Entered: 04/16/2007) |
| 78.    |             |               | 4/16/07  Minute Entry for proceedings held before Judge Louisa S Porter: Settlement Conference held on 4/16/2007. Order to follow. (Plaintiff Attorney Edward McIntyre).(Defendant Attorney Shahrokh Saadat-Nejad). (rfm, ) (Entered: 04/17/2007) |
| 79.    |             |               | 4/17/07  ORDER; telephonic settlement conf held on 4/16/07; Preliminary Injunction Hearing set for 4/26/2007 12:00 PM in Courtroom 9 before Judge Larry Alan Burns; Signed by Magistrate Judge Louisa S Porter on 4/17/07. (kaj) (Entered: 04/18/2007) |
| 80.    |             |               | 4/18/07  RESPONSE in Support re 18 Supplemental MOTION for Preliminary Injunction Errata to Supplemental Memorandum filed by Pacific Law Center. (McIntyre, Edward) (Entered: 04/18/2007) |
| 81.    |             |               | 4/25/07  Discrepancy Order by Judge Larry Alan Burns accepting document: response to pla's falsified and manufactured documents from Defendant Shahrokh Saadat-Nejad, non-compliance with local rule 7.1 or 47.1; other: missing proof of service; filing authorized by docket #15, dft to forthwith serve and file proof of service; Signed by Judge Larry Alan Burns on 4/23/07. (kaj) (Entered: 04/25/2007) |
| 82.    |             |               | 4/25/07  RESPONSE re 18 Supplemental MOTION for Preliminary Injunction filed by Shahrokh Saadat-Nejad (nunc pro tunc 4/23/07) (kaj) (Entered: 04/25/2007) |
| 83.    |             |               | 4/27/07  Minute Entry for proceedings held before Judge Larry Alan Burns: Motion Hearing held on 4/27/2007. 18 Supplemental MOTION for Preliminary Injunction filed by Pacific Law Center held. Court to issued order.(Court Reporter Frank Rangus).(Plaintiff Attorney Edward McIntyre).(Defendant Attorney Shahrokh Saadat-Nejad). (tlw) (Entered: 04/27/2007) |
| 84.    |             |               | 4/27/07  PRELIMINARY INJUNCTION; plaintiffs' counsel shall ensure service of this Order on Saadat-Nejad, and all other court documents, in |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|
| | | | the manner the parties have agreed on the record; Signed by Judge Larry Alan Burns on 4/27/07. (kaj) (Entered: 04/30/2007) |
| 85. | | | 4/30/07 Declaration of Service on Shahrokh Saadat-Nejad re 26 by Pacific Law Center. (McIntyre, Edward) Modified on 5/1/2007 to correct text (kaj). (Entered: 04/30/2007) |
| 86. | | | 5/8/07 Request for Entry of Clerks Default against Shahrokh Saadat-Nejad. (Attachments: # 1 Declaration of Edward J. McIntyre # 2 [Proposed] Default by Clerk)(McIntyre, Edward) (Entered: 05/08/2007) |
| 87. | | | 5/9/07 SET ASIDE PER ORDER 32. Clerk's ENTRY OF DEFAULT as to Shahrokh Saadat-Nejad (kaj) Modified on 5/29/2007 to reflect default is set aside (jpp, ). (Entered: 05/09/2007) |
| 88. | | | 5/14/07 Document stricken from the record per discrepancy order by Judge Burns on 5/15/07 31 (kaj) Modified on 5/16/2007 to strike document (kaj). (Entered: 05/15/2007) |
| 89. | | | 5/15/07 Discrepancy Order by Judge Larry Alan Burns rejecting document: Response & Oppose Default & Motion from Defendant Shahrokh Saadat Nejad, non-compliance with local rule 5.1; other: no indication of ex parte request for relief from default or showing why dft is purportedly not in default; the exhibits are irrelevant to the default issue; argument regarding detail or merits of other cases is irrelevant to the default issue in this case; extraneous argument fails to show good cause for relief from the default; no motion to dismiss hearing was requested and none will be granted while defendant remains in default; the document is rejected, the clerk is ordered to strike the document from the record; Signed by Judge Larry Alan Burns on 5/15/07. (kaj) (Entered: 05/16/2007) |
| 90. | | | 5/25/07 ORDER construing filing and granting Defendant's request for relief from Default. Shahrokh Saadat-Nejad answer due 6/11/2007.. Signed by Judge Larry Alan Burns on 05/25/07. (jpp, ) (Entered: 05/29/2007) |
| 91. | | | 5/19/07 Discrepancy Order by Judge Larry Alan Burns accepting document: Construed as: request for relief from default from Defendant Shahrokh Saadat-Nejad, non-compliance with local rule |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|
| | | | other: Clerk's Default Entered. Signed by Judge Larry Alan Burns on 05/24/07. (jpp, ) (Entered: 05/29/2007) |
| 92. | | | 5/29/07 REQUEST (filed as an answer) by Shahrokh Saadat-Nejad for relief from default. NUNC PRO TUNC 05/21/07.(jpp, ) (Entered: 05/29/2007) |
| 93. | | | 6/11/07 NOTICE (filed as an answer) t/w Declaration of Service by Shahrokh Saadat-Nejad (jpp,) (Entered: 06/11/2007) |
| 94. | | | 6/19/07 Ex Parte MOTION for Contempt for Order to Show Cause Concerning Saadat-Nejad's Contempt by Pacific Law Center. (Attachments: # 1 Declaration of Edward J. McIntyre in Support of OSC re Contempt) (McIntyre, Edward) (Entered: 06/19/2007) |
| 95. | | | 6/19/07 Order Granting 36 Ex Parte Application and ORDER TO SHOW CAUSE why defendant Shahrokh Saadat-Nejad should not be held in contempt of this Court's 04/26/07 Preliminary Injunction Order. Order to Show Cause Hearing set for 7/12/2007 12:00 PM in Courtroom 9 before Judge Larry Alan Burns. Plaintiff shall file their papers in support by 06/20/07.Saadat-Nejad may file responsive papers by 7/6/2007. Plaintiffs may file a reply by 7/9/2007. Signed by Judge Larry Alan Burns on 06/19/07. (jcj) (Entered: 06/19/2007) |
| 96. | | | 6/19/07 AFFIDAVIT re 37 Order to Show Cause, Terminate Motions, Set Hearings,,, Affidavit of Service of Order and Ex Parte Papers by Plaintiff Pacific Law Center. (McIntyre, Edward) (Entered: 06/19/2007) |
| 97. | | | 6/20/07 MOTION for Contempt re This Court's April 26, 2007 Preliminary Injunction by Pacific Law Center. (Attachments: # 1 Declaration of Edward J. McIntyre in Support of Order to Show Cause re Contempt# 2 Exhibit Notice of Lodgment of Exhibits)(McIntyre, Edward) (Entered: 06/20/2007) |
| 98. | | | 7/6/07 REPLY re 37 Order to Show Cause, filed by Shahrokh Saadat-Nejad. (vrp) (mam). (Entered: 07/09/2007) |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|
| 99. | | | 7/9/07 REPLY re 39 MOTION for Contempt re This Court's April 26, 2007 Preliminary Injunction filed by Pacific Law Center. (McIntyre, Edward) (mam). (Entered: 07/09/2007) |
| 100. | | | 7/12/07 Minute Entry for proceedings held before Judge Larry Alan Burns : Show Cause Hearing held on 7/12/2007. Motion for contempt re: court's 4/26/07 preliminary injunction - granted. Court finds the dft in civil contempt of the preliminary injunction. Court orders the dft remanded into custody. Court orders dft detained without bail. Abstract to USM.Further Status Conference set for 7/25/2007 12:15 PM in Courtroom 9 before Judge Larry Alan Burns. (Court Reporter EVA OEMICK).(Plaintiff Attorney Edward McIntyre and Thomas Slattery).(Defendant Attorney Shahrokh Saadat-Nejad). (tlw) (Entered: 07/13/2007) |
| 101. | | | 7/12/07 ABSTRACT OF ORDER remanding defendant for civil contempt. No Bail. Abstract issued to USM.(vrp)(bar ). (Entered: 07/17/2007) |
| 102. | | | 7/16/07 ORDER following hearing on Order to Show Cause re Contempt, granting 39 Motion for Contempt. Signed by Judge Larry Alan Burns on 7/13/07. Saadat-Nejad shall remain in custody until the next scheduled hearing in this matter, set for 7/25/07 at 12:15PM before Judge Larry A. Burns. (vrp)(bar ). (Entered: 07/16/2007) |
| 103. | | | 7/17/07 TRANSCRIPT of Motion/Miscellaneous Hearing held on 04/26/2007 before Judge Larry Alan Burns. Court Reporter: Frank J. Rangus. (mkz) (Entered: 07/18/2007) |
| 104. | | | 7/23/07 Amicus Curiae APPEARANCE entered by John David Blair-Loy on behalf of San Diego ACLU. (Attachments: # 1 Exhibit BRIEF OF AMICUS CURIAE ACLU OF SAN DIEGO & IMPERIAL COUNTIES)(Blair-Loy, John) (Entered: 07/23/2007) |
| 105. | | | 7/24/07 Minute Entry for proceedings held before Judge Larry Alan Burns: The American Civil Liberties Union of San Diego & Imperial Counties has applied to the Court for leave to file a brief in amicus curiae associated with civil contempt proceedings in this matter. The 46 Application is Granted, and the brief is accepted for filing and consideration at the 07/25/07 hearing. (jcj) |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
| | | | (Entered: 07/24/2007) |
| 106. | | | 7/24/07 DECLARATION of Edward J. McIntyre by Plaintiff Pacific Law Center. (McIntyre, Edward) (Entered: 07/24/2007) |
| 107. | | | 7/25/07 Abstract of Order. Defendant be released from custody. (jcj) (Entered: 07/27/2007) |
| 108. | | | 7/25/07 Minute Entry for proceedings held before Judge Larry Alan Burns : Status Conference held on 7/25/2007. Court orders the dft released from custody. Abstract to USM. Court to issue order.(Court Reporter EVA OEMICK). (Plaintiff Attorney Edward McIntyre) (Attorney: John David Blair-Loy). (Defendant Shahrokh Saadat-Nejad). (tlw) (Entered: 07/30/2007) |
| 109. | | | 7/27/07 ORDER following status hearing of 7/25/07, purging civil contempt, and setting case management conference. Case Management Conference set for 8/29/2007 01:30 PM in Courtroom H before Magistrate Judge Louisa S Porter. Signed by Judge Larry Alan Burns on 7/25/07. (vrp)(bar ). (Entered: 07/30/2007) |
| 110. | | | 8/29/07 Minute Entry for proceedings held before Judge Louisa S Porter: Case Management Conference held on 8/29/2007. Rule 16 dates issued. Order to follow. (Plaintiff Attorney Edward McIntyre).(Defendant Attorney Shahrokh Saadat-Nejad). (rfm) (Entered: 09/04/2007) |
| 111. | | | 9/4/07 Case Management ORDER regulating Discovery and other Pretrial proceedings: On 8/29/07, the Court held a Case Management Conference. All Discovery shall be completed on or before 1/4/08. All motions shall be filed on or before 2/4/08. Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before 6/2/08. The Final Pretrial Conference is set for 6/9/2008 10:45 AM in Courtroom 9 before Judge Larry Alan Burns. The Proposed final pretrial conference order is to be served and lodged with the Clerk's Office on or before 6/2/08. Signed by Judge Louisa S Porter on 9/4/07. (vrp) Modified on 9/5/2007 to correct hearing date (vrp) (bar). (Entered: 09/04/2007) |
| 112. | | | 10/2/07 MINUTE ORDER REASSIGNING CASE. Case reassigned to Judge Janis Sammartino for all further proceedings. Case No. 07CV0460- |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
| | | | JLS(POR). Judge Larry Alan Burns no longer assigned to case. Final Pretrial Conference set for 6/9/2008 10:45 AM in Courtroom 6 before Janis Sammartino. (nsp) (Entered: 10/02/2007) |
| 113. | | | 11/15/07 MOTION for Permanent Injunction by Pacific Law Center. (Attachments: # I Memo of Points and Authorities in Support of Permanent Injunction# 2 Declaration of Edward J. McIntyre in Support of Permanent Injunction) McIntyre, Edward) (Entered: 11/15/2007) |
| 114. | | | 3/6/08 ORDER Scheduling Settlement Conference: A Settlement Conference will be held on 3/17/2008 at 03:30 PM in Courtroom H before Magistrate Judge Louisa S Porter. Signed by Judge Louisa S Porter on 03/06/08. (mkz) (avl, ). (Entered: 03/06/2008) |
| 115. | | | 3/13/08 Discrepancy Order by Judge Janis L. Sammartino accepting document: Response and Opposition from Defendant Shahrokh Saadat-Nejad, non compliance with local rule 7.1: Missing Table of Contents and Other: No Proof of Service. Signed by Judge Janis L. Sammartino on 03/13/08. (mkz) (avl, ). (Entered: 03/14/2008) |
| 116. | | | 3/13/08 RESPONSE in Opposition re 55 MOTION for Permanent Injunction filed by Shahrokh Saadat-Nejad. NUNC PRO TUNC 3/13/08 (mkz) (Entered: 03/14/2008) |
| 117. | | | 3/17/08 MOTION to Substitute Attorney by Pacific Law Center. (Spears, Alan) Modified on 3/19/2008, atty contacted re proposed order (mkz). (mkz). (Entered: 03/17/2008) |
| 118. | | | 3/17/08 Minute Entry for proceedings held before Judge Louisa S Porter: Settlement Conference held on 3/17/2008.(Plaintiff Attorney Edward McIntyre). (Defendant Attorney Shahrokh Saadat-Nejad). (rfm) (Entered: 04/02/2008) |
| 119. | | | 3/21/08 REPLY to Response to Motion re 55 MOTION for Permanent Injunction filed by Solomon Ward Seidenwurm and Smith LLP. (McIntyre, Edward) (mkz). (mkz). (Entered: 03/21/2008) |
| 120. | | | 3/24/08 ORDER Denying Plaintiffs' 55 Motion for Permanent Injunction Without Prejudice; Requesting Plaintiffs to Show Cause as to Why this |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
|  |  |  | Court Should not Abstain and Stay these Proceedings due to Parallel State Court Proceedings; and Granting Plaintiffs' 59 Motion to Substitution of Attorney: Plaintiff shall file a response to this Order by 4/25/08. Added attorney Robert F Clarke for Pacific Law Center, Attorney Edward J McIntyre terminated as counsel for Pacific Law Center. The Court vacates the 3/28/08 hearing on Plaintiffs' motion for a permanent injunction. Signed by Judge Janis L. Sammartino on 03/24/08. (mkz) (avl, ). (Entered: 03/24/2008) |
| 121. |  |  | 4/8/08 Discrepancy Order by Judge Janis L. Sammartino accepting document: Writ of Mandamus from Defendant Shahrokh Saadat-Nejad, non-compliance with local rule Other: Supplemental Documents require Court Order. Signed by Judge Janis L. Sammartino on 04/08/08. (mkz) (Entered: 04/09/2008) |
| 122. |  |  | 4/8/08 MOTION for Writ of Mandamus by Shahrokh Saadat-Nejad. (Attachments: # 1 Part 2 of Motion) NUNC PRO TUNC 3/27/08(mkz) (Entered: Motion) 04/09/2008) |
| 123. |  |  | 4/9/08 ORDER Denying Defendant's 64 Motion for "Writ of Mandamus": Defendant requests that the Court: (1) order Plaintiffs to provide him a copy of his 8/3/06 retainer with Pacific Law Center, and (2) send the federal "court file" to Judge Richard Strauss who is presider over the parallel state court case against Defendant. The Court denies Defendant's first request as premature because he has failed to show that Plaintiffs have failed to comply with any particular discovery request under Rule 34 of the FRCP. The Court also denies Defendant's second request because there is no legal basis for it. Signed by Judge Janis L. Sammartino on 04/09/08. (mkz) (Entered: 04/09/2008) |
| 124. |  |  | 4/24/08 REPLY re 61 Order on Motion for Permanent Injunction, Order on Motion to Substitute Attorney,Order Why This Court Should Not Abstain and Stay These Proceedings filed by Solomon Ward Seidenwurm and Smith LLP. (Attachments: # 1 Exhibit Notice of Lodgment of Exhibits)(McIntyre, Edward) (mkz). (Entered: 04/24/2008) |
| 125. |  |  | 4/25/08 RESPONSE TO ORDER TO SHOW CAUSE by Pacific Law Center. (Clarke, Robert) |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|
| | | | (mkz). (Entered: 04/25/2008) |
| 126. | | | 4/25/08 NOTICE by Pacific Law Center re 67 Response to Order to Show Cause (Attachments: # 1 Exhibit Request for Dismissal, # 2 Exhibit Attachment 1, # 3 Exhibit Attachment 2, # 4 Exhibit Attachment 3, # 5 Exhibit Attachment 4, # 6 Exhibit Attachment 4, # 7 Exhibit Attachment 6 # 7 Exhibit 6, # 8 Exhibit Attachment 7, # 9 Exhibit Attachment 8, # 10 Memo of Points and Authorities Attachment 9, # 11 Exhibit Attachment 10, # 12 Exhibit Attachment 11, # 13 Exhibit Attachment 12, # 14 Exhibit Attachment 13, # 15 Exhibit Attachment 14, # 16 Exhibit Attachment 15, # 17 Exhibit Attachment 16, # 18 Exhibit Attachment 18, # 19 Exhibit Attachment 18, # 20 Exhibit Attachment 19, # 21 Exhibit Attachment 20, # 22 Exhibit Attachment 21, # 23 Exhibit Attachment 22, # 24 Exhibit Attachment 23, # 25 Exhibit Attachment 24, # 26 Exhibit Attachment 25, # 27 Exhibit Attachment 26, # 28 Exhibit Attachment 27, # 29 Exhibit Attachment 28, # 30 Exhibit Attachment 29, # 31 Exhibit Attachment 30, # 32 Exhibit Attachment 31, # 33 Exhibit Attachment 32, # 34 Exhibit Attachment 33, # 35 Exhibit Attachment 34, # 36 Exhibit Attachment 35, # 37 Exhibit Attachment 36, # 38 Exhibit Attachment 37, # 39 Exhibit Attachment 38, # 40 Exhibit Attachment 39, # 41 Exhibit Attachment 40, # 42 Exhibit Attachment 41, # 43 Exhibit Attachment 42, # 44 Exhibit Attachment 43, # 45 Exhibit Attachment 44, # 46 Exhibit Attachment 45, # 47 Exhibit Attachment 46, # 48 Exhibit Attachment 48, # 49 Exhibit Attachment 49, # 50 Exhibit Attachment 50, # 51 Exhibit Attachment 51, #52 Declaration of Tatiana Ganuza)(Clarke, Robert) (mkz). (Entered: 04/25/2008) |
| 127. | | | 4/25/08 DECLARATION re 68 Notice, 67 Response to Order to Show Cause Proof of Service by Plaintiff Pacific Law Center. (Clarke, Robert) (mkz). (Entered: 04/25/2008) |
| 128. | | | 5/5/08 Discrepancy Order by Judge Janis L. Sammartino accepting document: Reply from Defendant Shahrokh Saadat-Nejad, non-compliance with local rule Other: No Provision for reply. Signed by Judge Janis L. Sammartino on 05/05/08. (mkz) (Entered: 05/06/2008) |
| 129. | | | 5/5/08 REPLY re 67 Response to Order to Show Cause filed by Shahrokh Saadat Nejad. (mkz) |

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|--------|-------------|---------------|-------------|
|        |             |               | Modified on 5/6/2008 to indicate: NUNC PRO TUNC 4/30/08 (mkz). (Entered: 05/06/2008) |
| 130.   |             |               | 5/14/08 Minute Entry: On Court's own motion, Final Pretrial Conference reset from 6/9/08 to **6/12/2008 01:30 PM** before Judge Janis L. Sammartino (df/acr) (Entered: 05/14/2008) |
| 131.   |             |               | 5/19/08 NOTICE Solomon Ward's Pre-Trial Disclosures (Fed. R. Civ. P. 26(a)(3)] (McIntyre, Edward) (Entered: 05/19/2008) |
| 132.   |             |               | 5/19/08 NOTICE Pacific Law Center's Pre-Trial Disclosures pursuant to Fed. R. Civ. P. 26(a)(3) (Clarke, Robert) (Entered: 05/19/2008) |

## VIII

A list of witness to be called by plaintiffs and defendant.

**Solomon Ward:**

1. Paul S. Metsch, Esq.

2. William N. Kammer, Esq.

3. Adam R. Rosenthal, Esq.

4. Mathiew M. Vafi

5. Mr. Thomas Slattery, Esq.

6. Mr. Edward J. McIntyre, Esq.

7. Shahrokh Saadat-Nejad

**Pacific Law Center:**

1. Jeffrey Phillips, Esq.

2. Robert Arentz, Esq.

3. Matthew Spiegel, Esq.

4. Mary Frances Prevost, Esq.

**Shahrokh Saadat-Nejad:**

None.

## IX

The following issues of law, and no others, remain to be litigated upon the trial:

**The Anti-Cybersquatting and Consumer Protection Act Gives This Court the Power Permanently to Enjoin Saadat-Nejad's Misappropriation of Solomon Ward's Service Marks, Trade Names and Domain Names.**

Congress passed the 1999 Anti-Cybersquatting and Consumer Protection Act—15 U.S.C. § 1125(d)—to protect consumers and American business, to promote growth of online commerce, and to provide clarity for trademark owners by prohibiting bad faith and abuse of registration of distinctive marks as Internet domain names with the intent to profit from goodwill associated with those marks.[8]

**Cybersquatting Factors.**

Saadat-Nejad has no trademark or other intellectual property rights in Solomon Ward's domain names; indeed, the Solomon Ward domain name also consists of the legal names of two Solomon Ward founding partners, Herbert J. Solomon and William O. Ward.

Saadat-Nejad has no prior use of either domain name in connection with any *bona fide* offering of goods or services. Nor does Saadat-Nejad have a *bona fide* non-commercial or fair use of any mark in a site accessible under the domain name. Saadat-Nejad has made clear his intent to divert clients from Solomon Ward's on-line locations to sites accessible under the domain names that he has registered with the intent to tarnish or disparage Solomon Ward.

He has created a likelihood of confusion about the source, sponsorship, affiliation or endorsement of his sites. Saadat-Nejad has demanded half a million dollars—through a lawyer purportedly representing him—to stop using the pacificlawcenters.com domain name and other Pacific Law Center domain names.

The Solomon Ward marks are distinctive and famous in that they are widely

---

[8]   *Mattel, Inc. v. Internet Dimensions, Inc.*, 55 USPQ2d 1620 (S.D. NY 2000). *Sporty's Farm, LLC v. Sportman's Market, Inc.*, 202 F.3d 489, 493 (2d Cir. 2000) (cybersquatting defined as "prevent[ing] use of the domain name by the mark owners, who might infrequently have been willing to pay 'ransom' in order to get 'their names' back.").

1   recognized by the general consuming public in San Diego, in California and across the

2   United States as a designation of the services of Solomon Ward. Saadat-Nejad's registration

3   of multiple domain names which he knows are identical or confusingly similar to the marks

4   of Solomon Ward—marks that are distinctive and famous.

5       Solomon Ward has established **eight** of the nine factors that 15 U.S.C. § 1125(d)

6   (1)(B) and 15 U.S.C. § 1125(c)(1) suggests a court might consider in determining whether

7   there is actionable cybersquatting. Indeed, the only factor that Solomon Ward has not

8   addressed is whether Saadat-Nejad provided material and misleading false contact

9   information when he applied for the registration of the domain names. He has, however, a

10  pattern of prior conduct, first in his attack on Pacific Law Center and, subsequently, his

11  attack on Solomon Ward.

12  **No Commercial Use Requirement.**

13      Solomon Ward does not have has to show any commercial interference with its law

14  practices to prevail under the Anti-Cybersquatting Act. The Ninth Circuit has held that the

15  Anti-Cybersquatting Act does not contain a commercial use requirement. [9]

16      The Christensen law firm sued Chameleon because, Chameleon had shifted the

17  registration of the Christenson law firm's domain names to itself to gain leverage in a

18  payment dispute. The district court held:

19          An individual may be held liable under the ACPA for cybersquatting if the
            person (1) registers, traffics in, or uses a domain name identical or confusingly
20          similar to a distinctive mark, and (2) has a bad faith intent to profit from use of
            the mark as a domain name. [10]
21

22      The court noted that many of the decisions under ACPA refer to "an extortionate offer

23  to sell" as the hallmark of a bad faith intent to profit and found that Chameleon's

24  "extortionate offer" to transfer the domain names back to resolve the fee dispute created a

25

26  [9]   *Bosley Medical Institute, Inc. v. Kremer,* 403 F.3d 672, 608-81 (9th Cir. 2005); *The Christensen Firm v.
          Chameleon Data Corp.,* 2006 US. Dist. LEXIS 79710 (W.D. Wash. 2006). See also *Daimler Chrysler v.
27        The Net Inc.,* 388 F.3d 201 (6th Cir. 2004); *Ford Motor Company v. Catalanatte,* 342 F.3d 543 (6th Cir.
          2003).
28  [10]  *The Christensen Firm, supra,* 2006 U.S. Dist. LEXIS *8.

fact issue concerning its bad faith intent to profit. That intent may be shown by an offer to transfer a domain name to obtain a benefit in commercial dispute negotiation.

The district court also found, as a matter of law, that the transfer of the domain names constituted "registration" of those domain names under the ACPA.

Bosley Medical provided surgical hair transplants and owns, among others, the registered trademark Bosley Medical. Kramer, a dissatisfied former patient, purchased the domain name bosleymedical.com. Then, five days later, Kramer delivered a two page letter that read:

> Let me know if you want to discuss this. Once it is spread over the internet it will have a snowball effect and be too late to stop. M. Kramer [phone number]. P.S. I always follow through on my promises.

Reversing the district court's grant of summary judgment in Kramer's favor the Ninth Circuit held that 15 U.S.C. § 1125(d) does not require plaintiff to show that the defendant has engaged in **any** commercial use. Rather, all that the trademark owner asserting an anti-cybersquatting claim must establish is (1) a valid trademark entitled to protection; (2) that its mark is distinct and famous; (3) the defendant's domain name is identical or confusingly similar to, or in the case of famous marks, dilutive of, the owner's mark; and (4) the defendant used, registered or trafficked in the domain name; (5) with a bad faith intent to profit.[11]

### This Court's Prior Findings.

As this Court has already twice found, Solomon Ward has made a very strong showing of each elements. It has also demonstrated irreparable harm. Accordingly, it is entitled to permanent injunctive relief.

### Ninth Circuit Standard For Injunctive Relief.

This Court may grant the injunctive relief sought because Solomon Ward has met the requirements the Supreme Court has identified for granting permanent injunctive relief.

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant

---

[11]  *Bosley Medical Institute, supra*, 403 F.3d at 681.

such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.[12]

The standards for permanent injunction and preliminary injunction are essentially the same with the exception that in order for a permanent injunction to issue, plaintiff must ultimately show actual success on the merits, instead of probably success on the merits.[13]

Saadat-Nejad has no right to misappropriate domain names already registered to Solomon Ward or to misappropriate domain names so confusingly similar to the names it uses.

**The Anti-Cybersquatting Act Provides For Permanent Injunctive Relief.**

Injunctive relief is the remedy of choice for cybersquatting as well as trademark and unfair competition violation precisely because there is no adequate remedy at law for the injury caused by a defendant's continuing infringement.[14] Other district courts within the Ninth Circuit have entered similar permanent injunctions.[15]

At the July 12, 2007 contempt hearing, the Court found, *inter alia* that its preliminary injunction was clear on its face and that Pacific Law Center and Solomon Ward had produced **clear and convincing evidence** that Saadat-Nejad had persisted in registering/trafficking internet website names and terms since the entry of the preliminary

---

[12] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). *See also American-Arab Anti-Discrimination Committee v. Reno*, 70 F.3d 1045, 1066-67 (9th Cir. 1995) ("The requirements for the issuance of a permanent injunction are the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law.") *See Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999).

[13] *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) (emphasis added); *see also Walsh v. City and County of Honolulu*, 460 F. Supp. 2d 1207. 1211 (D. Hawaii 2006).

[14] *Bellagio v. Denhammer, et al.*, 2001 U.S. LEXIS 24764, *15 (D. Nev. 2001).

[15] *See, for example, E.&J. Gallo Winery v. Spider Webs, Ltd., et al.*, 286 F.3d 270 (5th Cir. 2002); *Flow Control Industries, Inc. v. Amhi, Inc.*, 278 F.Supp.2d 1193 (W.D. Wash. 2003); *Seattle Laptop Incorporated v. A-1 Best Computer, Inc.*, 2006 U.S. Dist. LEXIS 13013 (W.D. Wash. 2006); *Qwest Communications International v. Sonny Corporation*, 2006 U.S. Dist. LEXIS 87007 (W.D. Wash. 2006); *see also Daimler Chrysler v. The Net Inc., et al.* 388 F.3d 2001 (6th Cir. 2004); *Phillip Morris USA, Inc. v. Marlborough Express, Tobacco Traders and Trust, et al.*, 2005 U.S. Dist. LEXIS 4359 (E.D. NY 2005).

1    injunction that violate that preliminary injunction.

2          Accordingly, the Court found Saadat-Nejad in contempt and had him jailed for civil

3    contempt as a coercive measure to force him to abandon his continuing and future plan and

4    violations of the preliminary injunction.  The Court ordered Saadat-Nejad taken into custody

5    until the July 25 hearing.

6          At the July 25 hearing, again after extended colloquy, Saadat-Nejad said that he

7    would obey the Court's preliminary injunction order.  Accordingly, the Court released him

8    from custody and ordered him to obey that injunction.  All Court's prior findings, including

9    the need for incarceration for civil contempt, underscore the need for a permanent

10   injunction in this case.  Pacific Law Center and Solomon Ward have established its

11   entitlement to such injunctive relief.

12   **Saadat-Nejad's Conduct Violates Other Lanham Act Provisions.**

13            **Trade Name Infringement.**

14         Saadat-Nejad's use of the internet domain name and site "solomonwardlawfirm.com"

15   Saadat-Nejad's use of the internet domain name and site "solomonwardlawfirm.com"

16   constitutes an unlawful, willful, fraudulent and malicious interference with Solomon Ward's

17   service marks and trade names.

18         Saadat-Nejad's wrongful use of the confusingly similar internet domain name and

19   internet site "solomonwardlawfirm.com" has already caused, and will continue to cause,

20   Solomon Ward irreparable injury by misleading, confusing and misdirecting their clients,

21   potential clients and the general public, intercepting potential "hits" on Solomon Ward's

22   internet sites and luring them to Saadat-Nejad's internet sites at "solomonwardlawfirm.com"

23   and "us hostage.com."

24            **Trade Name Infringement/Dilution.**

25         Saadat-Nejad's registration of the internet domain name and operation of the internet

26   site "solomonwardlawfirm.com" for his own purposes also constitutes a statutory

27   infringement and dilution of  Pacific Law Center and Solomon Ward's service marks and

28   trade names and acts of unfair competition.

1        Solomon Ward's service marks are distinct and famous marks. The Solomon Ward

2 marks are inherently strong and distinctive, have long been used in connection with services

3 with which they appear, have long been the subject of substantial advertising and

4 promotion, have been used and advertised throughout the United States, are widely

5 recognized by consumers and those in the legal profession. Saadat-Nejad committed these

6 acts **after** Solomon Ward's service marks became famous.

7        Saadat-Nejad's acts have lessened the capacity of Solomon Ward's famous marks to

8 identify and distinguish Solomon Ward's services. Saadat-Nejad's acts have blurred the

9 unique association which had existed between Solomon Ward's service marks and the

10 services it offers, under those service marks.

11      **Trademark Infringement.**

12        Saadat-Nejad's use of Solomon Ward's names and marks is without its permission or

13 authority and had caused confusion among members of the public. Saadat-Nejad committed

14 these acts of service mark infringement with full knowledge and disregard for Solomon

15 Ward's rights and with the intent to cause confusion and to deceive.

16 **False Designation of Origin.**

17        Saadat-Nejad's acts also violate 15 U.S.C. §1125(a) in that he has used a false

18 designation of origin, a false or misleading description and representation of fact which is

19 likely to cause confusion, and to cause mistake, and to deceive with respect to the affiliation,

20 connection or association of Saadat-Nejad with Solomon Ward and with respect to the

21 origin, sponsorship, association, and approval of Saadat-Nejad's conduct by Solomon Ward.

22        Solomon Ward's service marks are distinct and famous marks. Solomon Ward's

23 marks are inherently strong and distinctive, have long been used in connection with services

24 with which it appear, have long been the subject of substantial advertising and promotion,

25 have been used and advertised throughout the United States and are widely recognized by

26 consumers and those in the legal profession. Saadat-Nejad committed his misappropriation

27 **after** Solomon Ward's service marks became famous.

28        Saadat-Nejad has made use of marks that Solomon Ward owns in connection with

1  services in interstate commerce.

2      Saadat-Nejad's conduct violates the Lanham Act §43(c) in that he has caused dilution

3  of quality of Solomon Ward's service marks to Solomon Ward's irreparable injury and

4  damage.

5      Saadat-Nejad's acts have lessened the capacity of Solomon Ward's famous marks to

6  identify and distinguish Solomon Ward's services.  Saadat-Nejad's acts have blurred the

7  unique association that had existed between Solomon Ward's service marks and the services

8  it offers, markets and distributes under those service marks.

9      Saadat-Nejad's acts also violate 15 U.S.C. §1125(a) in that Saadat-Nejad has used a

10  false designation of origin, a false or misleading description and representation of fact which

11  has caused confusion and is likely to cause confusion, mistake, and to deceive with respect

12  to the affiliation, connection or association of Saadat-Nejad with Solomon Ward and with

13  respect to the origin, sponsorship, association, and approval of Saadat-Nejad's conduct by

14  Solomon Ward.

15      The Lanham Act provides for injunctive relief to prevent future violation of Solomon

16  Ward's service mark and trade name rights in addition to Saadat-Nejad's violations of the

17  Anti-Cybersquatting Act.

18  **Saadat-Nejad's Conduct Also Violates California Law.**

19      **California Unfair Trade Practice Act.**

20      Saadat-Nejad's use of the internet domain name and site "solomonwardlawfirm.com"

21  constitutes an unfair trade practice, that also entitles Solomon Ward to injunctive relief

22  under the provisions of California Business & Professions Code §§ 17200, *et seq*.

23      **Unauthorized Use of Name.**

24      Saadat-Nejad's conduct also constitutes the unauthorized use of Herbert Solomon

25  and William Ward's names under the laws of the California Civil Code §3344.

26      Injunctive relief is not only the remedy of choice for violations of the Lanham Act but

27  also for violations of California Unfair Trade Practices Act and Civil Code § 3344.

28

**Relief Sought.**

Solomon Ward stands squarely among those whom Congress intended to protect by the Anti-Cybersquatting and Consumer Protection Act. Saadat-Nejad has no right to misappropriate its service marks, its trade names and its domain names, and then make extortionate demands just to leave it alone. Solomon Ward is entitled to a permanent injunction in the same form as this Court's preliminary injunction.

X

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

XI

Because the relief sought is equitable, this case shall be tried by the court without a jury.

XII

The trial of this case shall not be bifurcated.

///
///
///
///
///
///
///
///
///
///
///
///

**XIII**

Time estimated for trial is three days.

Dated: June ____, 2008

_____
JANICE L. SAMMARTINO
United States District Judge

APPROVED AS TO FORM AND CONTENT:

DATED: June 6, 2008                    PHILLIPS & ASSOCIATES

                                       By:  _/s/ Robert F. Clarke_____
                                            ROBERT F. CLARKE
                                            Attorneys for Pacific Law Center, a Professional
                                            Law Corporation

DATED: June 6, 2008                    SOLOMON WARD SEIDENWURM & SMITH, LLP

                                       By:  _/s/ Edward J. McIntyre_____
                                            EDWARD J. MCINTYRE
                                            Attorneys for Solomon Ward Seidenwurm &
                                            Smith, LLP

Dated: June ____, 2008

                                       _____
                                       Shahrokh Saadat-Nejad
                                       _In Propria Persona_

## CERTIFICATE OF SERVICE

I caused the **PRETRIAL ORDER** to be served in the following manner:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

**Electronic Mail Notice List**

Robert F. Clarke, Esq. (SBN 79881)
Phillips & Associates
3030 N. Third Street, Suite 1100
Phoenix, AZ 85012
Telephone: (602) 258-8900
Facsimile: (602) 288-1671
Attorneys for Pacific Law Center

The following party who is not on the list to receive e-mail notices for this case. He therefore requires manual noticing, via Federal Express:

Shahrokh Saadat-Nejad
3713 Mt. Ashmun Place
San Diego, CA 92111
**VIA FEDERAL EXPRESS**

*/s/ Edward J. McIntyre*
EDWARD J. MCINTYRE

*EXHIBIT 1*
*PAGE 35*

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of MAR 23, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| PACIFIC LAW CENTER, P.C. | | |
| **Number:** C2486283 | **Date Filed:** 1/14/2003 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 3030 N 3RD ST STE 1100 | | |
| PHOENIX, AZ 85012 | | |
| **Agent for Service of Process** | | |
| JEFFREY PHILLIPS | | |
| 4025 BAYARD | | |
| SAN DIEGO, CA 92109 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

*EXHIBIT 2*
*PAGE 1*

11/08/07  SSCPL38            STATUS INQUIRY            PAGE 1          09:51:32.5
                                                                      CPOISTA3

NAME   PACIFIC LAW CENTER, P.C.


CORP NO C2486283      INC. DATE 01/14/2003  STATUS ACTIVE
DOMESTIC STOCK                  CLASS
                 NO OF PAGES 02        ST/CTRY

STMNT/OFFICERS    LAST COMPLETE C  DATE 03/24/03   NO 0092919
                        COMPL/NC N  DATE 02/05/07   NO 0071877
                        AMENDMENT A  DATE 07/23/07   NO 0350148


PRINCIPAL EXECUTIVE ADDR 3030 N 3RD ST #1100

            CITY/ST/CNTRY PHOENIX            ARIZONA
                                             ZIP  85012
CALIFORNIA ADDRESS      4225 EXECUTIVE SQUARE #1550

              CITY LA JOLLA            CA   92037

MAILING ADDRESS
                3030 N 3RD ST #1100

            CITY/ST/CNTRY PHOENIX            ARIZONA
                                             ZIP  85012
CEO    NAME JEFFREY L PHILLIPS
            ADDRESS 3030 N 3RD ST #1100

            CITY/ST/CNTRY PHOENIX            ARIZONA
                                             ZIP  85012

AGENT   NAME ALAN SPEARS
            ADDRESS 4225 EXECUTIVE SQUARE #1550

            CITY LA JOLLA            CA   92037

TYPE OF BUSINESS LAW FIRM/LEGAL SERVICES
ENTR=CONTINUE      PF2=HISTORY      PF3=BACK TO WORKSCREEN      PF10=MAIN MENU


EXHIBIT 2
PAGE 2

# PROOF OF SERVICE

I SHAHROKH SAADAT-NEJAD HAVE SERVED A COPY OF THIS DOCUMENT TO PLAITIFFS PACIFIC LAW CENTER, AND SOLOMON WARD SEIDENWURM & SMITH BY EMAIL.

DATE: 8-15-08

_Shahrokh S.N._
SHAHROKH SAADAT-NEJAD